IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIMS INSTITUTE, PLLC, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action H-22-02396 |
| | § | |
| MERRICK GARLAND, et al. | § | |
| | § | |
| Defendants. | § | |

**PRELIMINARY STATEMENT OF THE CASE AND RULE 26 DISCLOSURE**

1. **Preliminary Statement**

This dispute involves Defendants' unlawful pattern/practice/policy of disregarding mandatory statutory deadlines to respond to Freedom of Information Act (FOIA) requests.

Plaintiffs filed a dozen FOIA requests with DEA in Spring 2022. They seek records related to legal/journalistic matters Plaintiffs are working on. FOIA requires agency responses within 20 business days. The government need not produce the records within that time frame. But the agency must evaluate a request and determine whether and when it will or will not produce records.

These normal deadlines are subject to an "unusual circumstances" exception. If a request requires an agency to "search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request," it may extend the timeline "only to the extent reasonably necessary to the proper processing of the particular requests." 5 U.S.C. § 552(a)(6)(B)(iii)(I).

Defendants abuse this "unusual circumstances" exception as a matter of course. They mark *every* request as raising unusual circumstances ***so long as the records cannot be found in the FOIA processing office***. According to Defendants, anything found outside the FOIA processing office is in "an establishment" that is "separate from the office processing the request." 5 U.S.C.

§ 552(a)(6)(B)(iii)(I). This describes nearly all FOIA requests Defendants receive. This deliberate and untenable reading of the statute—bureaucratic nonsense—deprives Plaintiffs and the public of timely access to agency records, even those needed for matters pending before the agency.

The pending motion to dismiss should be denied. Plaintiffs not only state a plausible claim, they have shown a *probable* right to relief. Although Plaintiffs' FOIA requests vary in both subject matter and complexity, Defendants' unlawful pattern/practice dictates reflexive, uniform responses. When one Plaintiff asked an agency employee, the employee acknowledged the unlawful policy. This is not surprising. In the absence of an unlawful pattern/practice/policy, these consistent results would be as statistically likely as one breaking Maris's homerun record by over a dozen without using performance enhancing drugs. Impossible.

Every request filed by Plaintiffs (and those filed by their counsel) raised "unusual circumstances." Time-limited request for e-mails with obscure search terms? Unusual circumstances. A request for a poster and presentation, which the agency recently gave and which identified who had the documents? Unusual circumstances. A request filed at the close of business one day at 4:21 PM? Marked as unusual circumstances at 8:41 AM the next morning in a form e-mail. The practice is automatic. And it renders the statutory deadlines meaningless.

The Government says that Plaintiffs do not allege enough to establish a pattern/practice/policy. But the Government offers neither evidence nor alternative explanation to call Plaintiffs' allegations into question. Of course, even if it did or could, that would not justify dismissal. On a 12(b)(6) motion, the Court deems factual allegations true. All reasonable inferences are drawn in Plaintiffs' favor. The question is whether Plaintiffs state a plausible claim. The detailed and explicit allegations in the Amended Complaint backed by documents more than

suffice. The Government says otherwise only by confusing pleading standards with summary judgment standards. Tellingly, it never even cites or discusses pleading standards.

While the pending motion to dismiss is meritless for these reasons and others Plaintiffs will cover in their response, it is nonetheless useful in one respect: it suggests for the Court the proper and efficient resolution of the dispute. The case should not be dismissed. But protracted discovery or trial are unnecessary. The case mostly turns on a legal question—whether Defendants' interpretation of FOIA is contrary to law. The case should thus proceed to limited, focused, and expedited discovery consisting of a handful of targeted document requests and a 30(b)(6) deposition on issues related to the existence/nature of Defendants' pattern/practice/policy. Then, summary judgment practice. The case can be ripe for decision by on the papers by winter 2023.

2. **Persons Who May Have Relevant Knowledge**
   - Kathryn Tucker, Plaintiff
   - Matthew C. Zorn, Plaintiff
   - DEA personnel involved in processing FOIA requests and aware of the agency's pattern/practice/policy, such as Rickey Polk, Jenrette Nowaczynski, Patricia West, and Kelleigh Miller (Chief)
   - DOJ personnel likely at Office of Information Policy involved in formulating/implementing/applying the unlawful pattern/practice/policy

3. **Evidence**
   - Plaintiffs' FOIA requests
   - FOIA requests DEA has received from others
   - Statistics involving DEA's processing of FOIA requests
   - DEA's responses to FOIA requests
   - Documents relating to the unlawful pattern/practice/policy at issue

There are no damages or insurance agreements at issue in the case.

-4-

Dated: October 16, 2022  Respectfully submitted,

*/s/ Shane Pennington*
Shane Pennington
VICENTE SEDERBERG LLP
1115 Broadway, 12th Floor
New York, NY 10010
T: (917) 338-5455
F: (303) 860-4505
s.pennington@vicentesederberg.com

Kathryn Tucker
NATIONAL PSYCHEDELIC ASSOCIATION
453 Manor Place, N.W., Suite w
Washington, D.C. 20010
T: (206) 595-0097
kathryn@yournpa.org

Matthew C. Zorn
YETTER COLEMAN LLP
mzorn@yettercoleman.com
811 Main Street, Suite 4100
Houston, TX 77002
T: (713) 632-8000
F: (713) 632-8002

ATTORNEYS FOR PLAINTIFFS

-5-

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                     */s/ Shane Pennington*
                                                     Shane Pennington