IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIMS INSTITUTE, PLLC et al. | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action H-22-02396 |
| MERRICK GARLAND, et al. | § § § | |
| Defendants. | | |

**JOINT STATUS REPORT**

In accordance with the Court's October 18, 2022, Order to Report, the Parties state as follows:

1. Plaintiffs' proposed topics for deposition of the Government's Rule 30(b)(6) representative(s) are attached in the draft notice of deposition as **Exhibit A.** The Government's objections are included in **Exhibit A**.

2. The parties agree to a deposition the week of December 12, 2022.

3. The parties request deadlines for cross-motions for summary judgment on January 27th, 2022, and responses due on February 27th, 2022. The parties do not intend to file replies.

4. The Court will decide if oral argument/presentation of evidence is necessary.

5. Any party seeking discovery beyond the December deposition and requested documents contained in **Exhibit A** or amendment of pleadings will seek leave of Court with good cause for the requested discovery or amendment.

**The Parties Joint Statement.** The parties generally agree on the course of discovery and deadlines. The parties do disagree on whether certain topics are appropriate for the deposition and whether Defendants should produce documents.

**Plaintiffs' Statement.** Regarding deposition topics, Plaintiffs narrowly tailored topics germane to the issues before the Court. Defendants seek to limit the deposition to only DEA's policy or practices. DEA is a component agency of DOJ. Available evidence suggests DEA's

policies and practices emanate in whole or part from unlawful policies and practices of the DOJ, the parent department of DEA. DOJ is a defendant in this case. Thus, DOJ should be required to put up a 30(b)(6) representative to answer.

Regarding documents, Defendants resist producing documents in response to six narrowly tailored requests to be served with the notice of deposition. None of these requests is unduly burdensome. They include written policies for processing FOIA requests and staff manuals. To the extent Defendants have instructions provided to staff or written policies, those documents should be produced to aid Plaintiffs in taking the deposition and the Court in reaching its decision. Plaintiffs also request a floor plan to use at the deposition to explore the scope of the "unusual circumstances" and request information directly related to the processing of Plaintiffs' request and the agency expenditures on ensuring FOIA compliance.

**Statement by Defendants.** The Court authorized a 30(b)(6) deposition. The parties agree on most of the proposed questions and topics. To the extent there is disagreement, Defendants' objections in Exhibit A speak for themselves. The Court did not authorize other written discovery. Defendants oppose discovery beyond the 30(b)(6) deposition.

-3-

Dated: October 31, 2022 Respectfully submitted,

/s/ Shane Pennington
Shane Pennington
VICENTE SEDERBERG LLP
1115 Broadway, 12th Floor
New York, NY 10010
T: (917) 338-5455
F: (303) 860-4505
s.pennington@vicentesederberg.com

Kathryn Tucker
EMERGE LAW GROUP
621 SW Morrison Street, Suite 900
Portland, OR 97205
T: (503) 227-4525
F: (503) 200-1124

Matthew C. Zorn
YETTER COLEMAN LLP
mzorn@yettercoleman.com
811 Main Street, Suite 4100
Houston, TX 77002
T: (713) 632-8000
F: (713) 632-8002

ATTORNEYS FOR PLAINTIFFS

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

s/Jimmy A. Rodriguez (with permission)
Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303

-4-

jimmy.rodriguez2@usdoj.gov

Attorneys for Defendants

### Certificate of Service

I certify that on October 31, 2022, a copy of this document was served on all counsel of record.

/s/ Shane Pennington
Shane Pennington