IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIMS INSTITUTE, PLLC et al. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action H-22-02396 |
| MERRICK GARLAND, et al. | § § § | |
| Defendants. | | |

**PLAINTIFFS' FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) NOTICE OF DEPOSITION OF U.S. DEPARTMENT OF JUSTICE AND U.S. DRUG ENFORCEMENT ADMINISTRATION**

TO:   Jimmy A. Rodriguez, Deputy Chief, Civil Division; United States Attorney's Office, Southern District of Texas; 1000 Louisiana, Suite 2300; Houston, Texas 77002
.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30 (b)(6), Plaintiffs will take the oral and video-taped deposition of Defendants, the United States Department of Justice and the United States Drug Enforcement Administration. The deposition will commence on [MONTH] [DAY], 2022 beginning at 9:00 a.m. EST or at such other time and place as may be agreed to among counsel. The deposition shall continue from day to day until completed.

The deposition will be recorded by stenographic means and on videotape.

Plaintiff will depose Defendants' representative(s) regarding the topics listed in **Exhibit A**. Plaintiffs seek production of documents listed in **Exhibit A** one week before the deposition.

Dated: October 31, 2022                                                  Respectfully submitted,

/s/ Shane Pennington
Shane Pennington
VICENTE SEDERBERG LLP
1115 Broadway, 12th Floor
New York, NY 10010
T: (917) 338-5455
F: (303) 860-4505
s.pennington@vicentesederberg.com

Kathryn Tucker
EMERGE LAW GROUP
621 SW Morrison Street, Suite 900
Portland, OR 97205
T: (503) 227-4525
F: (503) 200-1124

Matthew C. Zorn
YETTER COLEMAN LLP
mzorn@yettercoleman.com
811 Main Street, Suite 4100
Houston, TX 77002
T: (713) 632-8000
F: (713) 632-8002

ATTORNEYS FOR PLAINTIFFS

**Certificate of Service**

    I certify that on October 31, 2022, a copy of this document was served on all counsel of record.

/s/ Shane Pennington
Shane Pennington

# EXHIBIT A

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs request that Defendants designate and make available for deposition one or more officers, directors, managing agents, or other persons who consent to testify on behalf of Defendants United States Department of Justice and United States Drug Enforcement Administration. about information known or reasonably available to Defendants concerning the topics listed below.

Defendants shall provide to counsel for Plaintiffs, at least one week before the start of the deposition, the identity of the individual designated to testify on behalf of Defendants. Defendants shall produce to counsel for Plaintiff, at least one week before the start of the deposition, the documents requested.

## Definitions and Instructions

1. The term "this lawsuit" means the following case: *AIMS v Garland*, 4:22-cv-02396, in the Southern District of Texas, Houston Division.

2. "Plaintiffs" means the Plaintiffs in this lawsuit.

3. "Defendants" and "You" mean Defendants United States Department of Justice and United States Drug Enforcement Administration.

4. The term "document" is defined as at least equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged.

5. The term "including" is defined as "including, without limitation."

6. The term "each" is defined as including "every"; the term "every" is defined as including "each".

7. A verb in any tense shall be construed as that verb in all other tenses necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of its scope.

8. If You fail to disclose any information requested in any topic, in whole or in part, on the basis of any privilege, then with respect to said refusal and failure, You are requested to specify the particular privilege or privileges upon which You rely and You are further requested to identify the source of the requested information and all the recipients of such information without disclosing the contents thereof.

9. These topics must be answered with reference to all information in Your possession, custody or control and in the possession, custody or control of Your attorneys, agents or investigators, as well as with reference to all information which You and Your agents may obtain by the exercise of due diligence.

**List of 30(b)(6) Topics for DOJ and DEA**

A. *DEA's FOIA Office*

1. The structure and operation of the DEA FOIA office.

2. A description of DEA's FOIA processing office, including its location, its general contents, and the employees working in the FOIA processing office.

Defendants' Objections:

No Objection

B. *The Unusual Circumstances Exception*

3. Defendants' interpretation and implementation of the "unusual circumstances" exception.

    a. When does the "unusual circumstances" exception apply.

    b. Whether other parts of DEA in the same building is considered an establishment separate from the office processing the request.

    c. The percentage or proportion of FOIA requests were marked by DEA as raising "unusual circumstances" in 2020, 2021, and 2022.

    d. Under what circumstances will a request not raise "unusual circumstances."

    e. Whether and under what circumstances does a FOIA request that calls for searching/collecting electronic records constitute "unusual circumstances" in general?

