UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIMS INSTITUTE, PLLC, et al., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action: 4:22-cv-02396 |
| | § | |
| MERRICK GARLAND, et al., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)
NOTICE OF DEPOSITION OF U.S. DEPARTMENT OF JUSTICE AND
U.S. DRUG ENFORCEMENT ADMINISTRATION**

TO:   Jimmy A. Rodriguez, Deputy Chief, Civil Division, United States Attorney's Office, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30 (b)(6), Plaintiffs will take the oral and video-taped deposition of Kelliegh Miller, Defendants, the United States Department of Justice, and the United States Drug Enforcement Administration representative. The deposition will commence on **January 5, 2023 beginning at 9:30 a.m. EST** at the Unites States Attorney's Office, Justin W. William US Attorney's Bldg., 2100 Jamieson Ave, Alexandria, VA 22314. The deposition shall continue from day to day until completed.

The deposition will be recorded by stenographic means and on videotape.

Plaintiff will depose Defendants' representative regarding the topics listed in **Exhibit A**. Plaintiffs see production of documents listed in **Exhibit A** by January 4, 2023 at 9:00 a.m. EST.

Dated:  December 30, 2022   Respectfully,

/s/ *Shane Pennington*
Shane Pennington
VICENTE SEDERBERG LLP
1115 Broadway, 12th Floor
New York NY 10010
T: (917) 338-5455
F: (303) 860-4505
s.pennington@vicentesederberg.com

Kathryn Tucker
EMERGE LAW GROUP
621 SW Morrison Street, Suite 900
Portland, OR 97205
T: (503) 227-4525
F: (503) 200-1124

Matthew C. Zorn
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
T: (713) 632-8000
F: (713) 632-8002
mzorn@yettercoleman.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2022, a copy of this document was served on all counsel of record using the Court's e-filing system.

/s/ *Shane Pennington*
Shane Pennington

**EXHIBIT A**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs' request that Defendants designate and make available for deposition one or more officers, directors, managing agents, or other persons who consent to testify on behalf of Defendants United States Department of Justice and United States Drug Enforcement Administration about information known or reasonably available to Defendants concerning the topics listed below.

Defendants DOJ and DEA shall provide to counsel for Plaintiffs, at least by **January 4, 2023 at 9:00 a.m. EST**, the identity of the individual(s) designated to testify on behalf of the Defendants. Defendants shall produce to counsel for Plaintiffs, at the same time, the documents requested.

Definitions and Instructions

1. The term "this lawsuit" means the following case: *AIMS Institute PLLC et al. v. Garland et al.,* 4:22-cv-02396, in the Southern District of Texas, Houston Division.

2. "Plaintiffs" means the Plaintiffs in this lawsuit.

3. "Defendants" and "You" mean Defendants United States Department of Justice and United States Drug Enforcement Administration.

4. The term "document" is defined as at least equal in scope to the usage of this term in Fed. R. Civ. P 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged.

5. The term "including" is defined as "including, without limitation".

6. The term "each" is defined as including "every"; the term "every" is defined as including "each".

7. A verb in any tense shall be construed as that verb in all other tenses necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of its scope.

8. If You fail to disclose any information requested in any topic, in whole or in part, on the basis of any privilege, then with respect to said refusal and failure.  You are requested to specify the particular privilege or privileges upon which You rely and You are further requested to identify the source of the requested information and all the recipients of such information without disclosing the contents thereof.

9. These topics must be answered with reference to all information in Your possession, custody, or control and in the possession, custody or control of Your attorneys, agents or investigators, as well as with reference to all information which You and Your agents may obtain by the exercise of due diligence.

List of 30(b)(6) Topics for DOJ and DEA

A. *DEA's FOIA Office*

   1. The structure and operation of the DEA FOIA office.

   2. The description of DEA's FOIA processing office, including its location, its general contents, and the employees working in the FOIA processing office.

B. *The Unusual Circumstances Exception*

   3. Defendants' interpretation and implementation of the "unusual circumstances" exception.

      a. When does the "unusual circumstances" exception apply.

      b. Whether other parts of DEA in the same building is considered an establishment separate from the office processing the request.

      c. The percentage or proportion of FOIA requests were marked by DEA as raising "unusual circumstances" in 2020, 2021, and 2022.

      d. Under what circumstances will a request not raise "unusual circumstances" in general?

C. *Defendants' Processes, Policies, and Practices*

   4. What policies/interpretations have Defendants adopted for processing FOIA requests.

   5. Where are these policies/interpretations located or kept.

   6. How do Defendants determine whether a FOIA request is simple, complex, or expedited.

   7. How does DEA calculate fees to review records both generally and as to Plaintiffs specific requests.

   8. How does DEA prioritize records requests.

   9. The process DEA undertakes to search and collect records in response to FOIA requests, both in general and with respect to Plaintiffs' specific requests.

   10. In general, how does DEA process FOIA requests seeking electronic records, including emails?

D. *Plaintiffs' FOIA Requests*

   11. The process DEA undertakes to search and collect records in response to FOIA requests as well as Plaintiffs' specific requests, including the calculation of search/review fees.

    E. *Garland Memo*

        12. The steps DOJ and component agencies (including DEA) have taken since the Garland Memo and what do they currently take to ensure compliance with the principles described therein.

    F. *Records from DEA Proceedings*

        13. How DEA keeps records filed in administrative proceedings.

        14. Whether and how the public can access records filed in administrative proceedings.

    G. *Documents*

        15. The contents of any document listed in Documents Requested.

Documents Requested

1. Internal FOIA staff manuals or documents distributed, used, or relied upon by DEA or DOJ personnel to process and respond to FOIA requests.

2. All written (public and non-public) policies for processing FOIA requests.

3. A log of DEA FOIA requests from 2021 and 2022, noting which requests raised unusual circumstances.  This can be superimposed on publicly available FOIA logs.

4. Processing notes for each of Plaintiffs' FOIA requests.

5. Documents sufficient to show internal budgeting on FOIA compliance/staffing in 2020, 2021, and 2022.