# Exhibit 3



U.S. Department of Justice

Office of Information Policy

*Telephone: (202) 514-3642*　　　　　　　　　　　　　*Washington, DC  20530-0001*

November 30, 2017

MEMORANDUM

TO:　　　　DOJ FOIA Offices

FROM:　　　Melanie Ann Pustay
　　　　　　Director
　　　　　　Office of Information Policy

SUBJECT:　　Guidance on Disclosure of DOJ Employee Names

## BACKGROUND

The "FOIA is often explained as a means for citizens to know 'what their Government is up to.'"  NARA v. Favish, 541 U.S. 157, 171-72 (2004) (quoting DOJ v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989)).  One aspect of ensuring an informed citizenry – and holding public officials accountable – involves the practice of disclosing the identities of federal employees.  Indeed, OPM has long had a regulation specifying that the identities of federal employees are typically available to the public.  See OPM Regulation, 5 C.F.R. § 293.311 (2012).  At the same time, courts have recognized that *some* federal employees do possess, by virtue of the nature of their work, substantial privacy interests in their identities.  See Long v. OPM, 692 F.3d 185, 194 (2d Cir. 2012) (holding that OPM properly withheld names of federal employees from five sensitive agencies, including DEA and ATF, and twenty-four sensitive occupations, including, inter alia, correctional officer, U.S. Marshal, nuclear materials courier, internal revenue agent, game law enforcement, immigration inspection, customs and border interdiction, and border protection).

Within the Department of Justice, there are multiple, inconsistent approaches to the treatment of employee names under the FOIA.  While some distinctions are appropriate based on the component and the records at issue, this guidance sets forth a consistent analytical approach for making those decisions that all components can apply going forward and that will more closely align FOIA practice with the text of the statute and the goal of transparency.

## GUIDANCE

### Scope

This guidance establishes a set of presumptions that should generally apply to the disclosure of DOJ employee identities.  This issue arises not just in response to requests seeking

[2]

employee rosters, but also to the broad array of requests where responsive records contain the names of component employees who sent or received documents, such as the DOJ authors and recipients of email, or records that reflect some role they played in the course of their duties, such as calendar entries.

This guidance does *not* address treatment of employee identities when they are linked to their personnel files or facts implicating public servant accountability, such as the identities of employees who are investigated or disciplined.  Those records do implicate a strong privacy interest and there is a well-established legal framework for analyzing the public interest in disclosure.

This guidance addresses routine exchanges of documents which simply show the identities of particular DOJ employees in connection with their government work.  Whether or not those identities should be afforded privacy protection under the FOIA is dependent on the nature of the component, the records, and employee's role at issue.

### Presumptions Based on Nature of Component and Nature of Records

When considering whether the FOIA's privacy exemptions apply to the identities of DOJ employees contained in routine DOJ documents, components should use the following approach:

- The identities of high-level or public-facing employees, such as directors, supervisors, trial attorneys, Public Affairs Officers, etc. are presumptively disclosable for all components.

- For all other employees ("lower level employees") the presumption will depend on the nature of the component and the nature of the record.

### Criminal Law Enforcement and National Security Components

- For criminal law enforcement and national security components, there is a distinction between law enforcement records and non-law-enforcement records.

    o For law enforcement records of criminal law enforcement and national security components, the presumption should be that the identities of lower level DOJ employees are protected by Exemption 7(C).  This is consistent with the many cases where courts have recognized the strong privacy interest of criminal law enforcement and national security personnel.

    o For non-law-enforcement records of these components, the presumption should be that the identities of Special Agents and investigators are protected.  For all other employees, for these non-law enforcement records, components must identify a non-speculative privacy interest in the identities of lower level employees in order to protect them.

[3]

## **All Other Components**

- In contrast to the criminal law enforcement and national security components, the remaining DOJ components, including civil law enforcement components, should follow a presumption that the identities of their employees (including lower level employees) should be released.

    o  As the Supreme Court has declared, the FOIA's exemptions "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." Department of the Air Force v. Rose, 425 U.S. 352, 361 (1976).

    o  Embarrassment of the Department, the government, or the individual is not enough, standing alone, to constitute a privacy interest.

    o  Mere speculation as to possible harassment or unwanted contact by virtue of the employee's connection to DOJ, or a categorical presumption of harassment by virtue of the position is not enough.  The Supreme Court has said that invocation of Exemption 6 requires "threats to privacy interests more palpable than mere possibilities." Department of the Air Force v. Rose, 425 U.S. at 380 n. 19.

    o  Indeed, as the District Court for the District of Columbia has opined, a threatened privacy invasion must be "real rather than speculative," and an agency cannot establish that a threat to privacy exists "based on an employee's subjective fears of harassment." EPIC v. DHS, 384 F. Supp. 2d 100, 116, 117 n.28 (D.D.C.  2005) (declining to endorse a "blanket exception for all federal employees involved in homeland security").

    o  For decades, OIP has been disclosing the identities of all personnel in the Senior Leadership and Management Offices.  Other components such as the Civil Division, OJP, and PRAO, have likewise traditionally disclosed employee names, as have components with criminal prosecution responsibilities.  This long history of disclosure is consistent with the FOIA's underlying purpose.

The presumptions that are set forth in this guidance may be overcome if the particular facts or circumstances surrounding the requested records give rise to a privacy interest.  Any decision to rebut the presumption must be made on a case-by-case basis.

OIP is available to assist components in making determinations in accordance with this guidance.  Please do not hesitate to contact our FOIA Counselor line at 202-514-3642 to discuss any aspect of this policy.