# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| MATTHEW C. ZORN, | |
| *Plaintiff,* | |
| v. | Civil Action No. 4-22-02396 |
| U.S. DEPARTMENT OF JUSTICE, *et al.,* | |
| *Defendants.* | |

## DEFENDANTS' MOTION TO DISMISS IN PART

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................2

I.      FOIA ............................................................................................................................2

        A.      Deadline to Issue a Determination and the Effect of "Unusual
                Circumstances." ...........................................................................................2

        B.      Reading Room ...............................................................................................3

        C.      Chief FOIA Officer ......................................................................................3

II.     Plaintiff, His Claims, and His Alleged Injuries ..........................................................4

III.    Procedural History ......................................................................................................5

ARGUMENT .........................................................................................................................6

I.      Counts 3, 4, and 5 Should Be Dismissed Because Plaintiff Has No Standing to
        Challenge the Appointment of a Chief FOIA Officer. .................................................6

II.     Count 6 Should Be Dismissed For Lack of Standing and Because It Is Moot. ............10

III.    Counts 7 and 8 Should Be Dismissed Because Plaintiff Fails to State any
        Constitutional Claim for Alleged Violation of FOIA. .................................................13

IV.     Count 9 Should Be Dismissed Because Plaintiff Lacks Standing to Bring His
        APA Claim and Because FOIA Precludes That Claim in Any Event. ..........................14

CONCLUSION ......................................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Abuhouran v. U.S. State Dep't,*
   843 F. Supp. 2d 73 (D.D.C. 2012) .................................................................4

*Ayanbadejo v. Chertoff,*
   517 F.3d 273 (5th Cir. 2008) ......................................................................12

*Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n,*
   711 F.3d 180 (D.C. Cir. 2013) .....................................................................2

*Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice,*
   846 F.3d 1235 (D.C. Cir. 2017) ............................................................ 12, 15

*Clapper v. Amnesty Int'l USA,*
   568 U.S. 398 (2013) ............................................................................... 8, 10

*Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.,*
   704 F.3d 413 (5th Cir. 2013) ......................................................................11

*Deakins v. Monaghan,*
   484 U.S. 193 (1988) ...................................................................................11

*Elec. Privacy Information Ctr. v. IRS,*
   910 F.3d 1232 (D.C. Cir. 2018) ..................................................................15

*Fed. Elec. Comm'n v. Akins,*
   524 U.S. 11 (1998) .....................................................................................11

*Freeman v. Fine,*
   820 F. App'x 836 (11th Cir. 2020) .............................................................13

*Hinojosa v. Horn,*
   896 F.3d 305 (5th Cir. 2018) ......................................................................15

*Hohner v. U.S. Dep't of Justice,*
   2020 WL 13582702 (C.D. Cal. Sept. 14, 2020) ...........................................2

*Houchins v. KQED, Inc.,*
   438 U.S. 1 (1978) .......................................................................................13

*Indiana v. Biden,*
   --F. Supp. 3d--, 2023 WL 348230 (S.D. Ind. Jan. 20, 2023) ........................2

*Johnson v. Exec. Office for U.S. Att'ys,*
310 F.3d 771 (D.C. Cir. 2002) ................................................................................13

*Knight First Am. Inst. at Columbia Univ. v. U.S. Citizenship & Immig. Servs.,*
30 F.4th 318 (2d Cir. 2022) ......................................................................................2

*La. Envtl. Action Network v. U.S. EPA,*
382 F.3d 575 (5th Cir. 2004) ...................................................................................11

*Lewis v. Casey,*
518 U.S. 343 (1996) ...................................................................................................8

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992) .......................................................................................7, 9, 10

*McBurney v. Young,*
569 U.S. 221 (2013) .................................................................................................13

*Pub. Citizen v. U.S. Dep't of Justice,*
491 U.S. 440 (1989) .................................................................................................10

*Roseberry-Andrews v. Dep't of Homeland Security,*
299 F. Supp. 3d 9 (D.D.C. 2018) ............................................................................14

*Sewani v. Gonzales,*
162 F. App'x 285 (5th Cir. 2006) ...........................................................................14

*Spokeo, Inc. v. Robins,*
578 U.S. 330 (2016) ...................................................................................................7

*Town of Chester, N.Y. v. Laroe Estates, Inc.,*
581 U.S. 433 (2017) ................................................................................................7, 8

*Trentadue v. Integrity Comm.,*
501 F.3d 1215 (10th Cir. 2007) ..............................................................................13

*United States v. Brown,*
250 F.3d 907 (5th Cir. 2001) ...................................................................................13

*Walsh v. U.S. Dep't of Veterans Affairs,*
400 F.3d 535 (7th Cir. 2005) ...................................................................................12

*Warth v. Seldin,*
422 U.S. 490 (1975) ............................................................................................7, 13

## STATUTES

5 U.S.C. § 552(a)(2) ...................................................................................................................3

5 U.S.C. § 552(a)(3)(A) .............................................................................................................2

5 U.S.C. § 552(a)(4)(B) ...........................................................................................................12

5 U.S.C. § 552(a)(6)(A)(i) ........................................................................................................2

5 U.S.C. § 552(a)(6)(B)(i) .........................................................................................................3

5 U.S.C. § 552(a)(6)(B)(ii) ........................................................................................................3

5 U.S.C. § 552(a)(6)(B)(iii) .......................................................................................................3

5 U.S.C. § 552(j)(1) ...................................................................................................................4

5 U.S.C. § 552(j)(2) ...............................................................................................................3, 4

5 U.S.C. § 552(j)(2)(C) ........................................................................................................4, 10

5 U.S.C. § 702 ..........................................................................................................................15

5 U.S.C. § 704 ..........................................................................................................................15

## RULES

Fed. R. Civ. P. 12(b)(1) ............................................................................................................1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................1

## REGULATIONS

21 C.F.R. § 1316.46 .................................................................................................................14

21 C.F.R. § 1316.54 .................................................................................................................14

21 C.F.R. § 1316.57 .................................................................................................................14

21 C.F.R. § 1316.58 .................................................................................................................14

Defendants move to dismiss in part Plaintiffs' Second Amended Complaint, under Fed. R. Civ. P. 12(b)(1) and (6), for lack of jurisdiction and for failure to state a claim. For the following reasons, Counts 3–9 of the Second Amended Complaint should be dismissed. Plaintiff informed Defendants that he opposes the relief sought in this motion except that he no longer wishes to pursue Count 9 and anticipates filing a Rule 41 notice of dismissal regarding that claim.

## INTRODUCTION

This case began with a straightforward, albeit legally deficient, premise: that the Drug Enforcement Administration ("DEA") has an alleged policy to treat all Freedom of Information Act ("FOIA") requests as subject to the "unusual circumstances" provision provided by the statute. Defendants moved to dismiss that claim because the legal theory upon which it is based—a "policy or practice" claim—is not recognized in this Circuit and Plaintiff has not plausibly alleged such a claim even if it were the law of this Circuit. The Court, Judge Hughes then presiding, nonetheless permitted Plaintiff to pursue a limited amount of discovery and the Parties thereafter agreed on a schedule for dispositive motions based on the assembled evidentiary record. Defendants remain ready to proceed to summary judgment on that original policy or practice claim, now reflected in counts 1 and 2 of the Second Amended Complaint.

But Plaintiff has now attempted to expand this case to include a litany of alleged deficiencies in the FOIA operations of DEA and the Department of Justice ("DOJ"). He does so based on no more than the apparent conviction that he has authority to serve as a de facto inspector general of FOIA compliance throughout DOJ, regardless of whether he has submitted any FOIA requests to any other component of DOJ or whether the requests that he *has* submitted to DEA have anything to do with his claims. Basic principles of federal jurisdiction and limitations on the scope of claims under FOIA and the Administrative Procedure Act ("APA") foreclose that

outcome. The Court should reject at the threshold seven of the nine disparate claims that Plaintiff now presses in the Second Amended Complaint and return this case to its original form, limited to counts 1 and 2, so that it may be promptly resolved at summary judgment.

## BACKGROUND

### I.   FOIA

Plaintiff's Second Amended Complaint puts at issue three unrelated portions of FOIA: (1) the timing requirements for agencies to make a determination about responding to FOIA requests; (2) the "reading room" provision regarding proactive disclosures; and (3) the requirement for each agency to appoint a Chief FOIA Officer. Defendants provide below a brief overview of each of these FOIA provisions.

#### A.   Deadline to Issue a Determination and the Effect of "Unusual Circumstances."

Under FOIA, agencies must make records "promptly available" to any person upon submission of a proper request. 5 U.S.C. § 552(a)(3)(A). FOIA directs agencies to "determine within 20 [business] days. . . after the receipt of any such request whether to comply with such request" and then notify the requester of such determination. *Id.* § 552(a)(6)(A)(i). But the twenty business day determination "timeline is not absolute." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n,* 711 F.3d 180, 184 (D.C. Cir. 2013).[1] It is instead only a "default." *Id.* at 189. After all, "it would be a practical impossibility for agencies to process all FOIA requests completely within twenty days." *Id.* In "unusual circumstances," an agency can extend the twenty-

---

[1] The D.C. Circuit is frequently recognized as having particular expertise in application of FOIA and courts across the country routinely "look[] to its decisions for guidance in interpreting the FOIA." *See Knight First Am. Inst. at Columbia Univ. v. U.S. Citizenship & Immig. Servs.,* 30 F.4th 318, 324 n.4 (2d Cir. 2022); *see, e.g., Indiana v. Biden,* --F. Supp. 3d--, 2023 WL 348230, at *5 (S.D. Ind. Jan. 20, 2023); *Hohner v. U.S. Dep't of Justice,* 2020 WL 13582702, at *2 (C.D. Cal. Sept. 14, 2020).

day time limit for processing a FOIA request by written notice to the requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). "[U]nusual circumstances" includes, *inter alia,* the need "to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." *Id.* § 552(a)(6)(B)(iii). If the required extension exceeds ten days, the agency must allow the requester an opportunity to modify his or her request, or to arrange for an alternative time frame for completion of the agency's processing. *Id.* § 552(a)(6)(B)(ii).

## B.   Reading Room

FOIA also obligates agencies to "make available for public inspection in an electronic format" certain categories of records whether or not any request for them is made. *Id.* § 552(a)(2). This proactive disclosure obligation, commonly referred to as FOIA's "reading room" provision, requires agencies to publish "final opinions . . . made in the adjudication of cases," "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register," and "administrative staff manuals and instructions to staff that affect a member of the public." *Id.* § 552(a)(2)(A–C). There is also a requirement to publish copies of records in response to FOIA requests that have been or are likely to be requested by three or more members of the public. *Id.* § 552(a)(2)(D).

## C.   Chief FOIA Officer

FOIA also requires agencies to designate a Chief FOIA Officer, who has various duties and powers under FOIA regarding training, monitoring, educating, and making proposals with respect to agency FOIA operations. *See* 5 U.S.C. § 552(j)(2). The Chief FOIA Officer for each agency must be a "senior official," which the statute defines parenthetically as a person "at the

Assistant Secretary or equivalent level." *Id.* § 552(j)(1).  Despite this seniority, the Chief FOIA

Officer's various powers are all "subject to the authority of the head of the agency." *Id.* § 552(j)(2).

Additionally, as to "agency practices, policies, personnel, and funding" concerning FOIA

implementation, the Chief FOIA Officer may do no more than "recommend to the head of the

agency such adjustments" as the Officer believes "may be necessary." *Id.* § 552(j)(2)(C).

## II.    Plaintiff, His Claims, and His Alleged Injuries

Plaintiff Matthew Zorn is an attorney who has allegedly "submitted [ten] FOIA requests

to DEA," "some" of which have been resolved.  2d Am. Compl. ¶¶ 11, 48 & n.9, Doc. No. 21.[2]

Zorn states that he "intends to continue to use FOIA to seek government documents related to

drug policy." *Id.* ¶ 11.  Nowhere does Plaintiff allege that he has submitted a FOIA request to

any other component of the Department of Justice.

Plaintiff alleges nine causes of action, which fall into roughly five buckets.  First, counts 1

and 2 of the Complaint are rooted in an alleged DEA policy to "apply the [FOIA] 'unusual

circumstances' exception any time a component FOIA office does not 'have access' to the records

and must go 'outside' the office to gain access to the records." 2d Am. Compl. ¶ 123.  This policy

or practice claim under FOIA was the sole count in Plaintiff's original Complaint.  *See* Compl. ¶¶

59–67, Doc. No. 1.  Plaintiff alleges that he has "been personally harmed" by DEA's alleged policy,

---

[2] The Second Amended Complaint includes allegations regarding a FOIA request to DEA sent by Kathryn Tucker, on behalf of the AIMS Institute and Dr. Sunil Aggarwal.  2d Am. Compl. ¶¶ 37–46.  Each of these individuals was previously a plaintiff in this lawsuit, *see* 2d Am. Compl. ¶¶ 8–10, but has since withdrawn from the case.  Doc. No. 24.  Plaintiff Zorn has no standing to raise claims regarding the FOIA request made by these individuals. *See, e.g.*, *Abuhouran v. U.S. State Dep't*, 843 F. Supp. 2d 73, 77 (D.D.C. 2012) ("standing under FOIA is limited to the person who made the initial request" (citation omitted)).  Allegations regarding that request are, therefore, irrelevant and should be disregarded by the Court.

pointing to his experience submitting FOIA requests to DEA in which the agency has invoked "unusual circumstances." 2d Am. Compl. ¶¶ 47–61.

The remaining buckets of claims appear further afield of any experience Plaintiff himself has had with any Defendant. The second bucket—counts 3, 4, and 5—concerns Defendants' alleged failure to appoint a statutorily and constitutionally compliant Chief FOIA Officer for DEA. 2d Am. Compl. ¶¶ 137–52. Third, count 6 alleges that Defendants have violated FOIA's reading room provision by failing to publish two documents allegedly falling within its parameters. 2d Am. Compl. ¶¶ 153–56. Fourth, counts 7 and 8 allege violations of the First and Fifth Amendments based, generally speaking, on asserted delays and high fees to requesters in DEA's FOIA operations. 2d Am. Compl. ¶¶ 157–67. And fifth, count 9 asserts an APA claim regarding an alleged DOJ policy of redacting the names of less-senior employees from documents released under FOIA. 2d Am. Compl. ¶¶ 168–70.

### III.    Procedural History

Four Plaintiffs originally filed this lawsuit on July 19, 2022, pursuing one claim—the purported FOIA policy or practice claim regarding DEA's alleged "unusual circumstances" policy described above. *See* Compl. The Government moved to dismiss and thereafter the parties volleyed back-and-forth, Plaintiff filing a First Amended Complaint and the Government moving to dismiss once again. Doc. Nos. 6, 7, 8. The Court then granted Plaintiff a limited Rule 30(b)(6) deposition of the Defendants and held in abeyance Plaintiff's obligation to respond to the Government's second motion to dismiss. Doc. No. 11. Plaintiff took the Rule 30(b)(6) deposition on January 5, 2023.

The Parties then jointly proposed, and the Court adopted, a schedule for further proceedings, which provided Plaintiff an opportunity to once more amend his Complaint and for

Defendants to file a dispositive motion that would constitute Defendants' response to the amended pleading. Doc. Nos. 19, 20. Plaintiff then filed the Second Amended Complaint, which added a number of new claims with limited or no relationship to the original policy or practice claim. About a month later, Plaintiff filed a motion to vacate the schedule, asserting that the "case ha[d] morphed a bit" following the Rule 30(b)(6) deposition. *See* Doc. No. 25 at 1; Doc. No. 27. The Court granted the motion to vacate the schedule, Doc. No. 29, which also vacated the schedule for Defendants to respond to the Second Amended Complaint. Consistent with the discussion among the Parties and the Court at the most recent status conference, Tr. at 27:3–12, Doc. No. 40, Defendants now file this partial motion to dismiss the Second Amended Complaint.

## ARGUMENT

Plaintiff's Second Amended Complaint pursues nine different causes of action on no less than five distinct subjects. But it appears Plaintiff's only basis for pursuing most of these claims are not any injuries that Defendants have inflicted upon him but, rather, his disagreements with various asserted FOIA practices that he learned about during the discovery process. *See* Doc. No. 25 at 1 (explaining that this case "began as a narrow dispute" but "morphed" "[a]fter a revealing corporate deposition of DOJ and DEA"). As described below, Plaintiff's failure to adequately allege jurisdiction and justiciability, as well as a plausible right to relief, on his disparate claims means that Counts 3–9 of the Second Amended Complaint should be dismissed

## I. Counts 3, 4, and 5 Should Be Dismissed Because Plaintiff Has No Standing to Challenge the Appointment of a Chief FOIA Officer.

Counts 3, 4, and 5 allege that DEA does not have a statutorily or constitutionally compliant Chief FOIA Officer. But Plaintiff has failed to allege any sufficient basis for standing to bring these claims and the Court therefore lacks jurisdiction to hear them.

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing the three elements that constitute the "irreducible constitutional minimum of standing," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)—namely, that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Additionally, because "standing is not dispensed in gross," "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (citation omitted).

Plaintiff lacks standing to bring his claims regarding the alleged lack of a properly appointed Chief FOIA Officer because he fails to meet any of the elements of the standing analysis: injury, traceability, or redressability. First, injury: Plaintiff has alleged nothing to show that he has suffered any cognizable injury that is traceable to any deficiencies in Defendants' compliance with the Chief FOIA Officer statute. Plaintiff instead complains that a failure to comply with the Chief FOIA Officer statute fails to meet Congress's intent to "inject[] a modicum of democratic accountability" into the FOIA process. 2d Am. Compl. ¶ 90. But Plaintiff cannot base his claim upon a "generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large." *Lujan*, 504 U.S. at 573–74. Plaintiff must do more than allege a purported violation of law the vindication of which he has no more stake in than any other member of the public who may wish to strengthen "democratic accountability" in governmental institutions.

Plaintiff nonetheless contends that he has established injury because he "intends to continue to use FOIA to seek government documents related to drug policy to facilitate his work as an attorney and journalist" and that Defendants' actions prevent him from obtaining such documents. *See* 2d Am. Compl. ¶ 11. While this kind of informational injury may suffice in some circumstances under FOIA, Plaintiff misses the mark again because he cannot show that any such injury is traceable to the identity or lack of a Chief FOIA Officer at DEA. Indeed, Plaintiff does not allege any way in which he has previously been denied access to information by virtue of the alleged absence of a properly appointed Chief FOIA Officer or any certainly impending recurrence of the same injury based on the absence of a Chief FOIA Officer. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (allegations of future injury must show injury is "imminent" or "certainly impending to constitute injury in fact").

Plaintiff's Complaint alleges that *another* purportedly unlawful action by DEA has deprived him of information in a timely fashion—DEA's alleged policy regarding "unusual circumstances"—but Plaintiff articulates no basis to connect these allegations to the Chief FOIA Officer provision. Plaintiff's allegations that some *other* policy or practice harms him in his capacity as a FOIA requester does not suffice to support his Chief FOIA Officer claims because "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester*, 581 U.S. at 439 (citation omitted). "If the right to complain of *one* administrative deficiency automatically conferred the right to complaint of *all* administrative deficiencies, any citizen aggrieved in one respect could bring the whole structure of state administrative before the courts for review." *See Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996). That is not the law.

Plaintiff has since included arguments in briefing that his alleged informational injuries are traceable to the asserted absence of a statutorily compliant Chief FOIA Officer at DEA because the officer in question would have "far more actual or constructive access to agency records" and DEA's "FOIA Office would be commensurately bigger," thereby reducing the likelihood the agency would invoke the "unusual circumstances" provision of FOIA.  Pl.'s Mot. for Partial Summ. J. at 13, Doc. No. 28.  But Plaintiff has alleged no plausible factual basis for his speculation. Even as to the purported DEA "unusual circumstances" policy—the only apparent basis for any injury alleged in the Complaint—Plaintiff has not alleged that this has anything at all to do with the alleged absence of a DEA Chief FOIA Officer.  Plaintiff instead attributes the policy to the manner in which DEA has organized its recordkeeping operations, 2d Am. Compl. ¶¶ 81–87, or simply to a misapplication of the statute by DEA, *id.* ¶¶ 124–25.  He does not attribute it to the absence of a particular kind of manager.

Moreover, Plaintiff fails to establish redressability as well.  The third element of standing requires Plaintiff to show it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561, 590 (citation omitted).  Plaintiff falls far short of showing that an order regarding his Chief FOIA Officer claims would likely redress any cognizable injury.  Instead, Plaintiff does no more than speculate about what might happen regarding the size and staffing of DEA's FOIA Office if it had a Chief FOIA Officer.  *See* Pl.'s Mot. for Partial Summ. J. at 13.  That kind of speculation cannot support standing.

FOIA contains no provision requiring any particular size or funding level for FOIA offices, let alone a size or funding attributable to the presence or absence of a Chief FOIA Officer. The statute, in fact, gives the Chief FOIA Officer no more power in this regard than the ability to "recommend to the head of the agency such adjustments to agency practices, policies, personnel,

and funding as may be necessary to improve its implementation of this section."  5 U.S.C. §
552(j)(2)(C).  Plaintiff can only speculate that a separate hypothetical Chief FOIA Officer within
DEA might recommend certain changes to the agency's FOIA practices, that those proposals
would be adopted by the Attorney General, that any necessary funding to implement a proposal
to make DEA's FOIA Office "bigger" would be secured from Congress, and that these changes
would have any bearing on his access to records from DEA.  This kind of chain of speculation
cannot suffice to support a finding that redressability is "likely" if judicial relief is provided.  *Cf.*
*Clapper*, 568 U.S. at 410–11, 414 (rejecting standing premised on a "speculative chain of
possibilities" and "speculation about the decisions of independent actors").

## II.     Count 6 Should Be Dismissed For Lack of Standing and Because It Is Moot.

Plaintiff's next claim, that Defendants have violated FOIA's reading room provision,
should also be dismissed for two jurisdictional reasons—he lacks standing to pursue it but even
if he had standing, the claim would now be moot.

To begin, Plaintiff lacks standing because he has alleged no particularized injury arising
from the absence of any information he alleges to be missing from Defendants' FOIA reading
room.  Ordinarily in FOIA litigation, a plaintiff will have standing to challenge the withholding
of documents if they "sought and were denied specific agency records" by filing a FOIA request.
*Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989).  The standing requirement may apply
slightly differently in the context of the FOIA reading room provision, however, where agencies
have an affirmative obligation to post information regardless of any request.  In that situation,
although a plaintiff need not necessarily make a FOIA request to show standing, they must at
least comply with the baseline requirement of Article III to show a "particularized" injury, rather
than a "generally available grievance" shared with all members of the public.  *See Lujan*, 504 U.S.

at 560, 573–74.  Thus, Plaintiff must show some reason that *he* needs *particular* information that has not been posted to the reading room.  *See Fed. Elec. Comm'n v. Akins*, 524 U.S. 11, 21 (1998) (finding injury where plaintiffs identified particular withheld information that was relevant to their status as voters and to their interest in "evaluat[ing] candidates for public office"); *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 429–30 (5th Cir. 2013) (finding "concrete" informational injury where plaintiff was exposed to environmental impacts of an oil spill and sought information about the "types of substances" released).  It is not enough to simply allege that the Defendants are not complying with the law by failing to post information that each member of the public is entitled to see.

Plaintiff has alleged nothing about any particularized interest in any information omitted from Defendants' FOIA reading room.  Nor does he identify any FOIA request for such information that has been denied.  Instead, Plaintiff simply contends that Defendants have failed to post materials that "affect members of the public."  2d Am. Compl. ¶ 155.  As with his Chief FOIA Officer claims, Plaintiff cannot sue to generally vindicate the public's interest in compliance with FOIA.

Even if Plaintiff had standing initially to bring his reading room claim, it is now moot.  "[M]ootness is a threshold jurisdictional inquiry," *La. Envtl. Action Network v. U.S. EPA*, 382 F.3d 575, 580–81 (5th Cir. 2004), which asks whether there is an "actual, ongoing controvers[y] between litigants."  *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  While standing is assessed as of the date a complaint is filed, "[m]ootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff."  *Ctr. for Biological Diversity*, 704 F.3d at 425.

Plaintiff apparently alleges that Defendants have violated the reading room provision by their alleged failure to release two documents: (1) a DOJ memo regarding redactions of the names of certain agency staff under FOIA and (2) DEA's FOIA and Privacy Act Policy. 2d Am. Compl. ¶¶ 101, 105. But both of these documents have been produced to Plaintiff by his own admission. The DOJ memo was produced shortly after the Second Amended Complaint was filed and is attached to Plaintiff's motion for discovery. Pl.'s Mot. for Discovery Exhs. 2, 3, Doc. Nos. 31-2, 31-3. And DEA's FOIA and Privacy Act Policy was produced *before* the Second Amended Complaint was filed. Indeed, a screenshot of that document is contained within the Second Amended Complaint. *See* 2d Am. Compl. at 29.

These disclosures moot Plaintiff's reading room claim. Congress conferred federal jurisdiction under FOIA to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld *from the complainant*." 5 U.S.C. § 552(a)(4)(B) (emphasis added). Production of a requested record to a plaintiff is thus the ultimate remedy for any FOIA claim and such a release generally moots a FOIA claim. *See, e.g.*, *Ayanbadejo v. Chertoff*, 517 F.3d 273, 278 (5th Cir. 2008) (deeming FOIA claim moot where the agency produced the requested record); *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005) ("In general, once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot." (citation omitted)). And although Plaintiff's claim arises under the reading room provision, not a particular FOIA request, the D.C. Circuit has explained that FOIA "does not authorize district courts to order publication," but, rather, "is aimed at relieving the injury suffered by the individual complainant, not by the general public." *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 846 F.3d 1235, 1243 (D.C. Cir. 2017) (citation omitted). That conclusion accords with the broader principle that a "plaintiff generally must

assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *See Warth*, 422 U.S. at 499.

Plaintiff has already received all the relief he could appropriately seek on his reading room claim—release to him of the assertedly withheld documents. The claim should accordingly be dismissed both as moot and for lack of standing.

## III. Counts 7 and 8 Should Be Dismissed Because Plaintiff Fails to State any Constitutional Claim for Alleged Violation of FOIA.

Plaintiff next alleges that the Government has violated his constitutional rights under the First and Fifth Amendments based on alleged violations of FOIA. Plaintiff fails to state a claim as a matter of law.

First, Plaintiff's First Amendment Claim has no basis. "Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality op.); *United States v. Brown*, 250 F.3d 907, 915 (5th Cir. 2001). The Supreme Court has therefore "repeatedly made clear that there is no constitutional right to obtain all the information provided by the FOIA laws." *McBurney v. Young*, 569 U.S. 221, 232 (2013). Plaintiff's claim, if he has any, must therefore be rooted in FOIA itself; the First Amendment provides no relief here.

Plaintiff's procedural due process claim is similarly without basis. Courts routinely reject claims that the denial of a FOIA request may constitute a violation of procedural due process. *See Freeman v. Fine*, 820 F. App'x 836, 839 (11th Cir. 2020) (*per curiam*) ("The denial of a FOIA request does not create a due process claim"); *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236-37 (10th Cir. 2007) (failure to provide documents under FOIA did not violate due process rights); *cf. Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 777 (D.C. Cir. 2002) ("the comprehensiveness of FOIA precludes the creation of a *Bivens* remedy").

13

Plaintiff seems to assert that there is a particular due process problem in the relationship between DEA administrative proceedings and FOIA—that DEA's allegedly deficient FOIA responses "give[] the agency an unfair, institutional advantage in its administrative and enforcement proceedings before the agency." 2d Am. Compl. ¶ 159. But the principle that FOIA violations do not create a basis for constitutional claims holds true even when the failure allegedly prejudiced the requester in some other proceeding. *Roseberry-Andrews v. Dep't of Homeland Security*, 299 F. Supp. 3d. 9, 22 (D.D.C. 2018).

In any event, Plaintiff fails to allege what specific information was improperly withheld and how he was prejudiced by it in any DEA proceeding. *See Sewani v. Gonzales*, 162 F. App'x 285, 288 (5th Cir. 2006) (*per curiam*) (rejecting claim that failure to timely provide documents under FOIA violated due process rights when plaintiff failed to show prejudice in proceeding). Indeed, Plaintiff does not acknowledge that he had adequate authority other than FOIA with which to obtain relevant information in whatever proceedings he is referencing. *See, e.g.,* 21 C.F.R. §§ 1316.46, 1316.54, 1316.57, 1316.58 (regulations relating to exchange of information in DEA administrative proceedings). Plaintiff states no due process claim based on alleged FOIA violations or any other actions by Defendants in administrative proceedings.

## IV. Count 9 Should Be Dismissed Because Plaintiff Lacks Standing to Bring His APA Claim and Because FOIA Precludes That Claim in Any Event.

Plaintiff's claim regarding a DOJ guidance document on redaction of employee names from FOIA releases should be dismissed for lack of standing and for failure to state a claim.

Plaintiff alleges no injury to himself arising from this asserted policy, in reality a guidance document. Plaintiff does not allege, for example, that Defendants have withheld any information from him in FOIA releases on the basis of this guidance by, *e.g.*, improperly redacting names. Nor does he allege any other way in which this guidance has impacted him. Plaintiff thus lacks

14

standing: he cannot pursue this distinct claim in the absence of any allegation of cognizable injury that is traceable to this guidance. *See supra* Argument Part I.

Count 9 also fails to state a claim. Plaintiff brings this claim not pursuant to FOIA but rather the APA, which provides a cause of action under certain conditions to a "person suffering legal wrong because of agency action." 5 U.S.C. § 702. In addition to the fact that he cannot show he has "suffer[ed]" any "wrong" as required by the APA, this APA claim also requires that "there [be] no other adequate remedy" provided by any other statute. *Id.* § 704. Where such an "adequate" alternative remedy exists through another statute, APA relief is barred. *See Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018). Adequacy is judged by whether Congress has provided the "same genre of relief" as would be available in an APA suit and by whether Congress has expressed "a legislative intent to create" an alternative remedy to the APA. *Id.* at 310–11 (quoting *Citizens*, 846 F.3d at 1245).

Courts have repeatedly held there is "little doubt that FOIA offers an 'adequate remedy' within the meaning of section 704." *Elec. Privacy Information Ctr. v. IRS*, 910 F.3d 1232, 1244 (D.C. Cir. 2018) (quoting *Citizens*, 846 F.3d at 1245). FOIA creates "both agency obligations and a mechanism for judicial enforcement in the same legislation suggest[ing] that FOIA itself strikes the balance between statutory duties and judicial enforcement that Congress desired." *Citizens*, 846 F.3d at 1245. A plaintiff therefore cannot bring an APA claim regarding the withholding of FOIA records where FOIA already provides requesters with the ability to challenge any such withholdings and obtain the withheld information. *See Citizens*, 846 F.3d at 1246 (seeing "no yawning gap between the relief FOIA affords" and what the APA might otherwise offer on this score). Here, if the challenged DOJ guidance regarding redaction of DOJ employee names had actually been applied in a way that denied Plaintiff information, his recourse would be a FOIA

lawsuit to have the redactions lifted or documents released. The APA does not allow Plaintiff an end run around that legislative scheme. Plaintiff's APA claim should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts 3–9 of the Second Amended Complaint.

DATED: April 24, 2023     Respectfully Submitted,

        ALAMDAR HAMDANI
        United States Attorney

        *s/ Jimmy A. Rodriguez*
        Jimmy A. Rodriguez
        Assistant United States Attorney
        Southern District of Texas
        Attorney in Charge
        Texas Bar No. 24037378
        Federal ID No. 572175
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        Tel: (713) 567-9532
        Fax: (713) 718-3303
        jimmy.rodriguez2@usdoj.gov

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        ELIZABETH J. SHAPIRO
        Deputy Branch Director

        James R. Powers
        Trial Attorney
        Civil Division, Federal Programs Branch
        U.S. Department of Justice
        Texas Bar No. 24092989
        1100 L Street, NW
        Washington, DC 20005
        Tel: (202) 353-0543
        James.r.powers@usdoj.gov

        ATTORNEYS FOR THE UNITED STATES

16

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document has 4995 words per Microsoft Word's word count feature.

## CERTIFICATE OF SERVICE

I certify that on April 24, 2023, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
