# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MATTHEW C. ZORN,

*Plaintiff,*

v.

U.S. DEPARTMENT OF JUSTICE, *et al.,*

*Defendants.*

Civil Action No. 4:22-CV-02396

## RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR DISCOVERY

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ..................................................................................... ii

BACKGROUND .................................................................................................... 1

    A. The 30(b)(6) deposition. ............................................................................ 3

    B. The Errata ................................................................................................... 4

ARGUMENT .......................................................................................................... 4

    I. Discovery is rare and disfavored in FOIA litigation and Zorn has not shown that further discovery is warranted at this stage of the case. ...................................................... 4

    II. Even Under Ordinary Discovery Principles, Plaintiff Has Not Shown Any Basis for Further Discovery. ..................................................................................... 7

        A. Document Discovery ................................................................................ 7

        B. Further Rule 30(b)(6) Deposition ............................................................ 11

            1. DOJ FOIA policies topics .................................................................. 11

            2. Chief FOIA Officer topics ................................................................ 12

            3. Errata ................................................................................................ 13

        C. Deposition of Bobak Talebian, Director of OIP ..................................... 14

    III. To the Extent Discovery is Permitted, It Should Be Limited to a One Hour Reopening of the 30(b)(6) Deposition Regarding the Errata ................................................. 15

CONCLUSION ...................................................................................................... 16

CERTIFICATE OF WORD COUNT ..................................................................... 18

CERTIFICATE OF SERVICE ................................................................................ 18

i

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                                          <u>PAGE</u>

*Agerbrink v. Model Serv. LLC*, 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017) ................................. 9

*Alley v. U.S. Dept. of Health and Human Services*, CV-07-BE-0096-E, 2010 WL 11561222, at *1
(N.D. Ala. Sept. 30, 2010)........................................................................................................... 6

*Am. Ctr. for L. and J. v. U.S. Dept. of State*, 289 F. Supp. 3d 81 (D.D.C. 2018) ................................... 5

*Am. Oversight v. U.S. Envtl. Protec. Agency*, 386 F. Supp. 3d 1 (D.D.C. 2019) ....................................... 5

*Camoco, LLC v. Leyva*, 333 F.R.D. 603 (W.D. Tex. 2019) ..............................................................14, 15

*CareToLive v. FDA*, 631 F.3d 336 (6th Cir. 2011) .................................................................................. 5

*Fischer v. DOJ*, 723 F. Supp. 2d 104 (D.D.C. 2010) ............................................................................. 10

*Freedom Watch, Inc. v. U.S. Dep't of State,* 179 F. Supp. 3d 121 (D.D.C. 2016) ................................... 4

*Freedom Watch, Inc. v. NSA*, 220 F. Supp. 3d 40 (D.D.C. 2016)........................................................... 10

*Heily v. Dep't of Commerce*, 69 F. App'x 171 (4th Cir. 2003) ................................................................. 5

*Justice v. IRS*, 798 F. Supp. 2d 43 (D.D.C. 2011), *affirmed*,
485 F. App'x 439 (D.C. Cir. 2012). ............................................................................................ 4

*Laufer v. Patel*, No. 20-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ................................. 13

*Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987) ............................................................................. 5, 6, 13

*Pietrangelo v. U.S. Army*, 334 F. App'x 358 (2d Cir. 2009) ................................................................... 5

*Reilly v. TXU Corp.*, 230 F.R.D. 486 (N.D. Tex. 2005).......................................................................... 13

*Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604 (C.D. Cal. 2013)........................................................ 9

*Ruiz v. Sharkninja Operating* LLC, 6:21-CV-1628-WWB-LHP, 2023 WL 2456509,
at *1 (M.D. Fla. Mar. 10, 2023)................................................................................................ 11

*Salzgitter Mannesmann Intl. (USA) Inc. v. Sun Steel Co. LLC*, 3:22-CV-00030,
    2022 WL 3041134, at *2 (S.D. Tex. Aug. 2, 2022) ....................................................10

*Schiller v. INS,* 205 F. Supp. 2d 648 (W.D. Tex. 2002) ...........................................9

*Summers v. Louisiana*, No. CV 20-21-JWD-SDJ, 2021 WL 4714642, at *1
    (M.D. La. Oct. 8, 2021) ...............................................................................13

*VeroBlue Farms USA Inc. v. Wulf,* --- F.R.D. ---, 3:19-CV-764-X, 2021 WL 5176839,
    at *9 (N.D. Tex. Nov. 8, 2021) ......................................................................10

*Von Drake v. Nat'l Board. Co. Inc.*, No. 3-04-CV0652-R, 2004 U.S. Dist. LEXIS 25090,
    at *1 (N.D. Tex. May 20, 2004) .....................................................................13

*Weeks v. Nationwide Mut. Ins. Co.*, CV H-21-4138, 2023 WL 2021823, at *1
    (S.D. Tex. Feb. 15, 2023) .............................................................................13

<u>STATUTES</u>

5 U.S.C. § 552(a)(6)(B) ..................................................................................1

5 U.S.C. § 552(j)(1) .......................................................................................4

<u>RULES</u>

Fed. R. Civ. P. 26 .........................................................................................15

Fed. R. Civ. P. 30(b)(6) ..........................................................................passim

Fed. R. Civ. P. 30(e) ...............................................................................13, 16

Fed. R. Civ. P. 37 .........................................................................................10

Fed. R. Civ. P. 56(d) ......................................................................................5

<u>OTHER</u>

Department of Justice, Chief FOIA Officer Report, 2022.
https://www.justice.gov/oip/page/file/1483001/download .........................................4

Defendants, the United States Department of Justice (DOJ), et al., oppose Plaintiff's Motion for Discovery, Doc. No. 31 ("Mot.") in this Freedom of Information Act (FOIA) case. When Plaintiff Matthew Zorn initiated this case, it was limited to determining whether the Drug Enforcement Administration (DEA) and DOJ were properly interpreting and applying FOIA's "unusual circumstances" provision. At the time, Zorn assured the Court that he only needed limited discovery on this issue. However, he used the previously permitted 30(b)(6) deposition to have the witness read a settlement demand into the record, to attempt to serve a FOIA request on the witness (during the deposition), and to ask questions about the DOJ's FOIA practices that were far beyond the scope of the complaint. He has also amended his complaint to include claims that he lacks standing to assert and that the Court lacks jurisdiction to hear. Additional discovery should not be permitted for several reasons. First, Zorn has already attempted to use earlier discovery as a way to needlessly expand what should be a simple FOIA policy or practice case, and he has not shown that further discovery is warranted, particularly at this stage of the litigation. Second, the Court should not permit additional discovery until Defendants' motion to dismiss raising jurisdictional threshold issues is resolved. Third, the discovery Zorn seeks regarding the document production is unwarranted and the attempted personal deposition of a senior government official is improper. For all these reasons, and those discussed below, the Court should deny Plaintiff's motion for discovery.

## BACKGROUND

This case began as a challenge to DEA's interpretation of the "unusual circumstances" provision in FOIA. FOIA affords the government additional time to respond to a request when it is deemed to present "unusual circumstances." *See* 5 U.S.C. § 552(a)(6)(B). Here, Zorn filed several FOIA requests with DEA and DEA found some (but not all) of those requests presented

"unusual circumstances" and so advised Zorn. He, along with several other Plaintiffs who have now been dismissed from the case, filed suit claiming that the DEA's interpretation of when it was permissible to invoke "unusual circumstances" violated FOIA and gave rise to a so-called policy, pattern, or practice claim under FOIA. Doc. No. 1. Defendants moved to dismiss the policy or practice claim. Doc. No 6. In response, Plaintiffs amended their complaint to add a Due Process claim. Doc. No. 7. Defendants filed a second motion to dismiss. Doc. No. 7. Judge Hughes then held an initial conference, at which, the parties agreed that the case was about whether DEA properly invoked the "unusual circumstances" provision. Defendants explained that, "[i]n FOIA cases discovery is the exception, not the rule" and Defendants "should be provided an opportunity to provide [an] affidavit with our summary judgment explaining what we did and why we did it." Doc. No. 36 at 8:21-25. Zorn argued that he needed limited discovery. *Id.* at 7:23-25, 8:9-10 ("I don't want to drag this out. I don't think we need extensive discovery . . . we just need to get simple answers; and then we're done."). With respect to the discovery requested, Plaintiff's counsel stated that:

> All that we would want is a 30(b)(6) deposition and maybe the answer to – answers to a few questions … Just one 30(b)(6) deposition . . . and then really targeted document requests like a floor plan of the agency, for example, five or fewer; I think that's basically all we need.
>
> ***
>
> The only reason we need discovery, Your Honor, is we – we think there's a pattern, practice, and policy; and the government is kind of denying it.

*Id.* at 15:3-11; 15:23-25.

Judge Hughes ordered Plaintiffs to submit proposed 30(b)(6) topics for review, an agreed date for a 30(b)(6) deposition, and deadlines for cross-motions for summary judgment. Order to Report, Doc. No. 11. The parties submitted a Joint Report, which included Plaintiffs' proposed

30(b)(6) deposition topics. Doc. No. 12. Defendants objected to some of the topics and to Plaintiff's inclusion of document requests with the 30(b)(6) deposition notice. Defendants, however, specifically reserved their objections to the individual document requests under Rule 34. *Id.* at 8. The Court limited some of the proposed 30(b)(6) deposition topics and allowed Plaintiffs to request documents. Discovery and Case Management Order, Doc. No. 13.

**A. The 30(b)(6) deposition.**

The parties traveled to Arlington, Virginia, for an in-person 30(b)(6) deposition, and Plaintiffs, through Zorn, used the permitted 30(b)(6) to ask questions about issues that were unrelated to the designated topics. Among other things, the following occurred:

1) Zorn had the witness read a settlement offer into the record. Exhibit 1, Deposition of Kelleigh Miller ("Depo."), Doc. 25-1, at 14:1-22:22. Zorn had written a letter to the DEA Administrator and he proceeded to read the letter to the witness and have her confirm his reading of it. *Id.* He had the letter admitted as part of the deposition record. *Id.*

2) Zorn attempted to serve a FOIA request on the witness. Depo. at 44:18-46:22. After Defendants objected, Zorn acknowledged that what he was attempting to do was improper and he withdrew the request. *Id.* at 47:11-18.

3) In addition, Zorn asked the witness a series of questions about the Chief FOIA Officer position as that term is defined in FOIA. Defendants objected to this line of questioning at the time because it was not identified as a 30(b)(6) deposition topic. Zorn argued that it was covered by the first topic—"1. The structure and operation of the DEA FOIA office." Doc. No. 12-1 at 4.

4) Zorn also asked about DEA's practice of redacting the names of employees in FOIA responses. Depo. at 209:17-217:22.

3

The foregoing examples demonstrate how Zorn used the limited discovery afforded to him to engage in litigation gamesmanship and to ask questions on topics that were not clearly identified and beyond the purported purpose of the limited deposition. Specifically, Plaintiffs asked a series of questions on topics that had nothing to do with the "unusual circumstances" provision, nor were they related to his pending FOIA requests.

### B.  The Errata

The Defendants' 30(b)(6) designee was Kelleigh Miller. Her official title is Chief of the Freedom of Information and Privacy Act Unit at DEA. She is therefore a "Chief" and the person at DEA who is primarily responsible for DEA's processing of FOIA requests. During the deposition, Zorn asked Ms. Miller numerous questions about the "Chief FOIA Officer" position as defined at 5 U.S.C. § 552(j)(1), which requires each agency to designate a "Chief FOIA Officer." Ms. Miller mistakenly identified herself as DEA's Chief FOIA Officer under 5 U.S.C. § 552(j)(1). The Department of Justice, however, has only one Chief FOIA Officer under 5 U.S.C. § 552(j)(1): Associate Attorney General Vanita Gupta. *See* Doc. No. 25-2, Errata; *see also* the DOJ's Chief FOIA Officer Report. https://www.justice.gov/oip/page/file/1483001/download. Ms. Miller also mistakenly identified DEA as a separate agency, rather than as a component of the Department of Justice. Ms. Miller's testimony on those points was therefore mistaken and appropriately corrected in an errata pursuant to Rule 30(e).  *See* Doc. No. 25-2.

### ARGUMENT

### I.  Discovery is rare and disfavored in FOIA litigation and Zorn has not shown that further discovery is warranted at this stage of the case.

Plaintiff plainly concedes that "discovery is typically not permitted in FOIA cases." Mot. at 7. He is right: courts have stated again and again that discovery is "generally inappropriate in a FOIA case." *Freedom Watch, Inc. v. U.S. Dep't of State*, 179 F. Supp. 3d 121, 127 (D.D.C. 2016); *see*

*also Schiller v. INS,* 205 F. Supp. 2d 648 (W.D. Tex. 2002) (denying discovery on policies and procedures and noting that discovery is not typically part of a FOIA case); *CareToLive v. FDA*, 631 F.3d 336, 345-46 (6th Cir. 2011) ("Claims under the [FOIA] are typically resolved without discovery on the basis of the agency's affidavits."); *Heily v. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003) ("It is well-established that discovery may be greatly restricted in FOIA cases."); *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) (noting that "discovery is disfavored" in FOIA actions), aff'd, 485 F. App'x 439 (D.C. Cir. 2012).

Generally, these principles are articulated in the context of garden-variety FOIA claims seeking agency records. Plaintiff contends that they *only* apply in such ordinary FOIA cases and not to the kind of policy or practice FOIA claims he pursues here. Mot. at 7-8. Not so; in fact, discovery limitations apply to these kinds of FOIA cases too. *See Pietrangelo v. U.S. Army*, 334 F. App'x 358, 360 (2d Cir. 2009) (unpublished op.) (affirming district court's denial of motion for discovery on pattern or practice claim where the agency produced adequate affidavits and the plaintiff "did not make an adequate showing of bad faith" "sufficient to impugn" the affidavits).

Moreover, in FOIA policy or practice cases discovery, to the extent that it is permitted, is allowed only under the confines of Rule 56(d). Importantly, the application of Rule 56(d) requires a plaintiff to specify exactly why, and to what extent, discovery is needed to support *valid* claims. *See Am. Ctr. for L. and J. v. U.S. Dept. of State*, 289 F. Supp. 3d 81, 93 (D.D.C. 2018) (denying Plaintiff's request for discovery under Rule 56(d) in a FOIA policy or practice case because "Plaintiff's request seems little more than the proverbial fishing expedition."); *Am. Oversight v. U.S. Envtl. Protec. Agency*, 386 F. Supp. 3d 1, 14 n 8 (D.D.C. 2019) (plaintiff should comply with Rule 56(d) in order to obtain discovery in a policy or practice FOIA claim case). At a minimum, courts resolve threshold jurisdictional issues prior to allowing discovery in FOIA cases. *See Petrus v. Bowen*,

833 F.2d 581, 583 (5th Cir. 1987) (holding that district court properly deferred discovery in a FOIA case while deciding motion to dismiss raising threshold issues).

Zorn originally sought what he described as "simple" discovery to address a limited number of matters related to his policy or practice claim regarding DEA's invocation of FOIA's "unusual circumstances" provision. But Zorn used that limited discovery to engage in a fishing expedition to identify any potential FOIA issue he could conjure. He now asks the Court to authorize still more discovery on a roving mission based largely on notions of the "interests of justice" to the general public, despite acknowledging that "resolution of [his] claims largely turns on deciding legal questions." Mot. at 6. That is not what Judge Hughes authorized and it is not consistent with the appropriate scope of FOIA litigation, nor even basic principles of federal jurisdiction and civil discovery. Put simply, Zorn cannot appoint himself, nor ask this Court to function as, a general FOIA watchdog.

Another court's decision in a FOIA policy or practice case is instructive on this point. In *Alley v. U.S. Dept. of Health and Human Services*, CV-07-BE-0096-E, 2010 WL 11561222, at *1 (N.D. Ala. Sept. 30, 2010), the plaintiff brought a FOIA policy or practice claim against the U.S. Department of Health and Human Services (HHS). The *Alley* court, like Judge Hughes here, allowed limited discovery on the alleged FOIA policy or practice at issue. The *Alley* plaintiff, like the Plaintiff here, used that limited discovery to engage in a fishing expedition to identify any and all possible FOIA criticisms. The *Alley* Court flatly rejected that effort. In particular, the court noted the limited discovery permitted was "tailored to specific policies impacting specific Plaintiffs and a specific FOIA request." 2010 WL 11561222, at *5. And the *Alley* court held that it "*did not invite Plaintiffs to search out and bring to the court all flawed FOIA policies of HHS and convert this court into a super-watchdog over HHS's FOIA practices.*" *Id.* (emphasis added). This is exactly what Plaintiff is

attempting to do here: taking advantage of the limited discovery on the issue of DEA's use of the "unusual circumstances" provision to search for and allege all FOIA grievances within DOJ, notwithstanding whether they have anything at all to do with him or any FOIA request he has ever made. *See* Defendants' Motion to Dismiss, at p. 6 (arguing Plaintiff lacks standing to bring Chief FOIA Officer claims). The Court should not permit this to continue. At bottom, like the court in *Alley*, this Court should reject Plaintiff's attempt to make himself a "super-watchdog" over DOJ's FOIA practices.

In sum, Plaintiff has already been permitted limited discovery. No further discovery is warranted at this stage. Defendants do not contest that the "unusual circumstances" issue should proceed to summary judgment. If the Plaintiff needs further discovery to respond to Defendants' forthcoming motion for summary judgment on the "unusual circumstances" issue—which Defendants believe is unlikely—he can request it under Rule 56(d) as has been done in the other FOIA policy or practice cases.

## II.    Even Under Ordinary Discovery Principles, Plaintiff Has Not Shown Any Basis for Further Discovery.

Plaintiff seeks three forms of discovery in his motion—(1) an order for Defendants to produce certain documents and to describe in a declaration the process used to search for and produce the documents; (2) a further 4.5-hour deposition of Defendants pursuant to Rule 30(b)(6); and (3) a 4-hour deposition of Bobak Talebian, Director of DOJ's Office of Information Policy (OIP). Plaintiff has failed to show any basis for judicial relief on any of these requests, even applying ordinary principles of civil discovery, let alone the limitations that should apply in this FOIA case.

### A.  Document Discovery

First, Plaintiff's request for an order to produce "*all* policies relating to the processing of FOIA requests and the production of records in response to FOIA records" and to produce a declaration regarding the search should be denied. Here, Plaintiff has essentially filed a motion to compel a response to a previously issued request for production, even though Defendants have fully complied with that prior request and even though Plaintiff has not met the basic meet-and-confer requirements for a motion to compel. His request for further document discovery should be denied.

Plaintiff previously requested documents from all Defendants falling within a number of categories, including "[i]nternal FOIA staff manuals or documents distributed, used, or relied upon by DEA or DOJ personnel to process and respond to FOIA requests" and "[a]ll written (public and non-public) policies for processing FOIA requests." Doc. No. 16 at 6. In responding to this request, Defendants objected because it is, among other things, grossly overbroad. *See* Exhibit A, Defendants' Responses to Plaintiff's Document Requests.

Nevertheless, in the spirit of cooperation and transparency, Defendants produced documents responsive to that request on December 28, 2022. Doc. No. 31-1. Contrary to Plaintiffs' assertions, that production encompassed documents from *both* DEA and DOJ, covering 354 pages. Exhibit A, Responses to Requests 1 and 2. Additionally, Defendants provided links to numerous other publicly available sources: DOJ's FOIA Regulations, DOJ's published Guide to the FOIA, a repository of summaries of significant FOIA court decisions from OIP, OIP's website regarding FOIA Resources, and OIP's website regarding FOIA Guidance. *Id.* Defendants understood at the time that this was a complete response to the request and reflected all current DEA and DOJ "policies for processing FOIA requests" and "staff manuals or documents" on that subject, subject to privilege withholdings. *See id.* at 1–2. After Plaintiff sent an email asserting

8

that Defendants' production did not encompass DOJ documents, undersigned counsel had a telephone conversation with Plaintiff consistent with the foregoing explanation, that the Defendants' production did contain a response from both DOJ and DEA. Plaintiff raised no further objection at that time.

During the subsequent Rule 30(b)(6) deposition, the government's witness referred to a document that had not been produced, an OIP "Guidance on Disclosure of DOJ Employee Names." Doc. No. 31-3. That document was not previously identified during Defendants' initial search in response to Plaintiff's production for several reasons. First, the document has no bearing on the issue of "unusual circumstances." If it had addressed that issue, then it would have been identified during deposition preparations, located, and produced prior to the deposition. That said, Defendants acknowledge that Plaintiff's document requests were not limited to documents relevant to the "unusual circumstances" provision. The fact that this document was not identified and analyzed to determine its responsiveness prior to the deposition was an oversight.

After the deposition during which the document was discussed, Defendants located the legal guidance and produced it on February 13, 2023. Doc. No. 31-2. Defendants are unaware of any other potentially responsive and non-privileged document that has not been produced (primarily by reference to publicly available DOJ websites). Again, Plaintiff made no further objection to the Defendants' handling of his requests for production following production of the guidance document.

The foregoing narrative does not demonstrate deficient discovery actions warranting relief. The "standard for evaluating discovery is reasonableness, not perfection." *See, e.g.*, *Agerbrink v. Model Serv. LLC*, No. 14 Civ. 7841, 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017). Thus, where a party has "at best, shown one or two instances of imperfect conduct," no judicial relief is

9

appropriate because the Rules "do not require perfection or a guarantee that every possible responsive document has been found or produced." *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 631 (C.D. Cal. 2013). The Defendants have handled Plaintiff's request for documents reasonably: they made a substantial production of documents, cooperatively responded to questions regarding that production, and, upon learning of one document not produced— arguably responsive to the request for documents, but irrelevant to the resolution of the "unusual circumstances" claim at issue—proactively located the document and produced it.

Plaintiff's further request for a declaration describing Defendants' search method is "discovery on discovery" that is, in reality, a proposed discovery sanction without complying with the requirements of Rule 37. The court should reject that kind of groundless sanction. *See Salzgitter Mannesmann Intl. (USA) Inc. v. Sun Steel Co. LLC*, 3:22-CV-00030, 2022 WL 3041134, at *2 (S.D. Tex. Aug. 2, 2022) (rejecting party's attempt to "undertake 'discovery on discovery' without any factual reason to believe that any documents responsive to the subpoena have been withheld would send us off on a tangent that might never end."). To obtain "discovery on discovery" that is "both relevant and proportional to the needs of the case," the requesting party should make a showing, including through "the documents that have been produced," that allows the Court to make "a reasonable deduction that other documents may exist or did exist and have been destroyed" or must "point to the existence of additional responsive material." *VeroBlue Farms USA Inc. v. Wulf*, --- F.R.D. ---, 3:19-CV-764-X, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021). Plaintiff cannot make that showing here. A single document was overlooked by Defendants and, as soon as the document was identified, it was produced to Plaintiff in good faith. *See Freedom Watch, Inc. v. NSA*, 220 F. Supp. 3d 40, 46 (D.D.C. 2016) (denying motion for discovery and finding that "'mistakes do not imply bad faith. In fact, [an] agency's cooperative behavior of notifying the

Court and plaintiff that it . . . discovered a mistake, if anything, shows good faith.'") (quoting *Fischer v. DOJ*, 723 F. Supp. 2d 104, 108-109 (D.D.C. 2010)). These facts do not warrant further discovery, nor do they necessitate the *de facto* discovery sanction that Plaintiff proposes.

### B.  Further Rule 30(b)(6) Deposition

Plaintiff's request for a further Rule 30(b)(6) deposition should also be denied. Plaintiff seeks this deposition regarding a few clusters of topics: (1) topics regarding "DOJ's policies with respect to FOIA" including "how DOJ processes FOIA requests Departmentwide" and the manner in which "OIP advises components on FOIA compliance"; (2) topics regarding the identity and activities of "DOJ/DEA's Chief FOIA Officer"; (3) the circumstances surrounding the errata previously produced regarding the first 30(b)(6) deposition; and (4) the declaration that Plaintiff seeks through this motion in regard to document discovery. Mot. at 6. Plaintiff fails to establish any adequate basis for a further deposition on any of these topics.

To begin, the final topic Plaintiff seeks regarding the search declaration he demands should be rejected for the same reasons laid out above that his underlying request for further document discovery should be rejected: Plaintiff has failed to show any intentional failure to comply with his original discovery request or any basis for judicial relief, including "discovery on discovery." The remaining topics are addressed below.

#### 1. DOJ FOIA policies topics

As to topics regarding DOJ FOIA policies, Plaintiff *already* obtained a corporate deposition encompassing these topics. Plaintiff's original 30(b)(6) notice encompassed 15 topics, including seven topics regarding Defendants' FOIA policies, such as the "policies/interpretations" that "Defendants [have] adopted for processing FOIA requests." Doc. No. 16 at 4. A plaintiff should generally not be permitted a second 30(b)(6) deposition if they

failed to ask questions on topics that they could have covered during the first deposition. *See, e.g.,*
*Ruiz v. Sharkninja Operating* LLC, 6:21-CV-1628-WWB-LHP, 2023 WL 2456509, at *1 (M.D. Fla.
Mar. 10, 2023) (denying second 30(b)(6) on topic plaintiff should have been aware of during first
deposition). Here, Plaintiff stated no objection during or after that deposition that Defendants'
30(b)(6) representative was unprepared to address any of the noticed topics, including the topics
regarding FOIA policies. Moreover, Plaintiff's motion says nothing about why he should be
entitled to still more deposition time on topics he already had the opportunity to question
Defendants about; the motion is instead focused on the other topics on which he seeks testimony.
Plaintiff was obligated to efficiently use his deposition time and he raises no basis for still more
deposition questioning about Defendants' FOIA policies.

The same arguments hold true for the topic Plaintiff seeks regarding the manner in which
"OIP advises [DOJ] components on FOIA compliance." This topic is fairly encompassed by the
prior 30(b)(6) topics regarding Defendants' FOIA policies and Plaintiff raises no basis to pursue
still more deposition time to plow the same ground. Insofar as Plaintiff is pursuing this topic
based on his allegation that there are undiscovered OIP "policies" that OIP has "established," *see*
Mot. at 12, this is simply more "discovery on discovery" for which Plaintiff has failed to show a
basis or a need.

   *2.   Chief FOIA Officer topics*

The second group of topics regarding "DOJ/DEA's Chief FOIA Officer" also raise no
basis for further discovery. Here, Plaintiff is seeking discovery on claims over which this Court
lacks subject matter jurisdiction, specifically Counts 3–5 of the Second Amended Complaint,
which allege that DEA does not have a statutorily or constitutionally compliant Chief FOIA
Officer. Defendants have filed a motion to dismiss on these claims arguing that Plaintiff lacks

standing to raise any claim regarding the Defendants' Chief FOIA Officer—those claims have nothing to do with any injury allegedly inflicted on him. *See* Defendants' Motion to Dismiss.

The Court should not permit discovery on claims that it lacks jurisdiction to hear or that are otherwise barred as a matter of law. *See Petrus*, 833 F.2d at 583 (holding that discovery in FOIA case was properly deferred pending resolution of motion to dismiss); *Von Drake v. Nat'l Board. Co. Inc.*, No. 3-04-CV0652-R, 2004 U.S. Dist. LEXIS 25090, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss might prejudice the need for discovery altogether thus saving time and expense") (quotations omitted); *Summers v. Louisiana*, No. CV 20-21-JWD-SDJ, 2021 WL 4714642, at *1 (M.D. La. Oct. 8, 2021) (finding good cause to stay discovery pending resolution of motion to dismiss which "raises the threshold issue of subject-matter jurisdiction"); *Laufer v. Patel*, No. 20-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) (same).

### 3. Errata

Finally, Plaintiff seeks a further deposition regarding the errata that Defendants issued regarding certain testimony made by the 30(b)(6) witness. This too should be rejected.

Rule 30(e) permits corrections of deposition testimony in form or substance and it "places no additional limits on the type of changes or on the range of permissible reasons for making changes.*" Weeks v. Nationwide Mut. Ins. Co.*, CV H-21-4138, 2023 WL 2021823, at *1 (S.D. Tex. Feb. 15, 2023) (denying motion to strike errata and/or reopen deposition and collecting cases); *see also Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005) (Rule 30(e) "makes provision for changes in substance that are made for legitimate reasons, such as to correct a misstatement or honest mistake."). As Defendants explained at the time, correction was necessary here because the witness inadvertently stated factually inaccurate testimony, stating that she is DEA's Chief FOIA Officer

13

where, in fact, DEA has no separate Chief FOIA Officer at all. *See* Doc. No. 25-2 at 1 (stating that "my official title is the Chief of the Freedom of Information and Privacy Act (FOIA/PA) Unit at the [DEA]" and that DOJ's Chief FOIA Officer is Ms. Gupta). That these misstatements were made is unfortunate, but understandable: the names of the two positions are similar, the Rule 30(b)(6) deposition notice did not clearly raise the Chief FOIA Officer issue as a topic that would be raised in the deposition and, indeed, it has nothing at all to do with the "unusual circumstances" claim that was the original focus of this lawsuit.

A further deposition on this errata topic should be denied. As to the question of whether DEA is an "agency" under FOIA, this is a purely legal matter that does not warrant factual discovery. Indeed, Plaintiff has *already* moved for summary judgment on this question; he cannot reasonably contend that he nonetheless needs discovery on the issue. *See* Pl.'s Mot. for Partial Summ. J., Doc. No. 28. As for the fact that the witness is not DEA's Chief FOIA Officer—because DEA does not have one and is not required to have one by statute—that is irrelevant to the only claims that should reach summary judgment, Plaintiff's "unusual circumstances" claim. The Court should not permit discovery on these "Chief FOIA Officer" claims where Plaintiff has no standing to pursue them. *See supra*.

### C. Deposition of Bobak Talebian, Director of OIP

The Court should also reject Plaintiff's request for a "personal" deposition of Bobak Talebian, the Director of DOJ's Office of Information Policy. There is no need or justification to take a personal deposition of any DOJ official. There are no allegations or claims related to the personal actions of Director Talebian alleged in the Second Amended Complaint. And Plaintiff has already had the opportunity to depose a 30(b)(6) witness representing all Defendants, including DOJ, and he has requested a second 30(b)(6). A deposition of Mr. Talebian on top of

that would be unnecessarily cumulative and duplicative. *See Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019) (holding that courts "must limit discovery, if it determines, on motion or on its own, that 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient . . .'") (citing Rule 26).

In his brief seeking Director Talebian's deposition, Plaintiff does little more than baldly assert that Talebian "has unique personal knowledge and expertise in the matters at hand." Mot. at 13. Plaintiff cites no legal basis to obtain Mr. Talebian's deposition based on his "expertise" and as for "personal knowledge," Plaintiff says little about what that unique personal knowledge would be and how it would be relevant to any claim upon which discovery should be had. Plaintiff states at one point in his brief that perhaps Mr. Talebian is actually serving as DOJ's Chief FOIA Officer, not Associate Attorney General Gupta. Mot. at 12. Perhaps this farfetched assertion is what Plaintiff wishes to pursue in a deposition. If so, that raises no basis for an intrusive deposition of a particular senior government official. The Chief FOIA Officer claims should be dismissed and should not be a basis for discovery, as discussed above and in the Defendants' concurrently filed motion to dismiss. *See supra*. But even if those claims were a basis for discovery, Plaintiff cannot explain why the second 30(b)(6) deposition he seeks on that subject would be inadequate. Plaintiff's request for the OIP Director's deposition should be denied.

## III.   To the Extent Discovery is Permitted, It Should Be Limited to a One Hour Reopening of the 30(b)(6) Deposition Regarding the Errata.

The purported focus of this suit is on how DOJ and its component, DEA, interpret and apply FOIA's "unusual circumstances" provision. This issue was addressed in the previously authorized 30(b)(6) deposition. Indeed, after the 30(b)(6) deposition, the parties agreed that "no further discovery is needed in this matter before dispositive motions." Joint Proposed Schedule at 1, Doc. No. 19. Plaintiff subsequently moved to vacate the schedule the parties agreed to, candidly

stating that prior to issuance of the errata "there appeared to be no more genuine disputes of material facts" and that he was prepared to file for summary judgment. *See* Mot. to Vacate Schedule at 5, Doc. No. 25. In short, and by Plaintiff's own admission, the *only* thing that changed since the parties agreed that no further discovery is needed was service of the errata.

This errata raises no basis for discovery: as discussed above, it was a proper use of Rule 30(e) and its subject solely concerns claims that should be dismissed for lack of jurisdiction. But even if the Court believes that some discovery relief is appropriate, the Court should do no more than permit a limited re-opening of the 30(b)(6) deposition for one hour to ask any necessary follow-up questions on the errata sheet. As with any 30(b)(6) deposition, Defendants would designate an appropriate witness or witnesses to address those issues.

## CONCLUSION

The wide-ranging discovery Plaintiff now seeks should be denied for all the foregoing reasons and because, as even Plaintiff recognized *after* the 30(b)(6) deposition, "no further discovery is needed in this matter." *See* Joint Proposed Schedule at 1, Doc. No. 19.

DATED: April 24, 2023

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney

*s/Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532

16

Fax: (713) 718-3303
jimmy.rodriguez2@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

JAMES R. POWERS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 353-0543
james.r.powers@usdoj.gov

ATTORNEYS FOR DEFENDANTS

Of counsel:
Glenn Gray
Attorney
Drug Enforcement Administration
Office of Chief Counsel, FOIA & Information Law Section
8701 Morrissette Dr., Springfield, VA 22152

17

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document has 4,996 words per Microsoft Word's word count feature.

## CERTIFICATE OF SERVICE

I certify that on April 24, 2023, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
