# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MATTHEW C. ZORN,

*Plaintiff,*

v.

U.S. DEPARTMENT OF JUSTICE, *et al.,*

*Defendants.*

Civil Action No. 4:22-CV-02396

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

BACKGROUND ............................................................................................................2

     A.    Legal Background ...........................................................................................2

     B.    Factual and Procedural Background ...............................................................3

ARGUMENT .............................................................................................................5

    I.    PLAINTIFF LACKS STANDING TO PURSUE HIS CHIEF FOIA
         OFFICER  CLAIMS AND HIS MOTION BASED ON THOSE CLAIMS
         SHOULD BE  DENIED .............................................................................5

    II.    PLAINTIFF'S MOTION SHOULD BE DENIED ON THE MERITS
         BECAUSE DEA IS NOT AN "AGENCY" FOR PURPOSES OF THE
         CHIEF  FOIA OFFICER STATUTE. ..................................................6

     A.    FOIA's Requirement for Agencies to Appoint Chief FOIA Officers
          Refers to Executive Departments Like DOJ, Not Components
          Like DEA. ..............................................................................................6

         1.    FOIA's text and structure show that DEA is not a separate agency
              that must appoint a Chief  FOIA Officer. .........................................6

         2.    Plaintiff's contrary interpretive arguments fail..................................9

     B.    In Any Event, Congress Has Ratified The Executive Branch
          Interpretation That The Chief FOIA Officer Provision Does Not
          Apply to Components of Executive Departments. ....................................12

CONCLUSION .....................................................................................................16

# TABLE OF AUTHORITES

**CASES**

*Bates v. United States*,
    522 U.S. 23 (1997) ...........................................................................................10

*Bostock v. Clayton Cty., Ga.*,
    140 S. Ct. 1731 (2020) ......................................................................................10

*Burgess v. United States*,
    553 U.S. 124 (2008) ..........................................................................................11

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ............................................................................................5

*Clark v. Rameker*,
    573 U.S. 122 (2014) ............................................................................................8

*Corley v. United States*,
    556 U.S. 303 (2009) ............................................................................................8

*Dep't of Homeland Security v. MacLean*,
    574 U.S. 383 (2015) ..........................................................................................10

*Digital Realty Tr., Inc. v. Somers*,
    138 S. Ct. 767 (2018) ........................................................................................11

*Duarte v. Mayorkas*,
    27 F.4th 1044 (5th Cir. 2022) .....................................................................15, 16

*Forest Grove Sch. Dist. v. T.A.*,
    557 U.S. 230 (2009) ..........................................................................................15

*Lorillard v. Pons*,
    434 U.S. 575 (1978) .....................................................................................15, 16

*Loughrin v. United States*,
    573 U.S. 351 (2014) ..........................................................................................10

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ............................................................................................9

*New York v. Meta Platforms, Inc.*,
    66 F.4th 288 (D.C. Cir. Apr. 27, 2023) ...........................................................13

*Republic of Sudan v. Harrison*,
  139 S. Ct. 1048 (2019) ..................................................................................................10

*Russello v. United States*,
  464 U.S. 16 (1983) ........................................................................................................10

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) .........................................................................................................5

*Valve Corp. v. Ironburg Inventions Ltd.*,
  8 F.4th 1364 (Fed. Cir. 2021) .......................................................................................13

**STATUTES**

5 U.S.C. § 101 .................................................................................................................2, 6

5 U.S.C. § 103 ....................................................................................................................6

5 U.S.C. § 551(1) ..........................................................................................................9, 10

5 U.S.C. § 552 ............................................................................................................*passim*

5 U.S.C. §§ 553–59 ..........................................................................................................10

Openness Promotes Effectiveness In Our National Government Act of 2007,
  Pub. L. No. 110-175, 121 Stat. 2529 (Dec. 31, 2007) ...................................................14

FOIA Improvement Act of 2016,
  Pub. L. No. 114-185, 130 Stat. 542 (June 30, 2016) .....................................................14

Reorganization Plan No. 2 of 1973,
  Pub. L. No. 93-253, 87 Stat. 1091, as amended Pub. L. No. 93-253, 88 Stat. 50 (1974) ..........2, 7

**LEGISLATIVE MATERIALS**

H.R. Rep. 93-1380 (Sept. 25, 1974) ................................................................................11

S. Rep. No. 93-854 (May 16, 1974) .................................................................................11

**REGULATIONS**

28 C.F.R. § 16.1 .................................................................................................................8

28 C.F.R. § 16.3(a)(1) ....................................................................................................9, 12

28 C.F.R. Pt. 16 ..........................................................................................................3, 7, 8

Executive Order 13,392,
   70 Fed. Reg. 75373 (Dec. 14, 2005) ........................................................................ 12, 14

## OTHER AUTHORITIES

Statement of Daniel J. Metcalfe, Dir., Office of Info. & Privacy, Dep't of Justice, *Implementing FOIA – Does the Bush Administration Executive Order Improve Processing?: Hearing Before the Subcomm. on Gov't Mgmt., Finance, & Accountability, of the H. Comm. on Gov't Reform* (July 26, 2006),
   https://www.justice.gov/archive/oip/metcalfe_foia_testimony07252006.pdf ................... 12, 13

*Summary of Agency Chief FOIA Officer Reports for 2012*, Dep't of Justice Office of Info. Policy,
   https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/sum-2012-chief-foia-officer-rpt.pdf ...................................................................................................................14

*Summary of Agency Chief FOIA Officer Reports for 2014*, Dep't of Justice Office of Info. Policy,
   https://www.justice.gov/sites/default/files/pages/attachments/2014/09/12/2014_cfo_summary_and_assessment_0.pdf.............................................................................14

*Summary of Agency Chief FOIA Officer Reports for 2018*, Dep't of Justice Office of Info. Policy,
   https://www.justice.gov/OIP/Reports/2018Summary%26Assessment/download#2018.....15

U.S. Dep't of Justice, *Chief FOIA Officers Designated Under E.O. 13, 392* (as accessible on July 25, 2006),
   https://web.archive.org/web/20060725235507/https:/www.justice.gov/04foia/chieffoiaofficers.html ..............................................................................................................13

U.S. Dep't of Justice, *U.S. Dep't of Justice 2023 Chief FOIA Officer Report*,
   https://www.justice.gov/oip/page/file/1573561/download ......................................................15

The Freedom of Information Act ("FOIA") requires that each "agency" take various actions pursuant to the statute.  Among other duties, agencies must appoint a Chief FOIA Officer, a senior official with various responsibilities and authorities regarding training, monitoring, educating, and making proposals with respect to agency FOIA operations.  Plaintiff's Complaint wrongly claims that the Department of Justice's ("DOJ's") Drug Enforcement Administration ("DEA") has failed to comply with FOIA's Chief FOIA Officer provision.  Contrary to Plaintiff's arguments, DEA is not an "agency" for purposes of this requirement and, therefore, is not required to have a separate Chief FOIA Officer.  Plaintiff's motion for partial summary judgment seeks a ruling now on whether DEA is an agency under FOIA.

Plaintiff's motion should be denied for two reasons.  First, Plaintiff lacks standing to bring his claims regarding alleged deficiencies in Defendants' compliance with the Chief FOIA Officer statute, which claims are the sole predicate for this motion for partial summary judgment. Defendants have filed a motion to dismiss explaining that Plaintiff has failed to articulate a cognizable injury-in-fact traceable to alleged deficiencies in Defendants' compliance and has not shown that it is likely any relief from this Court would redress any such injury.  *See* Defs.' Mot. to Dismiss in Part at 6–10, Doc. No. 42 ("Defs.' MTD").  The Court should grant the motion to dismiss and deny Plaintiff's motion for partial summary judgment accordingly.

Second, if the Court reaches the merits of Plaintiff's motion, it should reject it.  The role of DOJ's Chief FOIA Officer, occupied by the Associate Attorney General, encompasses the entirety of DOJ, including all of its component organizations, such as DEA.  DEA has no separate Chief FOIA Officer because FOIA does not require it; DEA is not a separate "agency" from DOJ under the statute.  In any event, Congress has twice ratified the uniform interpretation of the Executive Branch, in place since the inception of the Chief FOIA Officer requirement by

Executive Order in 2005, that components of executive departments need not appoint separate Chief FOIA Officers.  Plaintiff's motion should be denied.

## BACKGROUND

This opposition and Plaintiff's motion for partial summary judgment concern a narrow slice of Plaintiff's broad-ranging complaint challenging numerous purported deficiencies in DOJ's and DEA's administration of FOIA.  The Government herein addresses only those aspects of the proceedings relevant to the instant motion; a fuller discussion of Plaintiff's Complaint and the current status of proceedings is articulated in the Government's pending motion to dismiss and opposition to Plaintiff's motion for discovery.  *See* Defs.' MTD; Defs.' Opp'n to Pl.'s Mot. for Discovery, Doc. No. 43.

### A.    Legal Background

FOIA establishes a number of duties and obligations assigned to "agencies."  FOIA defines the term "agency" at section 552(f)(1) as follows: "'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President) or any independent regulatory agency."  A preceding section of Title 5 defines "Executive department" as referring to the fifteen Cabinet-level executive departments of the United States, including the Department of Justice.  *See* 5 U.S.C. § 101.  DEA was established by law as a component of DOJ.  *See* Reorganization Plan No. 2 of 1973 § 4, 87 Stat. 1091, as amended Pub. L. No. 93-253, 88 Stat. 50 (1974) (establishing "*in* the Department of Justice an agency which shall be known as the Drug Enforcement Administration" (emphasis added)).  DOJ's FOIA regulations confirm that DEA is a component

2

of DOJ for purposes of FOIA.  *See* 28 C.F.R. Pt. 16, App. I—Components of the Department of Justice (listing DEA as among the "Department components" and identifying its FOIA office).

The most critical responsibility assigned by FOIA is undoubtedly the obligation of each "agency" to "make available to the public information" covered by the statute, 5 U.S.C. § 552(a). In order to promote effective administration of this primary FOIA obligation, FOIA also imposes other requirements on each "agency."  The statute requires that agencies prepare and submit to the Attorney General and the Director of Government Information Services an annual report regarding various aspects of their FOIA operations.  *Id.* § 552(e)(1).  And it also requires agencies to designate a Chief FOIA Officer "who shall be a senior official of such agency (at the Assistant Secretary or equivalent level)."  5 U.S.C. § 552(j)(1).  FOIA provides that each Chief FOIA Officer has various duties and powers regarding training, monitoring, educating, and making proposals with respect to agency FOIA operations.  *See* 5 U.S.C. § 552(j)(2).

### B.    Factual and Procedural Background

Among its nine causes of action, Plaintiff's Second Amended Complaint brings three claims based on FOIA's Chief FOIA Officer provision, claims three through five.  *See* 2d Am. Compl. ¶¶ 137–52, Doc. No. 21.  Claim three seeks a declaratory judgment that Defendants are violating that provision by DEA's alleged failure to "designate[] a 'senior official' at the 'Assistant Secretary or equivalent' level as its Chief FOIA Officer."  *Id.* ¶¶ 140, 143.  Claim four seeks a declaratory judgment that the Chief FOIA Officer within an agency must be appointed in a manner consistent with the Constitution's Appointments Clause and that DEA has allegedly failed to make such a constitutionally compliant appointment.  *Id.* ¶¶ 145, 146.  And claim five seeks an order under section 706(1) of the Administrative Procedure Act, alleging that the Defendants have "unlawfully withheld the designation of a statutorily compliant Chief FOIA Officer" for

DEA. *Id.* ¶ 151.  In sum, Plaintiff's three claims regarding the Chief FOIA Officer statute are rooted in an alleged statutory duty of DEA to appoint a Chief FOIA Officer and DEA's alleged failure to appoint one at the "Assistant Secretary or equivalent" level.

Plaintiff bases these claims on his allegation that DEA's Chief FOIA Officer is Kelleigh Miller, an individual that he asserts does not meet the statutory requirement of being a "senior official . . . at the Assistant Secretary or equivalent level."  2d Am. Compl. ¶ 65, 67.  Plaintiff's allegation is rooted in mistaken deposition testimony by Ms. Miller that she is the Chief FOIA Officer for DEA, which she provided while testifying as a 30(b)(6) representative of the Defendants.  Although unfortunate, Ms. Miller's mistake is understandable: the 30(b)(6) notice had nothing to do with FOIA's Chief FOIA Officer provision—*see* Pl.'s 30(b)(6) Notice, Doc. No. 16—and Ms. Miller is the Chief of the Freedom of Information and Privacy Act Unit at DEA, a similar title to Chief FOIA Officer for a role with no relationship to the statutorily-mandated Chief FOIA Officer position.  *See* Ex. A to Miller Errata Sheet at 1, Doc. No. 25-2.  In short, DEA does not have a separate Chief FOIA Officer because, like all of DOJ's components, *its* Chief FOIA Officer is *DOJ's* Chief FOIA Officer, Associate Attorney General Vanita Gupta.  *See id.*  In order to correct Ms. Miller's inadvertent misstatement, Defendants issued an errata on Ms. Miller's behalf.  *See id.*

Plaintiff has now filed a motion for partial summary judgment for an order determining that DEA is an "agency" under FOIA, such that it is obligated to appoint a Chief FOIA Officer under section 552(j)(1).  Pl.'s Mot. for Partial Summ. J., Doc. No. 28 ("Pl.'s Mot.").[1]

---

[1] Plaintiff concedes that if his partial motion for summary judgment is denied, his Chief FOIA Officer claims "fail."  Pl.'s Mot. at 2.  Defendants agree.  He further contends, however, that granting his motion would necessarily mean that he prevails on his Chief FOIA Officer claims. *See* Pl.'s Mot. at 2.  That is mistaken.  If the Court grants the instant motion, Defendants reserve

## ARGUMENT

### I. PLAINTIFF LACKS STANDING TO PURSUE HIS CHIEF FOIA OFFICER CLAIMS AND HIS MOTION BASED ON THOSE CLAIMS SHOULD BE DENIED.

First and foremost, Plaintiff's motion should be denied because he lacks standing to pursue his Chief FOIA Officer claims. The only basis for this motion for partial summary judgment is Plaintiff's Chief FOIA Officer claims, as Plaintiff explained in the introduction to his motion. *See* Pl.'s Mot. at 2 (describing that the question of whether DEA is an "agency" is relevant only to "whether DEA violates 5 U.S.C. § 552(j)(1), which requires 'each *agency*' designate a Chief FOIA Officer"). But as set forth more fully in Defendants' motion to dismiss, Plaintiff lacks standing to challenge Defendants' compliance with the Chief FOIA Officer statute. He has failed to demonstrate any cognizable injury-in-fact that is traceable to the asserted absence of a Chief FOIA Officer at DEA, nor has he shown that any such injury would likely be redressed by the relief requested of this Court. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted); Defs.' MTD at 6–10. Plaintiff alleges instead a generalized grievance about the manner in which Defendants have administered FOIA, not an injury that bears any relationship to his own actions or experiences as a FOIA requester. And Plaintiff's speculation about how DEA's FOIA Office would operate differently if there were a Chief FOIA Officer employed directly by DEA is insufficient to support standing. Defs.' MTD at 9–10 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410–11, 414 (2013)).

---

the opportunity to present further arguments at summary judgment regarding why judgment should be entered for Defendants on Claims 3–5 of the Second Amended Complaint.

In short, Plaintiff seeks an impermissible advisory opinion. This Court should grant Defendants' motion to dismiss Plaintiff's Chief FOIA Officer claims and, therefore, deny Plaintiff's motion for partial summary judgment regarding those claims.

## II.   PLAINTIFF'S MOTION SHOULD BE DENIED ON THE MERITS BECAUSE DEA IS NOT AN "AGENCY" FOR PURPOSES OF THE CHIEF FOIA OFFICER STATUTE.

Only "agencies" have an obligation under FOIA to designate a Chief FOIA Officer.  And as to executive departments, like DOJ, only the department itself is an agency with the responsibility to appoint such an officer.  The components of executive departments, like DEA, are not considered separate agencies for the purposes of the Chief FOIA Officer provision—both based on the text and structure of FOIA and in light of repeated Congressional ratification of this uniform Executive Branch interpretation.

### A.   FOIA's Requirement for Agencies to Appoint Chief FOIA Officers Refers to Executive Departments Like DOJ, Not Components Like DEA.

#### 1.   *FOIA's text and structure show that DEA is not a separate agency that must appoint a Chief FOIA Officer.*

Section 552(j)(1) requires that each "agency" designate a Chief FOIA Officer.  5 U.S.C. § 552(j)(1).  FOIA defines the term "agency" at section 552(f)(1) as follows: "'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President) or any independent regulatory agency."  *Id.* § 552(f)(1).  FOIA accordingly defines the term agency by reference to certain kinds of entities, among them an "executive department."  A preceding section of Title 5 defines "Executive department" as referring to the fifteen Cabinet-level executive departments of the United States, including the Department of Justice.  *See id.* § 101.

FOIA's definition of "agency" treats DEA as a component of the executive department in which it sits, DOJ, *not* as a separate agency. DEA fits within none of the other entities specified in FOIA's definition of agency. *See id.* § 552(f)(1). DEA is not a military department. Nor is it a Government corporation or Government controlled corporation: DEA is not a corporation. *See id.* § 103 (1), (2) (both terms defined by reference to corporate status). Nor is DEA an "independent regulatory agency"—it is a component of the Department of Justice. Reorganization Plan No. 2 of 1973 § 4; 28 C.F.R. Pt. 16, App. I—Components of the Department of Justice. And as for the reference to "other establishment[s] in the executive branch of the Government," this catch-all provision does not encompass entities of the Executive branch that are already captured by one of the prior, more specific entities. This is shown in part by the statute's specific statement that the catch-all "other establishment" refers to the "Executive Office of the President," a component of the Executive branch that is not encompassed by any executive department or other entity identified in the statute.

The annual FOIA report requirement further shows that FOIA does not define a departmental component like DEA as a separate agency. FOIA specifically contemplates that such annual submissions by agencies will not be undertaken separately by departmental components of those agencies. Section 552(e)(1) requires "each agency" to "submit . . . a report which shall cover the preceding fiscal year and which shall include" various data regarding the volume of requests the agency has received, how it has resolved them, and the amount of time taken in responding. 5 U.S.C. § 552(e)(1). The statute goes on to specify that this annual report should be "expressed in terms of each principal component of the agency and for the agency overall." *Id.* § 552(e)(2). Thus, section 552(e)(2) specifically contemplates that each "agency" will submit *one* report that encompasses its "principal components."

7

The statute thereby acknowledges that "principal components" of agencies are encompassed within an "agency" for purpose of the FOIA annual reporting requirement and are not separate agencies themselves. After all, if such components were separate agencies, Congress would not need to specify that data about these components should be highlighted in each agency's annual FOIA reports; those components would be submitting their *own separate* reports. Plaintiff's position regarding the definition of agency in FOIA—that it encompasses components that "promulgate rules" and are "led by political appointees," *see* Pl.'s Mot. at 11—renders this provision of FOIA superfluous. It is a settled canon of statutory interpretation that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous." *Clark v. Rameker*, 573 U.S. 122, 131 (2014) (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). Plaintiff's interpretation is contrary to this canon of interpretation and should be rejected.

In sum, section 552(j)(1) establishes that only "agencies" need appoint a Chief FOIA Officer and section 552(f)(1) defines "agency" in a manner that excludes departmental components like DEA. To be clear, the Government does not mean to suggest that components of executive departments are somehow exempt from FOIA. Far from it. Each executive department's responsibility to make non-exempt records subject to FOIA promptly available to the public encompasses *all* of the records under its authority, including those records belonging to the department's constituent components. Consistent with that principle, it is *DOJ* that has promulgated one set of FOIA regulations that govern FOIA operations on a department-wide basis. *See* 28 C.F.R. Pt. 16; *id.* § 16.1 ("This subpart contains the rules that the Department of Justice follows in processing requests for records under the [FOIA]."). And it is by virtue of *DOJ's* FOIA regulations that DEA and other DOJ components separately receive and respond to FOIA

requests.  *See id.* § 16.3(a)(1) (establishing a "decentralized system for responding to FOIA requests" that delegates this responsibility to components of the Department).  But as to the "agency" responsibility of issuing an annual FOIA report and appointing a Chief FOIA Officer, it is DOJ alone that bears the task of acting on behalf of the Department as a whole, including on behalf of components like DEA.

### 2.   *Plaintiff's contrary interpretive arguments fail.*

Plaintiff supports his motion with a handful of contrary interpretive arguments, none of which overcome the foregoing statutory analysis.

**a.**   First, Plaintiff contends that DEA is encompassed by a second definition of "agency," found at section 551(1), which provides that an "agency" is "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1).  Plaintiff argues that DEA is an "authority of the Government of the United States" and that section 551(1) encompasses a component like it that is "subject to review by another agency."  Pl.'s Mot. at 9–10.

But Plaintiff is mistaken that this definition controls under FOIA.  To be sure, FOIA's definition of agency at section 552(f)(1) makes reference to section 551(1), but it does so specifically to clarify that "agency" has a distinct, more specific definition under FOIA than it does under section 551(1).  *See* 5 U.S.C. § 552(f)(1) ("'agency' as defined in section 551(1) of this title includes" various specified types of entities).  It is a "commonplace of statutory construction that the specific governs the general." *See Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384 (1992).  And here, FOIA has provided a specific definition of agency applicable to that statute, while section 551(1) provides a definition of the term applicable to a broader set of subject matter, most significantly the Administrative Procedure Act.  *See* 5 U.S.C. §§ 553–59.  Moreover, that the

definitions of agency in these two statutes are distinct is also shown by section 551(1) itself, which provides that certain entities are agencies for purposes of FOIA but *not* agencies for any other purposes of section 551(1). *See id.* § 551(1). Put another way, section 551(1), just like FOIA itself, recognizes that FOIA provides a different and more specific definition of agency.

Nor should the Court read into FOIA the provision of section 551(1) defining an agency to include an entity "whether or not it is within or subject to review by another agency." This language from section 551(1) is *not* included in FOIA's definition of "agency." "Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another." *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1058 (2019) (quoting *Dep't of Homeland Security v. MacLean*, 574 U.S. 383, 391 (2015)). Therefore, "when Congress includes particular language in one section of a statute but omits it in another," courts "presume[] that Congress intended a difference in meaning.'" *Loughrin v. United States*, 573 U.S. 351, 358 (2014) (citation omitted); *Bates v. United State*s, 522 U.S. 23, 29–30 (1997) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983))). Plaintiff's interpretation ignores Congress's decision to omit this language from FOIA's specific definition of agency.

**b.** Plaintiff further argues that various statements in the legislative history of section 552(f) support his interpretation of the term "agency." *See* Pl.'s Mot. at 10–11. But "legislative history can never defeat unambiguous statutory text," *Bostock v. Clayton Cty., Ga.*, 140 S. Ct. 1731, 1750 (2020), and here, the text of FOIA unambiguously shows that components like DEA are not agencies for purposes of the Chief FOIA Officer provision. In any event, the legislative history cited by Plaintiff is far more supportive of *Defendants'* interpretation. The Conference

Report for the 1974 amendments to FOIA specifically state that Congress did not "intend[] that the term 'agency' be applied to subdivisions, offices or units within an agency." H.R. Rep. 93-1380 at 232 (Sept. 25, 1974), https://nsarchive2.gwu.edu/nsa/foialeghistory/H.%20R.%20Rep.%2093-1380%20(Sept.%2025,%201974)%20Conf.%20Report.pdf. Instead, the purpose of re-defining "agency" in FOIA appears to have been principally to "assure FOIA application to the Postal Service and also to include publicly funded corporations established under the authority of the United States," not any attempt to apply various FOIA requirements directly to components of executive departments. *See* S. Rep. No. 93-854 at 185 (May 16, 1974), https://nsarchive2.gwu.edu/nsa/foialeghistory/S.%20Rep.%20No.%2093-854%20(May%2016,%201974).pdf. Legislative history either has no relevance here or further militates against Plaintiff's position.

      **c.**      Plaintiff also asserts that DEA must be an "agency" under FOIA because various publications and judicial statements have referred to DEA by that moniker in other contexts. But that observation has no legal significance. "'When a statute includes an explicit definition, we must follow that definition,' even if it varies from a term's ordinary meaning." *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 776–77 (2018) (quoting *Burgess v. United States*, 553 U.S. 124, 130 (2008)). The fact that people may refer to DEA as an "agency" as a general matter does not override how Congress specifically defined that term for purposes of FOIA and, more specifically, its Chief FOIA Officer provision.

      Nor should the Court be persuaded by the handful of non-binding judicial decisions regarding whether components of agencies are proper parties in a FOIA litigation. Some of those cases found department components are proper parties, some found they are not. *See* Pl.'s Mot. at 9, 11 (citing cases). But none of those decisions arose in the context of the Chief FOIA Officer

provision.  And the question whether a particular component or official is a proper party to litigation may present distinct interpretive questions than what constitutes an "agency" for purposes of the obligations imposed by FOIA.  For example, DOJ has established by regulation a decentralized system in which FOIA requests are transmitted directly to departmental components for response by such components.  28 C.F.R. § 16.3(a)(1).  It is thus unsurprising that some courts permit litigation in the name of such components where, by regulation, they are the direct recipient of the FOIA request in litigation and are responsible for providing a response.

### B. In Any Event, Congress Has Ratified The Executive Branch Interpretation That The Chief FOIA Officer Provision Does Not Apply to Components of Executive Departments.

In any event, the Court should reject Plaintiff's position that DEA and other departmental components are obligated to appoint separate Chief FOIA Officers, given that Congress has ratified a uniform Executive Branch practice of appointing Chief FOIA Officers only at the departmental level, not within sub-departmental components.

The Chief FOIA Officer provision has its origin in Executive Order 13,392, issued by President Bush in 2005.  Executive Order 13,392, 70 Fed. Reg. 75373 (Dec. 14, 2005), https://www.govinfo.gov/content/pkg/FR-2005-12-19/pdf/05-24255.pdf.   Section 2(a) of Executive Order 13,392 required, in terms substantially similar to the current statute, that the "head of each agency" designate "a senior official of such agency (at the Assistant Secretary or equivalent level) to serve as the Chief FOIA Officer of that agency."  *Id.*  Pursuant to that Executive Order, in 2006 DOJ compiled and publicly "posted a comprehensive list of all agency Chief FOIA Officers" from across the Government.  *See* Statement of Daniel J. Metcalfe, Dir., Office of Info. & Privacy, Dep't of Justice at 3, *Implementing FOIA – Does the Bush Administration Executive Order Improve Processing?: Hearing Before the Subcomm. on Gov't Mgmt., Finance, & Accountability,*

12

*of the H. Comm. on Gov't Reform* (July 26, 2006), https://www.justice.gov/archive/oip/metcalfe_foia_testimony07252006.pdf ("Metcalfe Statement").

This list showed that, for the 15 executive departments, including DOJ, no separate Chief FOIA Officer was appointed for any constituent component of those departments.  U.S. Dep't of Justice, *Chief FOIA Officers Designated Under E.O. 13,392* (as accessible on July 25, 2006), https://web.archive.org/web/20060725235507/https://www.justice.gov/04foia/chieffoiaofficers.html.[2]  Thus, no separate Chief FOIA Officer was appointed for DOJ's DEA, Bureau of Alcohol, Tobacco, and Firearms, or Federal Bureau of Investigation; nor for the Department of Health & Human Services' Food and Drug Administration or Centers for Medicare & Medicaid Services; nor for the Department of Homeland Security's Customs and Border Protection or Immigration and Customs Enforcement; and so on and so forth, across the numerous and often large and significant institutions functioning within each executive department.  The Department of Justice's Chief FOIA Officer was then, as it is now, the Associate Attorney General.  *See id.*

In 2007, Congress enacted the Chief FOIA Officer requirement into law, amending FOIA through the Openness Promotes Effectiveness in our National (OPEN) Government Act of 2007.  Specifically, the OPEN Government Act amended FOIA to add a section (j), providing that "[e]ach agency shall designate a Chief FOIA Officer who shall be a senior official of such

---

[2] Then-Director Metcalfe's testimony before the House Subcommittee cited above includes a hyperlink to this 2006 list of Chief FOIA Officers.  *See* Metcalfe Statement at 3 & n.3.  That link no longer works.  However, an Internet archival service—the Wayback Machine—shows what this webpage had published as of July 25, 2006, i.e. the day before Director Metcalfe's testimony. The link provided in the text above is to this Wayback Machine archival copy.  The "contents of webpages available through the Wayback Machine" constitute "facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *New York v. Meta Platforms, Inc.*, 66 F.4th 288, 303 (D.C. Cir. Apr. 27, 2023) (quoting *Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021)).

agency (at the Assistant Secretary or equivalent level)." *See* Pub. L. No. 110-175 § 10(a), 121 Stat. 2529 (Dec. 31, 2007), https://www.govinfo.gov/content/pkg/PLAW-110publ175/pdf/PLAW-110publ175.pdf. The Executive Branch thereafter continued interpreting the Chief FOIA Officer appointment requirement in the same manner as it had under Executive Order 13,392, specifically by continuing to construe the term "agency" to refer, *inter alia*, to the 15 executive departments, not their constituent components. This is shown by, for example, numerous reports by DOJ summarizing the Chief FOIA Officer reports submitted by all agencies. These summary reports show that in all cases, executive departments have designated a Chief FOIA Officer, *not* the components of such departments. *See, e.g.*, *Summary of Agency Chief FOIA Officer Reports for 2012* at 18–25, Dep't of Justice Office of Info. Policy, https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/sum-2012-chief-foia-officer-rpt.pdf; *Summary of Agency Chief FOIA Officer Reports for 2014* at 19–23, Dep't of Justice Office of Info. Policy, https://www.justice.gov/sites/default/files/pages/attachments/2014/09/12/2014_cfo_summary_and_assessment_0.pdf.

In 2016, Congress amended FOIA once again, through the FOIA Improvements Act of 2016. This statute amended, among other things, the Chief FOIA Officer provision, adding additional duties for such officers and creating a new Chief FOIA Officer Council to serve as a forum for collaboration within the Government to improve FOIA administration. *See* Pub. L. No. 114-185 § 2(6), 130 Stat. 542 (June 30, 2016), https://www.congress.gov/114/plaws/publ185/PLAW-114publ185.pdf. These amendments to the Chief FOIA Officer provision did not, however, modify the definition of "agency" or the obligation of "[e]ach agency" to "designate a Chief FOIA Officer." *Id.* Across the Executive Branch, the Government has since continued to interpret the Chief FOIA Officer provision to not require the separate designation of Chief

FOIA Officers for components of executive departments. *See, e.g.*, *Summary of Agency Chief FOIA Officer Reports for 2018* at 33–34, 37–39, Dep't of Justice Office of Info. Policy, https://www.justice.gov/OIP/Reports/2018Summary%26Assessment/download#2018. DOJ's current Chief FOIA Officer is Associate Attorney General Vanita Gupta. *See U.S. Dep't of Justice 2023 Chief FOIA Officer Report* at 5, https://www.justice.gov/oip/page/file/1573561/download. Plaintiff has conceded that, consistent with FOIA, she is an official "at the Assistant Secretary level or equivalent level." 2d Am. Compl. ¶ 13 (quoting 5 U.S.C. § 552(j)(1)).

It is a long-established canon of statutory interpretation that "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it reenacts a statute without change." *Lorillard v. Pons*, 434 U.S. 575, 580 (1978); *see also, e.g.*, *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 244 n.11 (2009). This principle applies even to new laws, not simply re-enactments. Thus, where "Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute." *Lorillard*, 434 U.S. at 580. The same principle applies to new Congressional enactments that incorporate administrative agency understanding of a particular term. *See Duarte v. Mayorkas*, 27 F.4th 1044, 1059 (5th Cir. 2022) (presuming Congressional awareness of the administrative agency definition of a term and thus its incorporation in a subsequently enacted statute).

The application of these principles to the foregoing history demonstrates that Congress has twice ratified the Executive Branch's understanding that the Chief FOIA Officer provision does not require the appointment of such officers by the components of executive departments. The requirement that each "agency" appoint a senior official as a Chief FOIA Officer was largely lifted without change from an Executive Order, which had been interpreted not to require the

15

components of executive departments to appoint such officers.  That interpretation was conveyed to Congress in testimony and posted publicly on the Internet.  *See supra.*  Thus, the Court may presume that Congress was aware of this administrative interpretation of the term "agency" in the context of the Chief FOIA Officer provision in light of Congress's incorporation of that Executive Order in its subsequent amendment of FOIA in the OPEN Government Act of 2007. *See Lorillard*, 434 U.S. at 580; *Duarte*, 27 F.4th at 1059.

That ratification was doubled just under ten years later, when Congress acted again to amend FOIA.  Although Congress amended the Chief FOIA Officer provision—adding duties to the position and creating a council of such officers to foster interagency collaboration— Congress did not touch the requirement that agencies appoint a Chief FOIA Officer or amend the definition of "agency" under FOIA.  Once again, Congress was presumptively aware of the Executive Branch-wide interpretation of the appointment requirement and ratified that interpretation by re-enacting this portion of FOIA without changing its appointment requirement. In short, components of executive departments have never appointed separate Chief FOIA Officers and Congress has blessed that arrangement by twice ratifying in law this Executive Branch interpretation.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's motion for partial summary judgment.

DATED: May 22, 2023                                    Respectfully Submitted,


                                                       ALAMDAR S. HAMDANI
                                                       United States Attorney

                                                       *s/ Jimmy A. Rodriguez*
                                                       Jimmy A. Rodriguez

Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303
jimmy.rodriguez2@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ James Powers*
JAMES R. POWERS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 353-0543
james.r.powers@usdoj.gov

Attorneys for Defendants

Of counsel:
Glenn Gray
Attorney
Drug Enforcement Administration
Office of Chief Counsel, FOIA & Information Law Section
8701 Morrissette Dr., Springfield, VA 22152

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document has 4,890 words per the Microsoft Word's word count feature.

## CERTIFICATE OF SERVICE

I certify that on May 22, 2023, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney