UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW C. ZORN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-02396 |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | § § § § | |
| Defendants. | § § | |

**ZORN'S REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**

Defendants say this Court should not weigh how "various publications and judicial statements" refer to DEA as an "agency." I agree. Let's follow the text.

Start with the statute that creates DEA as "an agency" within DOJ. Mot. 12. For this reason, Defendants do not attempt to argue that DEA is not an "agency" under 5 U.S.C. § 551(1). Plainly, it's an "authority of the Government of the United States" that is "within or subject to review by another agency." 5 U.S.C. § 551(1).

So, they say something different. First, they contend under FOIA's definition, § 552(f), "agency" not only has a meaning *different* from the one assigned by § 551(1), but *narrower*. Second, failing that, they argue under § 552(j), "agency" has a different meaning it does under § 552(f) and the rest of FOIA. Defendants' two-prong finesse fails.[1]

**I.    DEA is an "agency" under § 552(f)**

Section 551(1) of the APA establishes a default, background definition of "agency" for all Subchapter II of Title 5, including FOIA, 5 U.S.C. § 552, the next section. That is what the prefatory text—"[f]or the purpose of this subchapter"—means.

---

[1]    I address standing at Dkt. 48 at 4-10.

1

**"Means" and "includes" are different**. The APA (§ 551) and FOIA (§ 552) use *both* "means" and "includes" to define terms. When a definition uses "includes" over "means," it does not imply that unlisted items fall outside the definition. *United States v. Whiting*, 165 F.3d 631, 633 (8th Cir. 1999). Courts have long interpreted "includes," unlike "means," to be a term of enlargement, not of limitation, *e.g.*, *Argosy Ltd. v. Hennigan*, 404 F.2d 14, 20 (5th Cir. 1968), particularly when a statute uses both in the same section. This is "the rule both in good English usage and in textualist decision-making." Scalia & Garner, Reading Law: The Interpretation of Legal Texts 132 n.2 (2012) (citing cases). For example, the statute in *American Federation of Television & Radio Artists, Washington-Baltimore Loc. v. NLRB*, 462 F.2d 887, 890 (D.C. Cir. 1972) read, the "term 'person' includes one or more individuals, labor organizations, partnerships …," and the court held that " 'includes' is a term of enlargement, not of limitation."

**Section 552(f) thus enlarges § 551(1).** Section 551(1) defines "agency" using "*means*." Section 552(f), in contrast, adopts the § 551 definition and then expands with "*includes*." Thus, per the text, § 552(f) clarifies and expands the default § 551(1) "agency" definition for FOIA purposes. Indeed, § 551(1), after (D), acknowledges its incorporation and application in § 552.

Defendants contend Congress overwrote the § 551(1) definition with § 552(f), listed several items "include[d]" in the definition, and everything else falls outside § 552(f)'s ambit. Opp. 6-8. The main problem with this reading is that it writes out text. There is no difference between Defendants' reading and the following edits:

> "agency" ~~as defined in section 551(1) of this title~~ includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

Their reading thus improperly eliminates text. *Burgess v. United States*, 553 U.S. 124, 130-31 (2008). Moreover, it also replaces the tenth word "includes" with "means." As a textual matter, it is doubly wrong.

Notably, my interpretation aligns with how appellate courts have long understood § 552(f): it incorporates "agency" under § 551(1) and expands coverage with "includes." *See, e.g.*, *Energy Rsch. Found. v. Def. Nuclear Facilities Safety Bd.*, 917 F.2d 581, 583 (D.C. Cir. 1990) ("Congress sought to encompass entities that might have eluded the APA's definition in § 551(1), which FOIA had incorporated by reference"); *Statton v. Fla. Fed. Jud. Nominating Comm'n*, 959 F.3d 1061, 1063 (11th Cir. 2020); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981); *Schmitt v. Detroit*, 395 F.3d 327, 329 (6th Cir. 2005). SCOTUS too. *DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001) ("**Statutory definitions underscore the apparent plainness of this text.**").

My Motion states I'd "be surprised" if any appellate court interpreted § 552(f) in a way that would exclude DEA as an "agency." Mot. 9. In Response, Defendants cited nothing.

**The catch-all.** Even if § 552(f) didn't "incorporate[ ] the definition of 'agency' contained in section 551(1) of the APA by reference," *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999)–and it does—Defendants fail to adequately explain why DEA is not an "establishment in the executive branch of the Government" under § 552(f)'s catch-all clause. After all, DEA is an "establishment," and it is clearly "in the executive branch."

Without appeal to authority or tools of construction, they say the catch-all provision does not encompass entities "already captured by one of the prior, more specific entities" and "refers" only to the "Executive Office of the President." Opp. 12. Once again, however, their reading contradicts text. The parenthetical clarifies the preceding words. As discussed above, "including,"

3

like "includes," does not prescriptively limit meaning to the thing(s) enumerated. It expands. It illustrates. Especially when inside parentheses.

Case law (and legislative history) say this language codifies the *Soucie* test, under which an agency was subject to FOIA under if it had "substantial independent authority in the exercise of specific functions." *See Meyer v. Bush*, 981 F.2d 1288, 1291 (D.C. Cir. 1993) (citing *Soucie v. David*, 448 F.2d 1067, 1073 (D.C. Cir. 1971)). Plainly, under the *Soucie* test, DEA is an agency.

**Legislative history.** The legislative history confirms that § 552(f) "expanded" the § 551(1) definition for FOIA purposes. Numerous cases, including those cited above, discuss it in detail and read it as I do. *See, e.g.*, *Energy Rsch. Found.*, 917 F.2d at 583.

Rather than take on the legislative history that discusses how § 552(f) *expanded* § 551(1)'s definition, Defendants misdirect. They point us to the Conference Report, which states that Congress did not intend for the term agency to expand to subdivisions. Opp. 11.

But this is consistent with what I argue. Not all subdivisions/components are agencies. OIP is a DOJ subdivision but not an agency. DEA, however, is a DOJ component agency. DEA is not made an "agency" under § 552(f) as a subdivision; it is made an "agency" under § 551(1) and incorporated by words two through eight of § 552(f). Section 552(f) thus does not cover OIP (subdivision but not authority); it does cover DEA (subdivision and authority).

**The reporting requirement.** The only other textual grounds Defendants identify is subsection (e)(2)'s reporting requirement. They say it evidences that "agency" under § 552(f) does not include component agencies like DEA. Not so.

"Component" or principal "component" is not a term of regulatory art that applies to departmental units. It isn't even used to describe departmental units in DOJ regulations. *See, e.g.*, 28 C.F.R. § 0.1 (DOJ offices, divisions, bureaus, boards). "Component" just means part of an

4

agency, according to ordinary meaning. Some component agencies have principal components. *E.g.*, https://www.fda.gov/medical-devices/how-study-and-market-your-device/other-fda-components (FDA components). What § 552(e)(2) means is that when agencies report, they must provide data about their main parts.

Defendants' argument about "superfluous" reporting loses all steam once one considers that not ***all*** principal agency parts are agencies themselves. For example, OIP is a principal DOJ component. But unlike DEA/FBI, it is not an "authority of the Government." The Administration for Community Living is a component of HHS. It too is not an agency. The plain purpose and meaning of § 552(e)(2) is to make sure that aggregated FOIA data does not obscure main agency parts, whether those components are agencies themselves (e.g., DEA) or not (e.g., OIP). Does this result in *some* overlap/redundancy? Sure. That doesn't make it superfluous.

**How "agency" is used elsewhere in FOIA**. The Government dismisses other contexts where courts conclude that § 552(f) includes component agencies. It urges disregard of what "agency" means in other subsections because that "present[s] distinct interpretive questions than what constitutes an 'agency' for purposes of the obligations imposed by FOIA." Opp. 12.

How so? Because § 552(f)'s definition applies "for purposes of this section" – all FOIA – "agency" has the same meaning everywhere. How courts interpret "agency" in other FOIA contexts is very relevant. Scalia & Garner at 170 (presumption of consistent usage); *e.g.*, *Burgess*, 553 U.S. at 132 (avoiding interpretive anomalies that would arise elsewhere in statute).

Defendants' reading turns the rest of FOIA into mush. For example, under the Defendants' reading, federal courts lack subject matter jurisdiction to enjoin agencies within Departments under § 552(a)(4)(B); so, for decades, courts everywhere got (and still get) FOIA cases wrong by

5

allowing plaintiffs to sue component agencies. *E.g.*, *Pub. Health & Med. Pros. for Transparency v. FDA*, 2023 WL 3335071 (N.D. Tex. May 9, 2023). That's absurd.

## II. "Agency" Under § 552(j) is the Same as "Agency" Under § 552(f)

Past the first argument, Defendants urge a second: "agency" under § 552(j) has a meaning different from § 552(f) and the rest of FOIA per the congressional ratification canon. They say Congress in 2007 ratified DOJ's 2006 interpretation of a 2005 Executive Order and reupped that definition in 2016. Opp. 12-14.

But the ratification canon has no place here. As noted above, the § 552(f) "agency" definition applies "for purposes of this section" – all FOIA. The ratification canon can never supersede an express definition. *Stenberg v. Carhart*, 530 U.S. 914, 942 (2000) ("When a statute includes an explicit definition, we must follow that definition ....").

In *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 770 (2018), for example, the statute defined "whistleblower" as an individual who provides "information relating to a violation of the securities laws to the [SEC]." *Id.* at 777. Another provision prohibited retaliation against a whistleblower "because of any lawful act done by the whistleblower … in providing information to the Commission …." *Id.* at 774. The Ninth Circuit declined to apply the express definition of "whistleblower"—one who reports to the SEC—and instead concluded that the statute protected an employee who made disclosures to either the SEC *or* his employer. *Id.* at 776. The Supreme Court reversed, opining that "when a statute includes an explicit definition, we must follow that definition, even if it varies from a term's ordinary meaning" and that "[c]ourts are not at liberty to dispense with" to a specific meaning Congress assigns in a definitional section. *Id.* at 776-78. Just so here.

The ratification canon here also falters on its own terms.

**First**, perhaps, Congress may be presumed to be aware of an administrative interpretation "*of a statute*." Opp. 17. But here, the President issued an **Executive Order** in December 2005, and DOJ compiled a list of Chief FOIA Officers, which allegedly is an "interpretation." If DOJ interpreted anything, it interpreted an *Executive Order*, not a *statute*.

**Second**, as the Court just explained in *Sackett v. EPA*, 2023 WL 3632751, at *15-16 (U.S. May 25, 2023), ratification only applies with a "well settled" definition. This backdoor interpretation existed for less than two years, "a far cry" from "well settled." *Id.*

**Third**, Defendants dig deep, but cannot point to any interpretation that has the force and effect of law, like a rule, such that application of the ratification canon would be proper. Instead of a "long regulatory history," Defendants identify obscure testimony made to Congress and internet content (that is no longer there). Opp. 13 n.2.

**Finally**, that DOJ has misinterpreted the statute for decades shows nothing more than government misreading law for bureaucratic expediency and gain for some time. *Cf. Sackett*, 2023 WL 3632751, at *16 (rejecting policy arguments "based on ecological importance"). Wouldn't be the first time. *See, e.g., Lucia v. SEC*, 138 S. Ct. 2044 (2018) (ALJ appointments).

**III. Conclusion**

"Textualist arguments that ignore the operative text cannot be taken seriously." *Sackett*, 2023 WL 3632751, at *16. The Court should reject Defendants' valiant but meritless attempt to complicate the "plainness" of this text.

Dated: June 2, 2023  Respectfully submitted,

*/s/ Matthew C. Zorn*
Matthew C. Zorn
YETTER COLEMAN LLP
mzorn@yettercoleman.com
811 Main Street, Suite 4100
Houston, TX 77002
T: (713) 632-8000
F: (713) 632-8002

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew C. Zorn*
Matthew C. Zorn

### WORDS

I certify that this filing has 1989 words, excluding the case caption, table of contents, table of authorities, signature block, and certificates.

*/s/ Matthew C. Zorn*
Matthew C. Zorn