|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF TEXAS<br>HOUSTON DIVISION | United States Courts Southern<br>District of Texas<br>FILED<br>*6/8/2023*<br>Nathan Ochsner, Clerk of Court |

MATTHEW C. ZORN,　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　Plaintiff,　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　　§　　Civil Action No. 4:22-cv-02396
　　　　　　　　　　　　　　　　　§
U.S. DEPARTMENT OF JUSTICE, ET　　§
AL.　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　Defendants.　　　　　　　　§

**ZORN'S SURREPLY OPPOSING DEFENDANTS' PARTIAL MOTION TO DISMISS**

Having erroneously characterized my First Amendment claim in the Motion, Defendants shift gears in Reply and make new arguments. The following four points respond.

**First**, Defendants now appear to question standing. Their Motion did not. On the First Amendment claim, it made a single argument in a paragraph: there is no constitutional right to "obtain all the information provided by the FOIA laws." Mot. 18 (citing SCOUTS). I agreed, but also noted that the statement doesn't undermine my correctly stated claim. Opp. 17. So, Defendants pivot and now find fault in me not identifying "any particular proceeding in which [I] was allegedly denied access to information or any injury [I] suffered as a result." Reply 6. This sounds in standing—which Defendants did not move on. That argument was forfeited. *Cf. Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). A fuller summary judgment record will prove standing.

**Second**, these untimely gestures merely highlight the problem and part of my injury: pending/past DEA administrative proceedings are secret. This makes it is impossible to identify proceeding records that a journalist/lawyer might be interested in obtaining, even with FOIA. After all, regulations require supplying identifying information. *See* 28 C.F.R. § 16.3(b). Moreover, the non-public nature of these proceedings is undeniably of public concern. *See, e.g.*,

https://www.cbsnews.com/news/dea-handling-case-against-large-opioids-distributor-morris-dickson-questioned/ (May 24, 2023 article questioning circumstances surrounding 4 year delay in administrative proceeding); 88 Fed. Reg. 34523 (May 30, 2023) (suspending company registration days after story broke).

**Third**, Defendants are simply wrong. In an earlier complaint, I outlined one "particular proceeding in which [I] was allegedly denied access to information" and the "injury [I] suffered as a result." *See* Dkt. 7 at ¶ 65-66 & Dkt 7-9. I explained how, while representing a client, I sought access to prior administrative filings/orders to use as precedent for my advocacy. *See id.* I also attached the agency's Fall 2022 estimate—**$41,960** in advance—for 5,000 pages of ***quintessentially public records*** related to a ***rulemaking***. This concrete incident embodies my First Amendment grievance in a particularized nutshell. Although, I omitted these granular details from my most recent pleading to streamline the document (but cite the request in a footnote, Dkt. 21 at 13 n.9), that evidence and harm didn't go away; it is part of the record.

**Finally**, Defendants' description of Fifth Circuit law is questionable. No "binding authority" I know of says the First Amendment/*Richmond Newspapers* does not provide a qualified right to timely *adjudications* or *rulemaking* records. Certainly, the case Defendants cite, *Calder v. IRS*, 890 F.2d 781, 783–84 (5th Cir. 1989), doesn't say that. In *Calder*, the court found no constitutional right to access **IRS records of Al Capone**. This is far afield from my stated claim— a right of timely and reasonable access to DEA **administrative proceeding records**, *see* Opp. at 17. *See Detroit Free Press v. Ashcroft*, 303 F.3d 681, 699 (6th Cir. 2002) (citing *Calder* and distinguishing between *investigatory* and *adjudicative* records).

-3-

Dated: June 7, 2023                                         Respectfully submitted,

                   */s/ Matthew C. Zorn*
                   Matthew C. Zorn
                   YETTER COLEMAN LLP
                   mzorn@yettercoleman.com
                   811 Main Street, Suite 4100
                   Houston, TX 77002
                   T: (713) 632-8000
                   F: (713) 632-8002

## CERTIFICATE OF SERVICE

  I hereby certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                   */s/ Matthew C. Zorn*
                   Matthew C. Zorn

## WORDS

  I certify that this filing has 499 words, excluding the case caption, table of contents, table of authorities, signature block, and certificates.

                   */s/ Matthew C. Zorn*
                   Matthew C. Zorn