UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW C. ZORN,<br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br>*Defendants*. | Civil Action No. 4:22-CV-02396 |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER OF AUGUST 9, 2023

Defendants, the United States Department of Justice, *et al.*, file this supplemental brief in response to the Court's August 9, 2023 Order, which invited the parties to address "whether any recent cases decided by the United States Supreme Court or the United States Court of Appeals for the Fifth Circuit might impact the parties' analysis" on the issue of standing. Doc. No. 67. Two such recent decisions—*Louisiana v. Biden*, 64 F.4th 674 (5th Cir. 2023) and *Haaland v. Brackeen*, 143 S. Ct. 1609 (2023)—support Defendants' position that Plaintiff Matthew Zorn lacks standing to bring Counts 3–5 of the Third Amended Complaint, in which he alleges that DEA lacks a properly appointed Chief FOIA Officer. As discussed further below, these cases support Defendants' arguments that plaintiffs such as Zorn must allege a cognizable injury that is traceable to the challenged conduct of the defendant, and that the relief requested would likely redress the asserted injuries. *See* Defendants' Motion to Dismiss in Part at 6–10, Doc. No. 42 ("Defs.' MTD").

Defendants also discuss below the two recent decisions that the Court cited in its Order as potentially warranting further discussion: *Alliance for Hippocratic Med. v. Food & Drug Administration*, 23-10362, 2023 WL 2913725 (5th Cir. Apr. 12, 2023) and *303 Creative LLC v. Elenis*, 143 S. Ct. 2298 (2023). These two decisions do not bear on the analysis here because, as discussed

below, each decision involved facts and circumstances that are materially distinguishable from this case.

I. Recent Fifth Circuit and Supreme Court Decisions Relevant to the Standing Analysis

    A.    *Louisiana v. Biden*

*Louisiana* involved claims by certain states challenging an executive order issued by the President that established a working group to formulate guidance on the "social cost of greenhouse gases." 64 F.4th at 677. The working group published a set of "Interim Estimates" "quantifying changes in [greenhouse gas emissions] . . . for consideration by federal agencies when policymaking." *Id.* The states sued, arguing that the executive order and Interim Estimates were procedurally and substantively unlawful on various grounds. *Id.* at 680.

The states based their theory of standing on allegations that "fiscal, procedural, and sovereignty-related harms might arise from regulations molded by the Interim Estimates." *Id.* at 681. But the Fifth Circuit rejected the states' standing because their allegations of injury "rely on a chain of hypotheticals: federal agencies may (*or may not*) premise their actions on the Interim Estimates in a manner that may (*or may not*) burden the States." *Id.* at 677–78. The Fifth Circuit accordingly found that the states had not established injury in fact because their claims "rel[y] on a highly attenuated chain of possibilities." *Id.* at 682 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)). The Fifth Circuit vacated the preliminary injunction entered by the district court and dismissed the states' claims due to lack of standing.

The Fifth Circuit's analysis in *Louisiana* further underscores the inadequacy of Plaintiff's standing allegations here. Plaintiff's theory of redressability for Counts 3–5 depends on a chain of speculation about what effect a court order for DEA to appoint a separate Chief FOIA Officer would have on its FOIA operations. *See* Defs.' MTD at 9–10; Defs.' Reply in Support of MTD at

2

2–3, Doc. No. 51. But the idea that DEA will administer FOIA in a manner more to Plaintiff's liking if it has a separate Chief FOIA Officer is pure conjecture—it relies on an attenuated chain of possible further actions beyond the scope of Plaintiff's Chief FOIA Officer claims. *Louisiana* further shows that such speculative chains about what effect judicial relief *may* have cannot be the basis of an Article III case or controversy.

  B.  *Haaland v. Brackeen*

In *Brackeen*, a group of plaintiffs—a birth mother, foster and adoptive parents, and the State of Texas—sued the United States to challenge the constitutionality of the Indian Child Welfare Act, which "requires a state court to place an Indian child with an Indian caretaker, if one is available." 143 S. Ct. at 1622–23. Although it reached the merits of some of the claims, the Supreme Court rejected two of the constitutional claims for lack of standing. *Id.* at 1638.

Among other reasons not directly relevant here, the Supreme Court rejected the individual plaintiffs' standing on redressability grounds. *Id.* at 1638–39. One of the fatal flaws in plaintiffs' claims against the United States was the absence of state courts from the litigation. These courts were directly responsible for applying (or not applying) the statute's allegedly unlawful placement preferences under challenge. But as non-parties to the case, the courts and their personnel were beyond the reach of federal judicial relief. *Id.* Similarly here, Plaintiff's theory of redressability depends in part on speculation about whether Congress might provide Defendants with additional funding to expand DEA FOIA operations, even though such relief is far beyond the Court's jurisdiction. *See* Defs.' MTD at 10. Moreover, although the Attorney General and the DEA Administrator are parties here, it is nonetheless speculative whether relief on Plaintiff's Chief FOIA Officer claims, standing alone, would result in these officials changing various *other* alleged policies that Plaintiff takes issue with based on hypothetical recommended policy changes that a

hypothetical new Chief FOIA Officer might make. *See* Defs.' Reply at 3. *Brackeen* underlines the inadequacy of Plaintiff's speculative redressability showing.

**II.** ***Alliance* and *303 Creative* Do Not Impact the Standing Analysis in This Case.**

    A.    *Alliance for Hippocratic Medicine v. Food & Drug Administration*

*Alliance* dealt with physicians and national associations who obtained preliminary relief against the FDA regarding the agency's approval and certain post-approval actions as to a drug that terminates pregnancies (mifepristone). In the decision cited in the Court's Order inviting this brief, a divided Fifth Circuit panel granted a stay of the district court's order in part and denied it in part. 2023 WL 2913725, at *1. The Fifth Circuit two days ago issued its merits decision, affirming the district court's order in part and vacating in part. *See Alliance*, --F.4th--, 2023 WL 5266026 (5th Cir. 2023). This brief discusses the merits decision.

*Alliance* has little bearing on this case. To begin with, the plaintiff physicians and associations in Alliance "chiefly reli[ed] on associational standing." *Alliance*, 2023 WL 5266026, at *7. Plaintiff here is an individual, not an association, and he has not provided the sort of statistical evidence that the Fifth Circuit found could support associational standing in *Alliance*. Plaintiff also fails to identify any concrete and non-speculative injury that the asserted absence of a Chief FOIA Officer at DEA causes *him*, whether in the past *or* in the "certainly impending" future. Plaintiff's Chief FOIA Officer claims instead rely on a chain of speculation to establish harm and redressability. That is an impermissible theory, as the Supreme Court has long emphasized. *See Alliance*, 2023 WL 5266026, at *6; *see also* Defs.' MTD at 6–10 and Defs.' Reply at 2–4.[1]

---

[1] In any event, the *Alliance* decision is incorrect and it has no effect pending further proceedings in the Supreme Court in light of a prior order of the Court staying the district court's order in full. *See Danco Labs., LLC v. Alliance for Hippocratic Med.*, 143 S. Ct. 1075 (2023); *see also Alliance*, 2023 WL 5266026 at *32 (noting the stay).

4

B.  *303 Creative LLC v. Elenis*

The Supreme Court's recent decision in *303 Creative* also has no bearing on the Court's standing analysis here. Plaintiff in *303 Creative* raised a First Amendment claim, arguing that she feared that if she entered the wedding website business, the state of Colorado—through the enforcement of an anti-discrimination law—would force her to convey messages inconsistent with her belief that marriage should be reserved to unions between one man and one woman. *See* 143 S. Ct. at 2308.

First and foremost, *303 Creative* did not make any standing holding, consistent with the Court's decision to grant certiorari on the limited question of the First Amendment issues presented in the case, *see* 142 S. Ct. 1106 (U.S. Feb. 22, 2022), as well as the fact that "no party challenge[d]" the findings from the Tenth Circuit regarding standing, 143 S. Ct. at 2310. Instead, the *303 Creative* Court simply recounted the findings made by the Tenth Circuit regarding standing, which related to a longstanding doctrine regarding pre-enforcement challenges to laws. 143 S. Ct. at 2308, 2310. Under that doctrine, in order to establish standing, a plaintiff must show a "credible threat" of enforcement. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). The state law at issue in *303 Creative* authorized, among other things, enforcement by state officials or private citizens, either of whom could seek penalties and fines. *Id.* at 2309. The Supreme Court described the Tenth Circuit as having found that the owner faced the requisite "credible threat" of sanctions unless she conformed her views to the State's based on Colorado's record of past enforcement actions of the statute at issue, a finding that "no party challenge[d]" at the Supreme Court. *Id.* at 2310, 2318. *303 Creative*, in short, is not a standing decision.

Even as to the standing findings made by the Tenth Circuit as described by the Supreme Court, this case has nothing to do with the doctrine regarding pre-enforcement challenges. Here,

5

Plaintiff faces no threat of sanction due to the lack of a separate Chief FOIA Officer for the DEA, which concerns a statutory provision that does not regulate his conduct. And, in all events, Plaintiff has failed to articulate any jurisdictionally adequate connection between the alleged lack of a Chief FOIA Officer and the scattered grievances he alleges. Further, the relief sought in *303 Creative*—a declaration that the Colorado anti-discrimination statute violated the business owner's First Amendment Rights—clearly redressed the plaintiff's harm by removing the threat of an enforcement action. Plaintiff's alleged harms here would not be redressed by a ruling in his favor for the reasons explained in prior briefing.

## CONCLUSION

For the above reasons and all the reasons set forth in prior briefing, Plaintiff lacks standing to bring his Chief FOIA Officer claims.

DATED: August 18, 2023

    Respectfully Submitted,

    ALAMDAR S. HAMDANI
    United States Attorney

    *s/ Jimmy A. Rodriguez*
    Jimmy A. Rodriguez
    Assistant United States Attorney
    Southern District of Texas
    Attorney in Charge
    Texas Bar No. 24037378
    Federal ID No. 572175
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Tel: (713) 567-9532
    Fax: (713) 718-3303
    jimmy.rodriguez2@usdoj.gov

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ James R. Powers*
JAMES R. POWERS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 353-0543
james.r.powers@usdoj.gov

Attorneys for Defendants

Of counsel:
Glenn Gray
Attorney
Drug Enforcement Administration
Office of Chief Counsel, FOIA & Information Law Section
8701 Morrissette Dr., Springfield, VA 22152

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document has 1,696 words per Microsoft Word's word count feature.

*s/ James R. Powers*
James R. Powers

## CERTIFICATE OF SERVICE

I certify that on August 18, 2023, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ James R. Powers*
James R. Powers