# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

MATTHEW C. ZORN,

      *Plaintiff,*

      v.

U.S. DEPARTMENT OF JUSTICE, *et al.,*

      *Defendants.*

Civil Action No. 4:22-CV-02396

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## **TABLE OF CONTENTS**

BACKGROUND ....................................................................................................................1

    I.      PROCEDURAL HISTORY ...........................................................................1

    II.     PLAINTIFF'S MOTION..............................................................................2

    III.    DEA ADMINISTRATIVE PROCEEDINGS ..............................................3

LEGAL STANDARD............................................................................................................4

ARGUMENT ........................................................................................................................4

    I.      PLAINTIFF FAILED TO CONFER ON THIS MOTION. ...............................4

    II.     PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS..................4

           A.     Plaintiff Lacks Standing to Obtain the Relief Sought. ...................5

           B.     Plaintiff Fails to Show That the First Amendment Guarantees the Far-Reaching Right of Access to DEA Proceedings and Records That He Asserts.....................................................................................9

                 1.     The Experience and Logic Test Does Not Apply to Administrative Agency Proceedings or Records. ............9

                 2.     Even If the Experience and Logic Test Applied, Plaintiff Has Failed to Meet It.........................................12

    III.    PLAINTIFF FAILS TO SHOW A SUBSTANTIAL THREAT OF IRREPARABLE INJURY PENDING FURTHER PROCEEDINGS. ............13

    IV.    THE REMAINING FACTORS MILITATE AGAINST PRELIMINARY RELIEF..................................................................................................15

CONCLUSION ...................................................................................................................16

# TABLE OF AUTHORITIES

**CASES**

*Alabama v. U.S. Army Corps of Engineers,*
  424 F.3d 1117 (11th Cir. 2005) ........................................................................8

*Bluefield Water Ass'n v. City of Starkville,*
  577 F.3d 250 (5th Cir. 2009) .........................................................................13

*Calder v. IRS,*
  890 F.2d 781 (5th Cir. 1989) .........................................................................10

*Center for Biological Diversity, Inc. v. BP American Production Co.,*
  704 F.3d 413 (5th Cir. 2013) ...........................................................................7

*City of Dallas v. Delta Air Lines, Inc.,*
  847 F.3d 279 (5th Cir. 2017) .........................................................................14

*Clapper v. Amnesty Int'l USA,*
  568 U.S. 398 (2013) ....................................................................................5, 6

*Ctr. for Nat'l Sec. Stud. v. U.S. Dep't of Just.,*
  331 F.3d 918 (D.C. Cir. 2003) .......................................................................10

*Detroit Free Press v. Ashcroft,*
  303 F.3d 681 (6th Cir. 2002) .........................................................................12

*Federal Election Commission v. Akins,*
  524 U.S. 11 (1998) ...........................................................................................7

*Frontier Found. v. Off. Of the Dir. of Nat'l Intel.,*
  542 F. Supp. 2d 1181 (N.D. Cal. 2008) ..........................................................15

*Gill v. Whitford,*
  138 S. Ct. 1916 (2018) .....................................................................................5

*Google, Inc. v. Hood,*
  822 F.3d 212 (5th Cir. 2016) .........................................................................14

*Houchins v. KQED, Inc.,*
  438 U.S. 1 (1978) ...........................................................................................10

*N. Jersey Media Grp., Inc. v. Ashcroft,*
  308 F.3d 198 (3d Cir. 2002) ..........................................................................12

*Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*,
514 F. Supp. 2d 7 (D.D.C. 2007) ................................................................15

*Justin Indus., Inc. v. Choctaw Secs., L.P.*,
920 F.2d 262 (5th Cri. 1990) ....................................................................14

*Leaf Trading Cards, LLC v. Upper Deck Co.*,
No. 3:17-cv-3200, 2019 WL 7882552 (N.D. Tex. Sept. 18, 2019).................15

*Lewis v. Casey*,
518 U.S. 343 (1996) ..............................................................................5, 9

*Little v. Jones*,
607 F.3d 1245 (10th Cir. 2010) ..................................................................8

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ..............................................................................5, 7

*Martinez v. Mathews*,
544 F.2d 1233 (5th Cir. 1976) ....................................................................4

*Mazurek v. Armstrong*,
520 U.S. 968 (1997) ..................................................................................4

*McBurney v. Young*,
569 U.S. 221 (2013) ............................................................................10, 11

*Nat'l Veterans Legal Servs. Program v. United States*,
968 F.3d 1340 (Fed. Cir. 2020) ..................................................................11

*New York Civil Liberties Union v. New York City Transit Authority*,
684 F.3d 286 (2d Cir. 2012) .......................................................................13

*Nken v. Holder*,
556 U.S. 418 (2009) ..................................................................................16

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,
810 F.3d 631 (9th Cir. 2015) .......................................................................8

*Press-Enter. Co. v. Superior Ct. of Cali. for Riverside Cty.*,
478 U.S. 1 (1986)......................................................................................10

*Richmond Newspapers, Inc. v. Virginia*,
448 U.S. 555 (1980) ..................................................................................12

*Spokeo, Inc. v. Robins,*
  578 U.S. 330 (2016) ........................................................................................................5

*Texas v. United States,*
  328 F. Supp. 3d 662 (S.D. Tex. 2018) ..........................................................................15

*Town of Chester, N.Y. v. Laroe Ests., Inc.,*
  581 U.S. 433 (2017) ........................................................................................................5

*United States v. Brown,*
  250 F.3d 907 (5th Cir. 2001) ........................................................................................10

*United States v. Pilcher,*
  950 F.3d 39 (2d Cir. 2020) ...........................................................................................11

*Winter v. Nat. Res. Def. Council, Inc.,*
  555 U.S. 7 (2008) ............................................................................................................4

*Xerox Corp. v. Genmoora Corp.,*
  888 F.2d 345 (5th Cir. 1989) ..........................................................................................8

**STATUTES**

5 U.S.C. § 552 .......................................................................................................... 11, 13

**REGULATIONS**

21 C.F.R. § 1308.41 .............................................................................................................3

21 C.F.R. §§ 1301.41–46 .....................................................................................................3

21 C.F.R. §§ 1309.51–55 .....................................................................................................3

21 C.F.R. §§ 1312.41–47 .....................................................................................................3

21 C.F.R. §§ 1313.51–57 .....................................................................................................3

21 C.F.R. §§ 1315.50–62 .....................................................................................................3

Morris & Dickson Co., LLC; Decision and Order,
  88 Fed. Reg. 34,523 (May 30, 2023) ..............................................................................2

Plaintiff's First Amendment claim has been pending for over six months, and the Parties recently agreed that all that remained for the Court to resolve at this time were the pending motions to dismiss and partial motion for summary judgment, *see* Joint Status Report, Doc. No. 64. Nevertheless, Plaintiff has now filed a motion for the "extraordinary remedy" of a preliminary injunction. Pl.'s Mot. for Preliminary Injunction, Doc. No. 65 ("PI Mot."). Plaintiff's dilatory request for emergency relief should be rejected for numerous reasons: he failed to confer regarding his motion in violation of the Court's rules; he lacks standing to pursue the expansive relief he seeks; the First Amendment does not require that relief either; he has failed to show an irreparable injury that must be addressed before final judgment in this case; and the balance of equities and public interest disfavor preliminary relief.

## BACKGROUND

## I.   PROCEDURAL HISTORY

Plaintiff originally filed this lawsuit against the Drug Enforcement Administration ("DEA") on July 19, 2022, pursuing one claim—a purported Freedom of Information Act ("FOIA") policy-or-practice claim regarding DEA's alleged over-application of FOIA's unusual circumstances provision. Compl. ¶¶ 59–67, Doc. No. 1. Plaintiff is an attorney who has "submitted FOIA requests to DEA," and he allegedly "intends to continue to use FOIA to seek government documents related to drug policy." 3d Am. Compl. ¶¶ 8, 45 & n.10, Doc. No. 61.

Plaintiff's complaint has undergone a series of revisions, expanding significantly in a Second Amended iteration filed January 24, 2023. *See* 2d Am. Compl., Doc. No. 21. One of the claims added in that pleading is the First Amendment claim at issue in the instant motion. *See id.* Plaintiff alleges that DEA administrative proceedings are "non-public and have denied the public timely access to important information" in alleged violation of the First Amendment. 3d Am.

Compl. ¶¶ 153–59.  Plaintiff does not describe any particular proceeding in which he was denied access to information or any injury he suffered as a result.  Rather, his complaint recites generic grievances about how DEA operates without any apparent connection to his own attempts to gain access.  *See* 3d Am. Compl. ¶¶ 109–19.  Plaintiffs' First Amendment claim, as well as his Chief FOIA Officer claims, are the subject of Defendants' pending motion to dismiss.  Defs.' Mot. to Dismiss in Part, Doc. No. 42 ("Defs.' MTD").

## II.   PLAINTIFF'S MOTION

On July 21, 2023, the parties filed a joint status report in which they "agreed to streamline" the motions pending before the Court and further agreed that "there are no issues that require the Court's immediate attention" beyond those pending motions.  Joint Status Report 1, Doc. No. 64.  Nonetheless, and without any notice to or conferral with Defendants, Plaintiff filed a motion for a preliminary injunction five days later on his First Amendment claim.  *See* PI Mot.

Plaintiff's motion contends that DEA administrative proceedings are generally "secretive," that DEA does not publicly release dockets from these proceedings, and that records from them are difficult to access.  PI Mot. 1, 4.  Plaintiff nonetheless acknowledges that such records are, in fact, accessible through FOIA.  *See id.* at 4.  It is not clear what particular kinds of hearings and proceedings the motion addresses.  As discussed below, the motion expansively seeks relief as to all hearings and proceedings at DEA of any kind.  But elsewhere, the motion describes particular concern as to hearings "regarding the suspension, revocation, and other actions involving registrants" with license to distribute controlled substances.  *Id.* at 1.  And the motion, *id.* at 5–6, invokes one particular DEA proceeding in which Morris & Dickson, LLC, a wholesale drug distributor, had its license to distribute controlled substances revoked by DEA.  *See* Morris & Dickson Co., LLC; Decision and Order, 88 Fed. Reg. 34,523 (May 30, 2023).  DEA's revocation

order is currently on appeal at the Fifth Circuit.  Plaintiff states that he has a pending FOIA request about this administrative proceeding and that he wishes to publicly comment on the matter.  *See* PI Mot. 5–6.  He is not, however, a party or counsel in that litigation or the underlying DEA proceeding.  And his complaint in this lawsuit contains no mention of the Morris & Dickson litigation or his FOIA request concerning it.  *See* 3d Am. Compl.

Plaintiff requests four forms of injunctive relief in his motion.  *See* Proposed Order, Doc. No. 65-4.  First, he asks for an injunction requiring DEA to post an index of all proceedings referred to an Administrative Law Judge within the past three years.  Second, he asks for an injunction requiring the public release of all filings and transcripts from the Morris & Dickson matter.  Third, he asks that DEA be enjoined from an alleged "practice of treating pending proceeding materials as FOIA exempt."  And fourth, he asks for an expansive injunction obligating DEA to post dockets of all proceedings before the agency within the past three years and into the future and to develop a system for making records from such proceedings "reasonably accessible" to the public.

## III.    DEA ADMINISTRATIVE PROCEEDINGS

DEA administrative proceedings arise under numerous legal provisions.  Many of them center on registrations to possess and distribute controlled substances.  21 C.F.R. §§ 1301.41–46, 1309.51–55.  Others involve applications for permits to import or export controlled substances. 21 C.F.R. §§ 1312.41–47, §§ 1313.51–57.  Still others involve hearings regarding DEA's authority to establish yearly production quotas for various controlled substances.  21 C.F.R. §§ 1315.50–62. Hearings may also arise "on the issuance, amendment, or repeal of rules" promulgated pursuant to section 811 of the Controlled Substances Act.  *See* 21 C.F.R. § 1308.41.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Plaintiff must "by a clear showing" establish that (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) preliminary relief serves the public interest.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  Plaintiff's burden is even higher here because he seeks a preliminary injunction that would alter the status quo; such injunctions are "particularly disfavored[] and should not be issued unless the facts and law clearly favor the moving party."  *See Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

## ARGUMENT

### I.   PLAINTIFF FAILED TO CONFER ON THIS MOTION.

Plaintiff's motion should be summarily denied for failure to comply with the Court's rules. Local Rule 7.1 specifically requires that all motions except for motions to dismiss or for summary judgment must contain a certificate of conference but Plaintiff's motion contains no such certificate.  In fact, the required conferral did not occur—the docket notice of Plaintiff's motion was the first that undersigned counsel learned of the matter.  Plaintiff's disregard of the Court's rules alone warrants denial of his motion.  *See also* Court Procedures of Hon. Drew B. Tipton ¶ 15(a).

Should the Court reach the merits of the motion, it should deny it because Plaintiff has failed to carry his burden as to any of the four factors for preliminary relief.

### II.   PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS.

Plaintiff contends that he has a general First Amendment "right of access" to DEA administrative proceedings and that this right has been denied.  On the basis of this purported

right of access, Plaintiff seeks expansive relief. Rather than seeking to attend any particular administrative proceeding after being denied attendance (which he has not shown), Plaintiff seeks the Court-ordered establishment of an affirmative disclosure regime, in which the Court superintends the creation of a docketing system for all DEA administrative proceedings and the release of untold volumes of records, notwithstanding whether they are subject to withholding under FOIA or other provisions of law. *See* PI Mot. 14. Plaintiff lacks standing to pursue that result and the First Amendment does not require it in any event.

### A.    Plaintiff Lacks Standing to Obtain the Relief Sought.

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing the three elements of standing to sue: injury-in-fact, traceability, and redressability. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An "injury in fact" to the plaintiff must be "actual" or "certainly impending," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013), not "conjectural" or "hypothetical," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). It is not enough that injury could be "*possible*" or even that there is an "objectively reasonable likelihood" that it would occur. *See Clapper*, 568 U.S. at 409–10.

Additionally, "standing is not dispensed in gross" and "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) (citation omitted). Plaintiff's remedy must, therefore, "be tailored to redress [his] particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018); *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established."). In short, standing to obtain injunctive relief extends no further than necessary to address the particular actions giving rise to a plaintiff's injury.

Plaintiff's motion generally asserts a deprivation of the right to access and obtain records from DEA administrative proceedings.  But Plaintiff's complaint makes *no* specific allegation regarding *any* DEA administrative proceeding to which Plaintiff has been denied access.  Indeed, Plaintiff concedes in the declaration accompanying his motion that "nothing prevents the media or members of the public from attending hearings."  Zorn Decl. ¶ 6, Doc. No. 65-1.  He further concedes that hearings may be announced in the Federal Register.  Zorn Decl. ¶ 9 (contending that DEA hearings are not publicized "except as provided in the Federal Register").  It is thus unclear, by Plaintiff's own admission, whether Plaintiff would be excluded from or unaware of any particular DEA administrative proceeding he wishes to attend.

Rather than point to any such proceeding, Plaintiff's complaint bases his standing on his status as an attorney working with clients who have "active matters pending before DEA" and as a "journalist who publishes essays and articles on controlled substances."  3d Am. Compl. ¶ 8. Plaintiff further contends that he is unable to determine "what proceeding records [DEA] may have" because, he asserts, DEA administrative proceedings are non-public.  PI Mot. 3; 3d Am. Compl. ¶ 158.  These minimal allegations are inadequate to support the expansive requests for relief that Plaintiff makes.  Plaintiff must show that he has a "certainly impending" injury arising from the asserted secrecy of DEA administrative proceedings.

Plaintiff fails to make that showing for at least two reasons.  First, the requirement of "certainly impending" injury requires more than conjecture about injuries that could be "possible" or even subject to an "objectively reasonable likelihood."  *Clapper*, 568 U.S. at 409–10.  It appears that Plaintiff's theory of injury is that there are surely DEA proceedings of relevance to his work as an attorney and journalist that he is not getting access to because of the asserted secrecy of those proceedings.  *See* PI Mot. 3 (asserting harm "because I can't even identify what proceeding

records [DEA] may have"). But Article III demands more than such conjecture about what proceedings may exist to which Plaintiff may be unable to gain access. Plaintiff's complaint fails to allege a lack of access to any DEA proceeding in which he has a concrete interest or that such an outcome is certainly impending.

Second, Plaintiff's generic demand for information is not sufficiently concrete and particularized to constitute injury in fact in the absence of any specific allegations about the proceedings to which he needs access and the basis for such need. Although deprivation of information to which there is a legal entitlement may constitute an injury in fact, a plaintiff pleading such an injury must show at a minimum that *he* needs *particular* information to which he claims to be legally entitled. Thus, in *Federal Election Commission v. Akins*, 524 U.S. 11 (1998), the Supreme Court held that plaintiffs had adequately shown injury where they identified particular withheld information that was relevant to their status as voters and to their interest in "evaluat[ing] candidates for public office." *Id.* at 21. Similarly, in *Center for Biological Diversity, Inc. v. BP American Production Co.*, 704 F.3d 413 (5th Cir. 2013), the Fifth Circuit found "concrete" informational injury where the plaintiff was exposed to environmental impacts of an oil spill and sought information about the "types of substances" released. *Id.* at 429–30.

But here, Plaintiff does no more than point generically to *all* DEA administrative proceedings and contend that the First Amendment requires information about and records of these proceedings to be publicly available. It is not enough, however, to simply allege that the Defendants are not complying with the law by failing to post information. That kind of allegation is a classic generalized grievance not subject to federal court review, which claims "only harm to his and every citizen's interest in proper application of the Constitution and laws." *Lujan*, 504 U.S. at 573–74. That deficiency is all the more pronounced because DEA administrative proceedings

7

and hearings arise in numerous contexts, many of which are not even mentioned in Plaintiff's motion or complaint.  *See* Background Pt. III.

Put simply, Plaintiff's complaint is unmoored from any jurisdictional basis to impose the sweeping relief that he seeks regarding *every* administrative proceeding that has occurred at DEA in the last three years or anytime in the future.

Plaintiff's *motion* does, however, assert that *one* specific proceeding is insufficiently accessible to Plaintiff: the Morris & Dickson matter.  Plaintiff contends in his motion that he has submitted a FOIA request regarding that proceeding and that the First Amendment requires he be given access to the records sought in that request.  PI Mot. 5–6, 14.  There are at least two additional responses to Plaintiff's invocation of that request and the Morris & Dickson proceeding.  First, that proceeding and Plaintiff's FOIA request regarding it provide no basis for standing because no allegation regarding them is made in the complaint.  Standing to sue must be demonstrated "on the face of a complaint."  *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989).  Plaintiff's complaint nowhere mentions, let alone seeks relief regarding, the Morris & Dickson matter or the FOIA request he submitted in relation to it.  Plaintiff cannot bolster his standing to sue based on episodes never alleged in the complaint.  Nor can he pursue preliminary injunctive relief on a FOIA claim that nowhere appears in his complaint or refashion his vaguely alleged First Amendment claim as specifically concerning this unalleged matter.  *See, e.g., Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing cases).

Second, even if the Morris & Dickson matter could support standing here, that would not create jurisdiction for the expansive relief Plaintiff seeks regarding every DEA administrative proceeding. At most, Plaintiff could theoretically have standing to assert First Amendment claims as to his access to *that particular proceeding*. *See Lewis*, 518 U.S. at 357 (remedy "limited to the inadequacy that produced the injury in fact").

One final point: Plaintiff's motion fleetingly references a FOIA request he submitted seeking filings from a different administrative proceeding and complains that he was quoted a large FOIA fee regarding it. PI Mot. 4 ¶ 11; Zorn Decl. ¶¶ 22, 23. Presumably Plaintiff would argue that he has received insufficient access to that proceeding as well. Although it is unclear from the face of the complaint, this may be the same request that Plaintiff references in a footnote in the complaint. *See* 3d Am. Compl. at 31 n.65. This vague reference in the complaint is insufficient to establish standing, as Plaintiff's complaint provides no explanation for what significance this request has to his access to any DEA administrative proceeding. Moreover, even if this request were a basis for standing, it would *not* be a basis for standing to pursue any of the expansive relief requested in the motion for preliminary injunction. *See Lewis*, 518 U.S. at 357.

**B.     Plaintiff Fails to Show That the First Amendment Guarantees the Far-Reaching Right of Access to DEA Proceedings and Records That He Asserts.**

Plaintiff's claim of a broad First Amendment "right of access" to DEA administrative proceedings—purportedly encompassing every kind of administrative proceeding at DEA and all records of such proceedings—has no basis in law and accordingly is unlikely to succeed.

   1.     *The Experience and Logic Test Does Not Apply to Administrative Agency Proceedings or Records.*

To begin, "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's

control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality op.); *United States v. Brown*, 250 F.3d 907, 915 (5th Cir. 2001). The Supreme Court has therefore "repeatedly made clear that there is no constitutional right to obtain all the information provided by [the] FOIA laws." *McBurney v. Young*, 569 U.S. 221, 232 (2013).

Plaintiff bases his First Amendment claim on a line of Supreme Court precedent that, as interpreted by the Fifth Circuit, only "establish[es] and define[s] the scope of the first amendment right of access to *criminal trials* and certain *criminal proceedings*." *See Calder v. IRS*, 890 F.2d 781, 783 (5th Cir. 1989) (emphasis added). This "experience and logic" test governing the "right of access to criminal proceedings" asks (1) "whether the place and process have historically been open to the press and general public" and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enter. Co. v. Superior Ct. of Cali. for Riverside Cty.*, 478 U.S. 1, 8–9 (1986).

The Fifth Circuit has rejected extension of the experience and logic test to administrative agency records. In doing so, the Court of Appeals reasoned that "the right to speak and publish does not carry with it an unrestricted license to gather information" and that the "determination of who should have access to particular government held information and what constitutes a legitimate use of such information is 'clearly a legislative task which the Constitution has left to the political processes.'" *Calder*, 890 F.2d at 784 (quoting *Houchins*, 438 U.S. at 12)); *see also Ctr. for Nat'l Sec. Stud. v. U.S. Dep't of Just.*, 331 F.3d 918, 934 (D.C. Cir. 2003).

Plaintiff's invocation of the experience and logic test is, therefore, inconsistent with binding precedent. The default rule applies, which provides that the First Amendment *does not* provide a general right of access to executive branch information.

Moreover, even if the experience and logic test conceivably could apply here, Plaintiff has failed to show that the First Amendment compels the injunctive relief he seeks. Plaintiff asks the Court to superintend the creation of an external docketing system and to compel DEA to proactively disclose, without regard to the content of such documents, all records of DEA administrative proceedings. Plaintiff cites nothing supporting such sweeping relief even for criminal judicial proceedings. And the relief he seeks makes little sense where the kinds of proactive disclosures he demands are not even required by FOIA, a statute that imposes disclosure obligations on the Government far beyond that which are required by the Constitution. *See* 5 U.S.C. § 552(a)(1), (2) (establishing proactive disclosure obligation as to certain categories of records). The incongruity of Plaintiff's argument is further shown by his complaints about the obligation to pay fees under FOIA to obtain records of DEA administrative proceedings. *See* PI Mot. 10. Even as to judicial records, courts have rejected arguments that fees associated with the PACER system impinge on First Amendment rights, given that such fees are authorized by statute and are used to facilitate the court's docketing and provision of records. *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020); *Nat'l Veterans Legal Servs. Program v. United States*, 968 F.3d 1340, 1357 & n.16 (Fed. Cir. 2020). Plaintiff states no violation of the First Amendment merely because he may be obligated to pay statutorily authorized review fees. Whatever the applicability of the experience and logic test to administrative proceedings, it does not expansively require a judicially supervised proactive disclosure regime.

Finally, Plaintiff's request for an injunction regarding DEA's alleged "practice of treating pending proceeding materials as FOIA exempt" has no basis in the First Amendment, which does not guarantee access to all information subject to FOIA. *McBurney*, 569 U.S. at 232. Nor does

the complaint contain this allegation or request for relief, thus raising no basis for a preliminary injunction in all events.  *See supra* pp. 8–9.

2.    *Even If the Experience and Logic Test Applied, Plaintiff Has Failed to Meet It.*

Even if the experience and logic test did apply to administrative agency records, Plaintiff has not established that the test is met here and his one paragraph of argument is insufficient to carry his heavy burden to obtain a preliminary injunction.  *See* PI Mot. 9.

First, Plaintiff has not shown that there is any tradition of openness in all DEA administrative proceedings, and the records thereof.  The Supreme Court found the "experience" prong met with respect to criminal judicial proceedings based on a tradition of openness in such proceedings extending back centuries.  *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980).  The courts of appeals that have applied the experience and logic test to administrative proceedings have, therefore, looked for historical openness in considering the application of this test.  In *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002), the Sixth Circuit recognized the need for a "historical tradition of at least some duration" and found this prong met where the category of administrative proceeding at issue had "historically . . . been open" for decades.  *See id.* at 701.  In contrast, the Third Circuit found a First Amendment right did not attach to certain administrative proceedings where plaintiff did not show "the type of 'unbroken, uncontradicted history' that *Richmond Newspapers* and its progeny require to establish a First Amendment right of access."  *N. Jersey Media Grp., Inc. v. Ashcroft*, 308 F.3d 198, 201 (3d Cir. 2002).

Plaintiff here presents nothing to show the requisite tradition of openness in DEA administrative proceedings, let alone that such a tradition of openness exists in all kinds of DEA proceedings and with respect to all records of them.  To the contrary, the very premise of his

motion is that DEA is *not* sufficiently open and never has been.  *See generally* PI Mot.  Plaintiff's own argument defeats his attempt to pass the "experience" portion of the test.

Contrary to the foregoing cases, Plaintiff contends that the experience determination "doesn't consider historical openness."  PI Mot. 9.  But even the case that Plaintiff cites, *New York Civil Liberties Union v. New York City Transit Authority*, 684 F.3d 286 (2d Cir. 2012), does not support that sweeping proposition.  The Second Circuit there specifically reviewed the "[e]xperience of [p]ublic [a]ccess to" the administrative hearings at issue and held that, because the administrative agency there shared jurisdiction with a criminal court, the historical openness applicable to that criminal court was also applicable to the administrative agency proceedings in the case.  *Id.* at 301.  Plaintiff has made no similar showing regarding DEA proceedings here.

Second, Plaintiff has failed to show that unfettered access to all records of DEA proceedings would satisfy the logic prong of the test.  Plaintiff ignores Congress's express decision to exempt specific categories of information from public disclosure under FOIA, including as potentially relevant here, information bearing on substantial privacy interests and various categories of information compiled for law enforcement purposes.  *See* 5 U.S.C. § 552(b)(6), (7).  Plaintiff's one paragraph analysis nowhere explains why the Court should cast aside this congressional assessment of what types of executive branch records should be exempt from public release under FOIA.  Moreover, Plaintiff fails to account for the variety of DEA administrative proceedings and fails to address whether unfettered access to all information about each would satisfy the test.

## III.   PLAINTIFF FAILS TO SHOW A SUBSTANTIAL THREAT OF IRREPARABLE INJURY PENDING FURTHER PROCEEDINGS.

Plaintiff also has not "clearly carried the burden of persuasion" to show a "substantial threat that he will suffer irreparable injury if the injunction is not granted."  *Bluefield Water Ass'n v.*

*City of Starkville*, 577 F.3d 250, 252–53 (5th Cir. 2009) (citation omitted). Plaintiff must show that such irreparable injury is likely to occur "during the pendency of the litigation." *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cri. 1990). After all, the "purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained" at final judgment. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

Regardless of how the Court resolves the question of standing—Plaintiff has failed to adequately allege it, as discussed above—it should find an inadequate showing of irreparable injury. In support of his claim of irreparable injury, Plaintiff largely relies on his assertion that he is being denied First Amendment freedoms, citing the proposition that the "loss of [such] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." PI Mot. 10. But the "invocation of the First Amendment cannot substitute for the presence of an imminent, non-speculative irreparable injury," *Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016). Plaintiff's interpretation of the First Amendment is mistaken and there has, in fact, been no denial of First Amendment freedoms as discussed above. But even if Plaintiff were right on the merits of his claim, he has not provided any adequate evidence that any denial of *his* rights has occurred, let alone that such denial will be irreparable if not remedied *right now*. *See* Argument Pt. II.A.

In an apparent attempt to show the requisite imminence, Plaintiff again points to ongoing federal court review of the Morris & Dickson matter. That proceeding, however, is not properly raised in Plaintiff's motion as it has nothing to do with the allegations of the complaint. *See supra* pp. 8–9. And in any event, Plaintiff cites no precedent to show that irreparable injury may arise from the desire to comment on a litigation matter. Plaintiff cites an out-of-circuit district court

opinion as establishing irreparable injury from the inability to immediately obtain FOIA releases during "ongoing public and congressional debates."  *See Elec. Frontier Found. v. Off. of the Dir. of Nat'l Intel.*, 542 F. Supp. 2d 1181, 1186 (N.D. Cal. 2008).  But even on its own terms that ruling is inapt: Plaintiff points to no ongoing legislative or regulatory proceeding that may regulate him and in which he will irreparably lose the opportunity to comment.  Plaintiff is not a party to the Morris & Dickson litigation and articulates no other basis to say that the outcome of that litigation will affect him.  Plaintiff's "desire to have [his] case decided in an expedited fashion . . . is insufficient to constitute the irreparable harm necessary to justify the extraordinary relief requested here."  *Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7, 10 (D.D.C. 2007).

Finally, Plaintiff's dilatory approach to his First Amendment claim underscores the lack of irreparable injury here.  "Federal courts in Texas have long recognized" that a "delay in seeking an injunction" indicates "that the alleged harm does not rise to a level that merits an injunction." *Texas v. United States*, 328 F. Supp. 3d 662, 738 (S.D. Tex. 2018); *Leaf Trading Cards, LLC v. Upper Deck Co.*, No. 3:17-cv-3200, 2019 WL 7882552, at *2 (N.D. Tex. Sept. 18, 2019) (three to six month delay militates against relief).  Delay in pursuing preliminary relief "demonstrates a lack of urgency and undercuts the need for a preliminary injunction."  *Id.*  Here, Plaintiff alleged his First Amendment claim on January 24 of this year and then waited *six months* to file this motion for a preliminary injunction.  That delay in filing further demonstrates that he will not suffer irreparable harm warranting emergency relief while this case is litigated to final judgment.

## IV.   THE REMAINING FACTORS MILITATE AGAINST PRELIMINARY RELIEF.

The final requirements for obtaining preliminary injunctive relief—the balance of harms and whether the requested injunction will serve the public interest—"merge when the

Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).  Plaintiff has also failed to make an adequate showing regarding these factors.

Taken literally, Plaintiff's proposed preliminary injunction applies to numerous and disparate categories of DEA proceedings, many of which he has not even mentioned in his pleadings.  It would demand an enormous fiscal burden to establish a sweeping new docketing system and do so with respect to a law enforcement agency that should otherwise be devoting its resources and energies to its law enforcement mission, including fighting the opioid epidemic that Plaintiff gratuitously invokes.  And it would order the indiscriminate release of great volumes of records without regard to the congressional determination in FOIA that many kinds of government information are appropriately exempt from public release in order to protect, among other serious matters, the substantial privacy interests of ordinary people and important law enforcement information.  Plaintiff's requested injunction would not serve the public interest and the balance of harms tilts decisively against him.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for preliminary injunction should be denied.

DATED: August 23, 2023        Respectfully Submitted,

ALAMDAR HAMDANI
United States Attorney

*s/ Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303

jimmy.rodriguez2@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ James R. Powers*
James R. Powers
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
Texas Bar No. 24092989
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-0543
James.r.powers@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF WORD COUNT**

I certify that the foregoing document has 4977 words per Microsoft Word's word count feature.

*s/ James R. Powers*
James R. Powers

**CERTIFICATE OF SERVICE**

I certify that on August 23, 2023, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ James R. Powers*
James R. Powers

17