### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| MATTHEW C. ZORN, <br> *Plaintiff*, <br> v. <br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br> *Defendants*. | Civil Action No. 4:22-CV-02396 |

## DEFENDANTS' MOTION TO STRIKE

Defendants hereby move to strike Plaintiff's declaration, Zorn Decl., Doc. No. 71-1, submitted with his supplemental standing brief on August 18, 2023. The declaration was improperly submitted without leave of Court and should not be considered in adjudicating Defendants' motion to dismiss. In any event, the declaration is irrelevant to the issue of standing because standing is determined based on the four corners of the complaint, not extraneous information regarding post-pleading events. Defendants have conferred with Plaintiff regarding the relief sought in this motion and Plaintiff opposes.

On August 9, 2023, the Court entered an order inviting the parties to "address whether any recent cases decided by the United States Supreme Court or the United States Court of Appeals for the Fifth Circuit might impact the parties' analysis" on the issue of standing. Doc. No. 67. The Court stated that "[t]he parties should not reiterate the arguments in the briefs already before the court." *Id.* Nowhere did the Court invite the submission of additional evidence, declarations, or any other kind of filing on the pending motions.

Nonetheless, Plaintiff attached to his supplemental brief a declaration executed on August 18, 2023, Doc. No. 71-1. Plaintiff claims that this declaration "attest[s] to recent matters that

reinforce to [*sic*] my standing." Doc. No. 71 at 1. The Court should strike this declaration and not consider it any further for at least two reasons.

First, the Court's Order inviting a supplemental brief was specific in its requirements and nowhere invited the submission of supplemental evidence regarding standing. Plaintiff's submission is thus akin to a sur-reply to Defendants' motion to dismiss. Plaintiff already had one opportunity to file a sur-reply regarding the Motion to Dismiss, which he sought leave to file with Defendants' consent. Doc. Nos. 52, 54. But Plaintiff neither sought consent nor received leave to file a declaration in further sur-reply and the Court's Local Rules do not contemplate sur-replies without leave. This Court's procedures specifically command that parties shall "not file a sur-reply absent permission." Court Procedures of Hon. Drew B. Tipton ¶ 16(c), https://www.txs.uscourts.gov/sites/txs/files/Tipton%20Procedures.pdf. The Court should not countenance Plaintiff's disregard of the Court's rules and procedures or his attempt to use the Court's Order as a basis to shoehorn in evidence in further sur-reply.

Second, Plaintiff's recently executed declaration is irrelevant to whether the complaint adequately alleges standing. Standing to sue must be demonstrated "on the face of a complaint." *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). Plaintiff's declaration thus cannot bolster his pleading failure and especially not by attesting to events occurring *after* the complaint was filed. *See* Zorn Decl. ¶¶ 7–16 (describing various events occurring this month). The declaration's assertions are also irrelevant even if fully considered. Plaintiff testifies to some other unidentified FOIA requester's alleged "completely tangential" experience with DEA and then promptly disavows that he is trying to "litigate this issue," notwithstanding his decision to include it in a filing with the Court. Zorn Decl. ¶¶ 15, 16 & n.3. He also testifies, Zorn Decl. ¶¶ 9–13, to FOIA requests submitted to DEA this month, which evidently postdate the complaint

2

and which do not appear to even be ripe for litigation given their recency. *See* 5 U.S.C. § 552(a)(6)(A)(i), (B)(i) (requiring that agencies issue a determination on a request within 20 business days, which time period may be extended upon a finding of unusual circumstances). Finally, he testifies to purported document retention issues that have no apparent relevance to any of his claims or any of the arguments raised in the parties' pending motions. Zorn Decl. ¶¶ 5–8.

The Court should strike the declaration.

DATED: August 23, 2023

Respectfully Submitted,

ALAMDAR HAMDANI
United States Attorney

*s/Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303
jimmy.rodriguez2@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ James R. Powers*
James R. Powers
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
Texas Bar No. 24092989
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-0543

James.r.powers@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document has 607 words per Microsoft Word's word count feature.

*s/ James R. Powers*
James R. Powers

## CERTIFICATE OF CONFERENCE

I certify that on August 23, 2023, I sent an email to counsel of record seeking Plaintiff's position on this motion. Counsel confirmed in an email response that Plaintiff opposes the relief sought.

*s/ James R. Powers*
James R. Powers

## CERTIFICATE OF SERVICE

I certify that on August 23, 2023, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ James R. Powers*
James R. Powers