UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW C. ZORN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-02396 |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | § § § § | |
| Defendants. | § § | |

**RESPONSE TO MOTION TO STRIKE (Dkt. 73)**

The Government moves to strike a declaration I submitted to support standing and assist the Court's analysis. My best guess is it did so because the declaration cuts through its arguments down and underscores the plausibility of—and proves—my standing.

For the following reasons, the Government's Motion should be denied.

**First**, it is well established in this Circuit and others that trial courts may consider factual materials extrinsic to a complaint to decide a 12(b)(1) motion. *See, e.g.*, *Williamson v Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *Gordon v. Nat'l Youth Work All.*, 675 F.2d 356, 360 (D.C. Cir. 1982) "[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, ... the court may inquire, by affidavits or otherwise, into the facts as they exist." *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947).

The Government incorrectly and repeatedly has urged otherwise. It snip cites a Fifth Circuit case from 1989, where the court explained that a "failure to allege injury on the face of a complaint deprives the plaintiff of standing which is needed to satisfy Article III's case or controversy requirement." *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). The court continued to explain, however, that:

> [B]oth the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.... At the same time, *it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.*

This is a restatement of *Seldin*: "[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). *See also, e.g., Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Poindexter v. United States*, 777 F.2d 231, 235 (5th Cir. 1985).

It is also black-letter law that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" and courts "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Texas Cable & Telecommunications Ass'n v. Hudson*, 265 F. App'x 210, 216 (5th Cir. 2008) (discussing *Bennett v. Spear* and reversing decision pleadings dismissal for lack of standing). And if the Court proceeds with a facial analysis, general allegations in the complaint and the specific facts necessary to support the claim are "presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

In contrast, at summary judgment, a plaintiff must set forth specific evidence that is taken as true. *Id.* So here, if we're on the pleadings, the question is whether I can prove any plausible set of facts showing my standing. *Lane*, 529 F.3d at 557. Certainly, I can. And if we're at summary judgment, then the entire record must be considered and construed in my favor.

In the *Xerox* case cited by the Government in multiple filings, the Fifth Circuit *reversed* the district court and held that it had erred. The district court there reasoned as the Government's

does now; it looked only at plaintiff's complaint. The Fifth Circuit, however, construed the complaint in favor of Xerox and found injury sufficiently alleged. Moreover, it explained that where a trial court has justiciability concerns, at minimum, it should "allow" or "require" a party to supply more supportive facts either by amending the complaint or submitting affidavits. "It is only after such an opportunity that a complaint should be dismissed for failure to demonstrate standing." *Id.* at 351. To not do so, it opined, was error.

Thus, under the sole authority the Government has relied on in multiple filings, the Government's approach misses the mark. At minimum, it is remarkably inefficient. My submission of a declaration with "further particularized allegations of fact" to support my standing is proper and should be considered.

There is, of course, a practical reason for this too. Dismissing a claim for want of standing is *without prejudice*. *See Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice."). Thus, if the declarations are not considered and the case is dismissed, I can submit a new complaint (if given leave) or simply file a new lawsuit and make the same allegations. In other words, not only is it permitted and proper to consider extrinsic material on a 12(b)(1) motion—including material submitted after the Complaint detailing recent events—but not doing so here wastes the parties' and judicial resources. At best, the Government's objection is a technical form-over-function argument that ends up nowhere productive and is inconsistent with the Federal Rules. *See Gordon*, 675 F.2d at 360 ("Fairness, not excessive technicality, is the guiding principle under … the Federal Rules of Civil Procedure").

My goal is not to burden the Court with technical deficiencies and multiply this litigation, for example, by filing a new lawsuit. Rather, I seek a judgment based on the facts, law, and merits.

Although I concede no jurisdictional defect, to these ends, I am conferring with the Government on a motion for leave to file an Amended/Supplemental Complaint under Rule 15 to incorporate the facts attested to in my declaration describing recent events that have occurred to me since the filing of my last pleading, including events I could not have possibly pleaded back then.

"Permitting subsequent pleadings to correct jurisdictional defects circumvents the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief." *Scahill v. D.C.*, 909 F.3d 1177, 1183 (D.C. Cir. 2018) (quot. omitted). Rule 15(d) exists for this very purpose. *See id.* at 1184 ("[W]e hold that a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint. The alternative approach forces a plaintiff to go through the unnecessary hassle and expense of filing a new lawsuit when events subsequent to filing the original complaint have fixed the jurisdictional problem.").[1]

**Second**, the Government points out that the Court's Order did not give me leave to file a declaration. True, but I never claimed to be submitting the declaration based on the Court's Order. Rather, it is my experience litigating in this District that parties routinely submit supplemental information to inform the Court of recent developments related to a pending motion, and that includes doing so without obtaining leave of court. I have filed notices with updated events in commercial cases in this District without leave. *See also, e.g.*, *Jovel-Jovel v. Contreras*, 2018 WL 11473467, at *2 (S.D. Tex. Oct. 29, 2018) ("The court declines to strike the motion. The document includes recent factual developments, and the court has not considered any of the parties' exhibits in ruling on the respondents' motion to dismiss."); *Humphrey v. United Way of Texas Gulf Coast*,

---

[1] I may also seek to include new counts arising out of new misconduct, such as the DEA's FOIA Office arbitrarily closing FOIA requests for FOIA processing notes that relate to pending requests—information that could assist us in understanding whether and how DEA's FOIA Office processes requests.

2008 WL 447552, at *2 (S.D. Tex. Feb. 19, 2008) ("Because the supplemental briefs aid in the just resolution of all the remaining issues before the Court, Plaintiff's motion to strike both supplemental briefs is denied")

The Government cites no authority to suggest that submitting a declaration (without meaningful briefing, as is the case here) to assist the Court's decision on a pending motion requires leave or is improper. Indeed, there is no practical difference between me submitting a declaration and testifying to these facts in my declaration at a hearing—but it is more efficient for me to give the Court facts in a written submission ahead of time. The Government describes my filing as a "sur-reply." More accurately, I submitted a declaration attesting to recent events since briefing closed and, very briefly, explained the import of those facts.

Of course, I have no objections to giving the Government a full and fair opportunity to respond. Neither do I have any objection to being cross-examined on my declarations.

**Third**, the events described in my declaration are obviously not "irrelevant." If they were, why would the Government be moving to strike?

Not surprisingly, the Government's substantive arguments are not well-taken. For example, it says my description of another FOIA requestor's experience is irrelevant and that I am trying to litigate her issue. Actually, what I am showing is that the number and types of FOIA fouls is strong evidence why the absence of a statutorily compliant Chief FOIA Officer causes significant and ongoing harm—DEA's FOIA conduct is lawless and there isn't anyone supervising or holding this misconduct accountable. The Government also claims that my additional FOIA requests are not ripe. But of course, I am not litigating those FOIA requests. Rather, they illustrate and support injury, redressability, and traceability as to my existing Chief FOIA Officer claims.

At bottom, the Government seeks to strike my declaration because it provides specific, concrete facts to back inferences that can already be drawn from the face of my complaint: pervasive FOIA non-compliance is a predictable and natural consequence of there being no statutorily compliant and accountable supervisor.

The Government's Motion should be denied.

Dated: September 11, 2023                                  Respectfully submitted,

/s/ Matthew C. Zorn
Matthew C. Zorn
YETTER COLEMAN LLP
mzorn@yettercoleman.com
811 Main Street, Suite 4100
Houston, TX 77002
T: (713) 632-8000
F: (713) 632-8002

Shane Pennington
PORTER WRIGHT MORRIS & ARTHUR
spennington@porterwright.com
2020 K Street, NW, Suite 600
Washington, D.C. 20006
T: (202) 778-3005
F: (202) 778-3063

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Matthew C. Zorn
Matthew C. Zorn

## WORDS

I certify that this filing has 1,601 words, excluding the case caption, signature block, and certificates.

/s/ Matthew C. Zorn
Matthew C. Zorn