UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW C. ZORN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-02396 |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | § § § § | |
| Defendants. | § § | |

**ZORN'S OPPOSED MOTION FOR LEAVE TO FILE A
FOURTH SUPPLEMENTAL AND AMENDED COMPLAINT**

The Government says I don't have Article III standing to assert my Chief FOIA Officer claims and has moved to dismiss accordingly. It also now argues, in opposition to my preliminary injunction motion, that I don't have standing to assert a First Amendment right-of-access to administrative proceedings and adjudication records claim. On both points, the Government says I have not pleaded sufficient facts to show the elements of injury-in-fact, traceability, and redressability. And, it moves to exclude a declaration I submitted attesting to recent events that support my original allegations and confirm my standing to assert these claims.

I disagree. Under the liberal standards for evaluating a challenge to standing based on pleadings—plausibility and the well-established notion that on general factual allegations embrace specific facts—my operative pleading more than suffices. In addition, it is entirely proper for the Court to consult matters outside of the complaint to assess its jurisdiction.

Nonetheless, to streamline proceedings and avoid unnecessary technical disputes about what are within the pleadings, I am seeking leave to supplement and amend my pleadings to incorporate recent events and clarify matters. This amended and supplemental pleading, attached as **Exhibit A**, expressly incorporates and alleges all the facts and events since I last sought leave

-1-

to amend my pleadings that confirm my standing. In addition, I seek leave to add a new claim relating to a new unlawful pattern/practice that matured weeks ago so that all my pattern/practice and structural claims can be efficiently resolved in this suit.

## Procedural History

With three other plaintiffs, I initiated this lawsuit on July 19, 2022 asserting a single FOIA pattern/practice claim regarding DEA's unlawful "unusual circumstances" policy. Dkt. 1. The Government moved to dismiss under 12(b)(6); the parties exchanged briefs; I filed a First Amended Complaint; the Government moved to dismiss again. Dkt. 6-8.

The evidence showed a pattern/practice of deeming nearly all FOIA requests as raising "unusual circumstances." Nonetheless, the Government challenged my pleadings and said I hadn't provided enough proof. So, the Court then granted limited Rule 30(b)(6) deposition of Defendants DOJ and DEA and held in abeyance the Government's motion to dismiss. Dkt. 11.

I took the deposition on January 5, 2023. Following the deposition, the parties agreed to dispose of this case on summary judgment papers. Dkt. 19. The Court entered a schedule providing for same. Dkt. 20. But then, a few things happened.

In the deposition, Defendants admitted to facts showing that DEA had an unlawfully designated Chief FOIA Officer: (1) DEA is an agency, and (2) the corporate witness—who had introduced herself as DEA's Chief FOIA Officer and testified to same—was not at the "Assistant Secretary or equivalent level" as 5 U.S.C. § 552(j) requires. A week before the deadline for my summary judgment motion, however, the Department changed its positions via errata under Rule 30(e)(1). Now, it contends that (1) DEA is not an "agency" under §552(f), and (2) the corporate deponent is not DEA's Chief FOIA Officer. *See* Dkt. 25-2 (errata).

Because of DOJ/DEA's changed testimony and other discovery discrepancies, I sought additional, targeted discovery. Dkt. 31. The Government responded by moving to dismiss my

Chief FOIA Officer and other claims under Rule 12(b)(1). Dkt. 42. Over the next few months, the parties traded motion papers.

On June 13, 2023, I sought leave to amend my complaint, which the Government did not oppose. Dkt. 55. That amendment largely made ministerial/narrowing edits to the Second Amended Complaint, such as dropping claims and fixing party names. The Third Amended Complaint is the operative pleading, and pending motions are redirected to it.

The Court set pending motions for an oral hearing on June 28, 2023. Dkt. 58. As the case was referred, the hearing was vacated. Dkt. 59.

Since June 2023, the parties have since traded more paper. In view of recent discoveries relating to irreparable harm and public interest, I moved for a preliminary injunction and trial on the merits on my First Amendment claim, including a declaration attesting to recent events. Dkt. 65. In response, for the first time, the Government challenged my standing on that claim. Dkt. 72. That motion is fully briefed.

Also, the Court requested supplemental briefing on the issue of standing. Dkt. 67, 70, 71.[1] I submitted a declaration to update the Court on recent events that confirm my standing. Dkt. 71-1. The Government has moved to strike that declaration. Dkt. 73.

Currently, there is no schedule or trial date.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (cleaned up). Under the

---

[1] To that end, the Fifth Circuit's decision in *Missouri v. Biden*, 2023 WL 5821788, at *8, *32 (5th Cir. Sept. 8, 2023) holding that users of social media platforms who were in fact injured by unconstitutional conduct had standing supports my standing in this case and the propriety of the injunctive relief I seek.

rule, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

Rule 15 is designed to promote "litigation on the merits rather than on procedural technicalities." *Id.* at 427. "The touchstone for denial of leave to amend under Rule 15(a) is prejudice*." Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015). "Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial." *Id.*

Relevant here, "[w]hen dismissing a complaint for lack of subject matter jurisdiction, courts should freely grant leave to amend defective standing allegations." *Marion v. Principal Life Insurance Co.*., 2023 WL 5761287, at *3 (S.D. Tex. Sept. 6, 2023). Thus, "leave to amend defective allegations of subject matter jurisdiction should be freely given." *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991). Indeed, to avoid technical dismissals, 28 U.S.C. § 1653 provides that defective allegations of jurisdiction may be amended.

Under Rule 15(d), the Court may permit a party to file a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. "Rule 15(d) is intended "to promote as complete an adjudication of the dispute between the parties as possible." 6A Wright & Miller, Federal Practice & Procedure § 1504 (3d ed. Sept. 2018 Update). *E.g.*, *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227, (1964) ("Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice.").

Whether brought under Rule 15(a) or 15(d), courts consider the same factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [and] the futility of amendment." *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003); *see also Mayeaux*, 376 F.3d at 425 ("absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial.").

## ARGUMENT

My proposed amended and supplemental pleading largely does three things: (1) adds additional facts and events that have occurred since I last sought leave to amend my complaint, including incorporating my prior declaration; (2) tweaks or clarifies certain existing allegations; and (3) alleges two new claims (that are effectively, the same claim) that has matured since my last pleading. All Rule 15 considerations weigh decidedly in favor of amendment.

*First*, there is no delay, bad faith, or dilatory motive. The vast majority of supplemental allegations center on incorporating events that have occurred since I last sought leave to amend my complaint—events that I could not possibly have pleaded events because they had yet to occur. Ordinarily, there would be no dispute that these facts would be properly before the Court on summary judgment. Here, however, despite development of the factual record, the Government invokes Rule 12(b)(1) and moves to strike my declarations as outside the complaint. It also has begun questioning my standing to raise First Amendment claims. In view of these challenges, I have promptly and properly sought leave to amend the pleadings to streamline matters. *See Dueling*, 623 F App'x at 131 (reversing a decision denying leave to amend where party moved as soon as defect became apparent, and no scheduling order had been entered).

Nor is there dilatory motive. On the contrary, I want this case to proceed forward to the merits as quickly as possible. I am *reluctantly* seeking leave to amend because it will serve the interests of justice and efficiency. It will (1) moot the Government's technical objections and (2) ensure the Court need only rule on pleading issues once, based on a full set of facts. In other words,

in line with the purpose of Rule 15, I want the Court to reach a decision based "on the merits rather than on procedural technicalities." *Mayeaux*, 376 F.3d at 427. The Court should decide the issues based on the full facts as they exist today and based on what has happened and has been discovered to date, not ticky-tacky arguments about what is or is not in the pleadings.

If either party has unduly delayed or has tried to delay proceedings, it is the Government. My Second Amended Complaint filed in January 2023, Dkt. 21, contains the First Amendment claim. And yet, the Government delayed more than seven months before formally questioning my standing to raise the claim—and only after I moved for a preliminary injunction. Based on standards for evaluating pleadings, the Government's belated pleading attack lacks merit. I nonetheless am seeking leave to address the Government's critiques to streamline these proceedings by providing the Court specific facts that refute arguments made by the Government.

*Second*, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux*, 376 F.3d at 427. Here, there is no prejudice.

This case is over a year old; yet, little has substantively happened. Little discovery has been taken; indeed, the Government hasn't answered yet. The parties have volleyed many motion papers; but, the Court has yet to reach a substantive decision. Permitting an amended pleading won't delay trial; actually, there is no trial date. The schedule won't be delayed; again, there is no schedule. Under these circumstances, there is no prejudice to amendment or supplementation. *See Dueling*, 623 F. App'x at 130 (explaining there could be prejudice if "the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial"). As I've stated previously both in filings and to the Government, I don't oppose the Government having a full and fair opportunity to respond and

argue why I lack standing in view of the complete body of facts. But this issue should be decided on the merits, not an incomplete record.

I do seek to add two claims related to a new unlawful agency pattern/practice in processing FOIA requests. These claims matured in recent weeks and directly relate to unlawful FOIA practices that make it impossible for me to timely get information to which I am entitled. These new counts are easy to resolve. Just like my "unusual circumstances" pattern/practice claim, they raise questions of law that turn on statutory interpretation. They can be disposed of at summary judgment and will require minimal if any discovery. To the extent any discovery is needed, one or two interrogatories will do the trick.

Under these circumstances, supplementation and amendment plainly serves the interests of justice, as most appeals courts have so held. *See, e.g.*, *Scahill v. District of Columbia*, 909 F.3d 1177, 1181-1184 (D.C. Cir. 2018); *Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043-1048 (9th Cir. 2015). The alternative is inefficient and wasteful: a new lawsuit that lays out subsequent events in a new cause. *See Schahill*, 909 F.3d at 1183. The very reason Rule 15(d) exists is to avoid this result. *See id.* at 1183 (noting that Advisory Committee notes to the 1963 amendment explain how Rule 15(d) was put in place to avoid the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief).[2]

---

[2] Departing from other circuits, the Fifth Circuit has held that a Rule 15 amendment cannot retroactively *create* jurisdiction over an action. *See U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 328 (5th Cir. 2011). That is so because the court cannot allow a plaintiff to amend a complaint if the court has no jurisdiction in the first instance, before the proposed amendment, to consider the motion and amendment. This line of authority does not apply here, however, because there is no dispute that I have had standing to assert the "unusual circumstances" claim from the beginning, giving the Court federal question jurisdiction over the entire civil action. The issue here is whether the Court has subject matter jurisdiction over certain *claims*, and whether an

*Finally*, the amendments are not futile. An amendment is futile if the new legal theory presented lacks legal foundation or was previously presented and rejected. *Jamieson v. Shaw*, 772 F.2d 1205, 1209-11 (5th Cir. 1985).

As to new facts alleged and incorporated to support standing, no new legal theory is pleaded. The new facts simply support existing claims.

As to the additional claims (that are really the same claim), there is substantial merit to them. No provision of FOIA allows an agency FOIA office to arbitrarily "administratively close" a request simply because the request seeks disclosure from the FOIA office about how it is processing a pending request. Indeed, FOIA contains numerous provisions to promote transparency in processing requests. A FOIA requester is perfectly entitled to request and obtain records about the processing of a FOIA request, including while a request is pending—especially when a request has been pending for many months without a substantive update. Although two instances does not make for a long pattern, the existence of an unlawful policy is manifest from DEA's letter response: "Please be advised that this office is currently processing FOIA case number 23-00347-F. Therefore, we are administratively closing this request. Once FOIA case number 23-00347-F is complete, please feel free to resubmit your request."

## Conclusion

The Motion for Leave should be granted.

---

amendment/supplementation can be made as to those claims to cure any defect. Because the Court has jurisdiction over the action before any amendment, it can grant leave under Rule 15.

Dated: September 15, 2023                                  Respectfully submitted,


/s/ *Matthew C. Zorn*
Matthew C. Zorn
YETTER COLEMAN LLP
mzorn@yettercoleman.com
811 Main Street, Suite 4100
Houston, TX 77002
T: (713) 632-8000
F: (713) 632-8002

Shane Pennington
PORTER WRIGHT MORRIS & ARTHUR
spennington@porterwright.com
2020 K Street, NW, Suite 600
Washington, D.C. 20006
T: (202) 778-3005
F: (202) 778-3063

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew C. Zorn*
Matthew C. Zorn

**CERTIFICATE OF CONFERENCE**

      I conferred with the Government on September 12, 2023. Currently, it is opposed.

*/s/ Matthew C. Zorn*
Matthew C. Zorn

**WORDS**

      I certify that this filing has 2,299 words, excluding the case caption, signature block, and certificates.

*/s/ Matthew C. Zorn*
Matthew C. Zorn