UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW C. ZORN, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-02396 |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | § § § § | |
| Defendants. | § § | |

**NOTICE OF SUPPLEMENTAL AUTHORITY RE: DKT. 83**

I write to inform the Court of two recent Fifth Circuit cases. They confirm that the Government's Rule 12 standing arguments lack merit.

1. ***Louisiana v. DOE*, 2024 WL 80398 (5th Cir.).** As a matter of first impression, the Fifth Circuit held that States had standing to challenge DOE's dishwasher rule. The States established that they own, operate, and maintained appliances, and rooted their standing in lost opportunities to purchase faster and more efficacious appliances. *Id.* at *1-*4.

This holding bears on the Government's arguments here. There, DOE urged it to adopt a "Government-always-wins" rule. As described by the court, DOE's argument went like this:

- "DOE's Repeal Rule precluded manufacturers from making dishwashers or laundry machines under the 2020 Rules;

- Because no manufacturer had a chance to make the new machines, the States cannot show they would purchase the never-made machines;

- Therefore, no one could ever have standing to challenge the Repeal Rule because no one could ever purchase the nonexistent products."

*Id.* at *2-3.

The Fifth Circuit cited the D.C. Circuit, however, which has rejected similar administrative state syllogisms in the past. The court described *Center for Auto Safety*, where the D.C. Circuit

concluded that the petitioners had standing to argue that an agency should have set more stringent fuel standards, and that its failure to do so meant lost opportunities to purchase efficient vehicles that would have been produced in a more highly regulated world. The agency had said that the regulation had done nothing to alter the choices available to the petitioners at that moment. But the D.C. Circuit "rejected that position, holding that the petitioners 'plainly' had standing because the choices available to them would shift in response to the agency action the petitioners contested." *Id*. at \*3 (citing *Ctr. for Auto Safety v. NTSA*, 793 F.2d 1322, 1324 (D.C. Cir. 1986)).

Citing another D.C. Circuit case, the Fifth Circuit explained, "the loss of choice created by regulation represented an injury." *Id.* (citing *Competitive Enter. Inst. v. NTSA*, 901 F.2d 107 (D.C. Cir. 1990)). Importantly, in the *Competitive Enterprise* case, the D.C. Circuit rejected a proposition that because the petitioners had not pointed to any specific car or model that they have been prevented from buying, they lacked standing. *Id.* at \*3.

The Government argues here no differently than it unsuccessfully did in *Louisiana v. DOE*. Regarding my First Amendment claim, it says I lack standing to challenge a policy/practice of keeping adjudications and records therein secret. Why? Because I cannot identify specific records in a particular secret proceeding. *Louisiana v. DOE* forecloses this Catch-22 Government-always-wins rule. The Government says I lack standing even though the policy/practice that I contest denies me the opportunity to identify such records. "Heads the Government wins; tails [I] lose."

There is no genuine dispute here. I'm an attorney/journalist focused on drug policy issues. Just last week, my FOIA work in this area as an attorney/journalist landed me on the front page of the New York Times.



Likewise, (1) the challenged practice impedes my ability to identify, locate, and obtain records and therefore (2) denies me the opportunity to obtain records or use FOIA to obtain records to use in my journalism, advocacy, or scholarship. What the Government argues is exactly the proposition the Fifth Circuit rejected in *Louisiana v. DOE* when it summarized *Competitive Enterprise*, namely, the proposition that a petitioner or plaintiff lacks standing if they can't identify a specific item that they have been prevented from obtaining. Loss of choice and opportunity is enough.

*Louisiana v. DOE* similarly bears on the Government's Chief FOIA Officer standing challenge. I've established, for example, that the agency refusing to designate a Chief FOIA

Officer denies me the opportunity to timely obtain records that relate to agency FOIA policies, FOIA compliance, and records management—records that would necessarily be in the possession of a statutorily compliant Chief FOIA Officer performing her duties. Thus, the agency's misconduct denies me the opportunity to timely obtain records. This injury may not be of great magnitude, but for standing, it's enough. *See id.* at *3 ("[T]he magnitude of this lost option is not material to the standing inquiry").

2.      *Consumers' Research v. Consumer Product Safety Commission*, 2024 WL 177326 (5th Cir.). Last week, in *Consumers' Research*, the Fifth Circuit held that a limited partnership, By Two, which had filed more than 50 requests and planned to submit, had standing to structurally challenge the Commission. Commission had staffers denied several By Two FOIA requests. They also denied fee waivers. By Two appealed those decisions within the Commission. It lost. By Two then sued, claiming the Commission was unconstitutionally structured. *Id.* at *2.

The Fifth Circuit found all Article III elements met. First, as to cognizable injury, "being compelled to participate in an invalid administrative process" can constitute an injury-in-fact. A "deprivation of a procedural right designed to protect a concrete interest is sufficient to establish standing." By Two had a concrete interest "in the information and the fee waivers that it requested (and plans to request again) from the Commission." Second, on traceability, it opined that By Two did not have to prove that the Government's course of conduct would have been different in a "counterfactual world" and rejected the notion that traceability was absent because By Two chose to file the FOIA requests. Finally, as to redressability, it held that a declaratory judgment sufficiently redressed the separation-of-powers injury. *Id.* at *4-6.

*Consumers' Research* cements my standing to raise my Chief FOIA Officer claims. Indeed, the opinion puts forward many of propositions I argued to the Court in my papers. I'm a frequent FOIA user at DEA that has requested and intends to request records in the future. I claim an injury

from being "subject to a regulatory scheme and governmental action lacking [statutory] oversight." Like By Two, I have a concrete interest in the information I've requested, in not being subject to practices and policies established in the absence of a Chief FOIA Officer, and in the outcome of unlawful FOIA processes. I don't have to prove a counterfactual—certainly not on the pleadings.

The only difference between *Consumers' Research* and this case is that—as the replaced text in the quote in the preceding paragraph indicates—all but one of my Chief FOIA Officer claims is rooted in FOIA, not the Constitution. (I do plead one standalone constitutional claim.) That shouldn't matter, however. My statutory claims are nonetheless structural and of the same ilk. I contend the FOIA office is unlawfully structured and makes FOIA policies in excess of FOIA's statutory limitations. The theory of a structural claim—whether constitutional or statutory—obviously goes to the merits and stating a claim. But logically, the source of the right or cause of action doesn't bear on whether one has shown Article III cognizable injury.

Dated: January 23, 2024                                         Respectfully submitted,

                                                                /s/ Matthew C. Zorn
                                                                Matthew C. Zorn
                                                                YETTER COLEMAN LLP
                                                                mzorn@yettercoleman.com
                                                                811 Main Street, Suite 4100
                                                                Houston, TX 77002
                                                                T: (713) 632-8000
                                                                F: (713) 632-8002

### CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                /s/ Matthew C. Zorn
                                                                Matthew C. Zorn