# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MATTHEW C. ZORN, <br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br> *Defendants*. | Civil Action No. 4:22-CV-02396 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff has filed a notice of supplemental authority arguing that two recent decisions of the Fifth Circuit support his standing to bring counts 3 through 6 of the Fourth Amended Complaint—his Chief FOIA Officer and First Amendment claims. *See* Notice of Supplemental Authority Re: Dkt. 83, ECF No. 89 ("Notice"). Plaintiff is mistaken. The cases that Plaintiff cites are inapt and do not solve the fatal defects of the Fourth Amended Complaint.

Plaintiff first points to *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 2024 WL 80398 (5th Cir. Jan. 8, 2024). *Louisiana* found standing for states to challenge regulations constraining the availability of certain kinds of dishwashers and laundry machines. *Id.* at *1. The states relied on a standing theory that "they own, operate, and maintain residential appliances" and that "they would replace those appliances with faster ones that are affected by the [rule challenged]." *Id.* at *4. *Louisiana*'s analysis of standing is irrelevant to this case.

In finding standing, the Fifth Circuit relied on the principle that "[a] market participant with many choices is advantaged relative to a participant with fewer choices, and market participants are therefore injured when their choices are constrained by regulation." *Id.* at *2. It further relied on declarations establishing that, "given an opportunity," the plaintiffs would

purchase the kind of appliances "affected by the" rule under challenge. *Id.* at *4. Plaintiff's First Amendment claim bears no resemblance to this context, contrary to his argument in his Notice. *See* Notice at 2. There is no "market" for access to DEA administrative proceedings here, making the principle that the Fifth Circuit relied on categorically inapt. Moreover, Plaintiff has not established that he is injured merely by a "loss of choice created by regulation." *Louisiana*, 2024 WL 80398 at *3. Instead, Plaintiff relies on his inability to access DEA proceedings of relevance to his interests as an attorney and journalist. *See* MTD at 11–13, ECF No. 83. But he has not shown any current or certainly impending DEA proceedings where a denial of access affects his concrete interests. *See id.* That is far different from the scenario under review in *Louisiana*, which, again, identified an injury theory available to consumers based merely on the effect of government policy on their choices in the market.

Plaintiff is also mistaken that *Louisiana* is relevant to his Chief FOIA Officer claims. Plaintiff argues that the case supports his standing theory based on the purported inability to access records that would be generated by a Chief FOIA Officer if one were designated. Notice at 4. That injury theory is rooted in a meritless application of informational standing doctrines. MTD at 10–11. Informational standing was plainly not at issue in *Louisiana* and the case therefore has nothing to say about this standing theory.

Plaintiff next cites *Consumers' Research v. Consumer Product Safety Comm'n*, ---F.4th---, 2024 WL 177326 (5th Cir. Jan. 17, 2024), in support of his standing to bring his Chief FOIA Officer claims. *Consumers' Research* involved an entity that challenged several denials of its FOIA requests and its requests for fee waivers by the Consumer Product Safety Commission ("CPSC"). *Id.* at *2. The plaintiff responded by filing a lawsuit claiming that the CPSC's structure was unconstitutional by virtue of statutory limitations on the President's power to remove the CPSC's

2

commissioners. *Id.* at *3. The plaintiff sought judicial orders setting aside a CPSC FOIA rule, and the related denials of plaintiff's requests, because the rule was promulgated by a purportedly unconstitutionally structured agency. *See id.*

The Fifth Circuit found standing to sue. The court reasoned that the plaintiff's injury was "traceable to the separation-of-powers violation that it alleges" because it had alleged that there was injury resulting "from an executive act that allegedly exceed[ed] the official's authority." *Id.* at *5 (quoting *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2196 (2020)). Put another way, the plaintiff argued that an unconstitutionally structured agency had taken certain actions that were void and it was sufficient that such void actions harmed the plaintiff. The Fifth Circuit also found redressability because a declaration regarding the CPSC's constitutionality would redress the separation-of-powers injury alleged. *Id.* at *6.

*Consumers' Research* is of no help to Plaintiff for reasons already addressed by Defendants' prior briefing. Plaintiff is once again relying on standing principles applicable to cases where administrative action is challenged on the basis that the agency involved is unconstitutionally structured or the official presiding is unconstitutionally appointed. *See* MTD Reply at 5–6, ECF No. 87. Unlike those cases, Plaintiff has not alleged any analogous way in which DEA's purported failure to designate a Chief FOIA Officer (separate and apart from the statutorily designated Chief FOIA Officer for the Department of Justice) has anything to do with him, instead relying on impermissibly attenuated causal chains to connect his concrete interests to the presence or absence of a Chief FOIA Officer specifically for the DEA. *See id.* Unlike *Consumers' Research*, for example, Plaintiff has not shown that an improperly designated Chief FOIA Officer denied one of his FOIA requests or that an unconstitutionally structured agency promulgated a rule that injures him. *Consumers' Research* and related cases regarding structural claims are inapposite.

DATED: January 29, 2024				Respectfully Submitted,

        ALAMDAR S. HAMDANI
        United States Attorney

       *s/Jimmy A. Rodriguez*
        Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303
jimmy.rodriguez2@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ James R. Powers*
JAMES R. POWERS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 353-0543
james.r.powers@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF WORD COUNT

    I certify that the foregoing document has 1,085 words per Microsoft Word's word count feature.

        *s/ James R. Powers*
        James R. Powers

**CERTIFICATE OF SERVICE**

I certify that on January 29, 2024, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ James R. Powers*
James R. Powers