Defendants' Objections:

Defendants Object to section B. as overbroad and irrelevant to the extent that Plaintiffs seek testimony that goes beyond the DEA's implementation of "unusual circumstances". Plaintiffs filed FOIA requests with the DEA. Plaintiffs complain about the manner in which the DEA processes FOIA requests. Any attempt to seek testimony about other DOJ components or from the Office of the U.S. Attorney General is therefore overbroad and not relevant to the issues before the Court.

With respect to this section's application to the DEA, Defendants have no objection to subparts a., b., d. and e. above. Defendants object to subpart c. because it goes beyond the FOIA requests in dispute in this case. This request also impermissibly requires the DEA to compile statistical information for the purposes of a response and for the designated witness to be knowledgeable about how DEA processed all FOIA requests in 2020, 2021, and 2022. *See, e.g., U.S. ex rel Fago v. M&T Mortgage Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006) (holding that"[w]ithout a photographic memory" 30(b)(6) deponent could not be expected to testify about the noticed deposition topic); *Ellison v. Patterson-UTI Drilling Co.*, LLC, CIV.A. V-08-67, 2009 WL 3247193, at *8 (S.D. Tex.

Sept. 23, 2009) (holding that "Defendant is not required to create information that it does not have").

Plaintiffs Response:

Subpart c asks DEA to access FOIA logs it keeps in the ordinary course of business and determine what percentage of those requests involved "unusual circumstances." This is a simple counting exercise and basic arithmetic. Nothing in the topic requires a photographic memory or compiling statistical information. Parties routinely obtain this type of summary information about financials in litigation. This information could also be furnished by the agency in a response to a simple, written interrogatory. Defendants have not shown that they do not have or could not easily compile this information.

Plaintiffs further object to Defendants' attempt to limit testimony to DEA's interpretation/implementation of the "unusual circumstances" exception as if DOJ were not a party to the case. Both DEA and DOJ should respond to topics directed to the FOIA interpretations, policies, and practices at issue in this case. Indeed, Plaintiffs believe DEA's unlawful FOIA policies and practices derive from DOJ's unlawful guidance and misinterpretation of the statute. For example, the DOJ OIP website misinterprets the statutory exception.[1]

DOJ is a properly named defendant. Plaintiffs seek injunctive relief against DOJ. Further, Defendants contend that the "Department of Justice (DOJ) is the only proper defendant in this FOIA litigation." Dkt. 8 at 2 n.1. That being Defendants' contention, Defendants should not be able to insulate the agency it contends is the "only proper defendant" from answering questions about DOJ's policies and practices directly relevant to the issues in this case.

C. **Defendants' Processes, Policies, and Practices**

4. What policies/interpretations have Defendants adopted for processing FOIA requests.

5. Where are these policies/interpretations located or kept.

6. How do Defendants determine whether a FOIA request is simple, complex, or expedited.

7. How does DEA calculate fees to review records both generally and as to Plaintiffs' specific requests.

8. How does DEA prioritize records requests.

9. The process DEA undertakes to search and collect records in response to FOIA requests, both in general and with respect to Plaintiffs' specific requests.

---

[1] *See* https://www.justice.gov/oip/oip-guidance/new_requirements_for_FOIA_response_letters_from_FOIA_improvement_act_of_2016#:~:text=Those%20%E2%80%9Cunusual%20circumstances%E2%80%9D%20are%20set,more%20components%20of%20an%20agency.

10. In general, how does DEA process FOIA requests seeking electronic records, including emails?

Defendants' Objections:

Defendants Object to section C. as overbroad and irrelevant to the extent that Plaintiffs seek testimony that goes beyond the DEA's implementation of FOIA. Plaintiffs filed FOIA requests with the DEA. Plaintiffs complain about the manner in which the DEA processes FOIA requests. Any attempt to seek testimony about other DOJ components or from the Office of the U.S. Attorney General is therefore overbroad and not relevant to the issues before the Court.

With respect to this section's application to the DEA, Defendants have no objection to questions 4., 5., 6., 7., 8., 9., and 10.

Plaintiffs' Response:

Plaintiffs object to Defendants' attempt to limit the scope of deposition topics 4, 5, and 6 to *DEA*'s interpretations, policies, and practices as if DOJ were not a party to the case. Both DEA and DOJ should respond to topics directed to the FOIA interpretations, policies, and practices at issue in this case. As discussed above, Plaintiffs believe DEA's unlawful FOIA policies and practices derive from DOJ's unlawful guidance and misinterpretation of the statute.

DOJ is a properly named defendant. Plaintiffs seek injunctive relief against DOJ. Further, Defendants contend that the "Department of Justice (DOJ) is the only proper defendant in this FOIA litigation." Dkt. 8 at 2 n.1. That being Defendants' contention, Defendants should not be able to insulate the agency it contends is the "only proper defendant" from answering questions about DOJ's policies and practices directly relevant to the issues in this case.

### D. *Plaintiffs' FOIA Requests*

11. The process DEA undertakes to search and collect records in response to FOIA requests as well as Plaintiffs' specific requests, including the calculation of search/review fees.

Defendants' Objections:

Defendants object to the portion of question 11. concerning "search and collection" because it covered in No. 9 above and it is not relevant to the claims at issue in this case. There is no allegation that the DEA has performed an inadequate search of records in response to Plaintiffs' FOIA requests. Defendants have no objection to the portion of the question concerning the calculation of fees, which is at issue in this case.

Plaintiffs Response:

Plaintiffs allege that the statutory exception permits agencies to invoke unusual circumstances "only to the extent reasonably necessary to the proper processing of the particular requests." Whether invocation of the exception is reasonably necessary to the proper processing of requests depends on how DEA undertakes to search and collect records in response to FOIA requests.

### E. *Garland Memo*

12. The steps DOJ and component agencies (including DEA) have taken since the Garland Memo and do they currently take to ensure compliance with the principles described therein.

Defendants' Objections:

Defendants object to this question as not relevant.  This case is about whether DEA is complying with FOIA and not the Attorney General's Memorandum.

Plaintiffs Response:

The Garland Memo (https://www.justice.gov/ag/page/file/1483516/download) purports to set "guidelines" to "strengthen the federal government's commitment to the fair and effective administration of FOIA." Those guidelines—and whether Defendants follow them—are at the heart of this case.

### F. *Records from DEA Proceedings*

13. How DEA keeps records filed in administrative proceedings.

14. Whether and how the public can access records filed in administrative proceedings.

Defendants' Objections:

Defendants Object to these topics because they are not relevant to the FOIA PPP claims before the Court.

Plaintiffs' Response:

These topics are relevant to Count 2 (Due Process) of Plaintiffs' Amended Complaint.

### G. *Documents*

15. The contents of any document listed in Documents Requested.

## Documents Requested

Defendants' Objections:

Defendants Object to any document requests. The Court has only authorized a deposition, not other written discovery. As the government noted at the initial hearing, discovery is the exception in FOIA cases. Here, the Court has ordered a 30(b)(6) deposition. No further written discovery should be allowed. If further written discovery is allowed, Defendants will respond to these requests for documents under the procedures of Rule 34 because the deponent is a party representative. Defendants reserve its objections to this request, except that Defendants note the law enforcement, security concern with request No. 1.

1. A DEA floor plan of each building that contains a FOIA processing office, appropriately redacted to address any security/law enforcement concerns.

Defendants' Objections:

Defendants Object to this request due to law enforcement security concerns. The concern is rooted in disclosing the exact location of specific components. A version of the floor plans with this locational information redacted would not be useful or relevant. Further, Defendants point out that they have no objection to the topics identified above concerning the DEA's FOIA office, including its location.

2. Internal FOIA staff manuals or documents distributed, used, or relied upon by DEA or DOJ personnel to process and respond to FOIA requests.

Defendants' Objections:


3. All written (public and non-public) policies for processing FOIA requests.

Defendants' Objections:


4. A log of DEA FOIA requests for 2021 and 2022, noting which requests raised unusual circumstances. This can be superimposed on publicly available FOIA logs.

Defendants' Objections:


5. Processing notes for each of Plaintiffs' FOIA requests.

Defendants' Objections:


6. Documents sufficient to show internal budgeting on FOIA compliance/staffing in 2020, 2021, and 2022.

-9-

Defendants' Objections: