United States District Court
Southern District of Texas
**ENTERED**
February 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Matthew C. Zorn, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-22-2396 |
| | § | |
| U.S. Department of Justice, et al., | § | |
| *Defendants.* | § | |

# ORDER

Pending before the court is Matthew Zorn's Motion for a Preliminary Injunction and Trial on Merits on First Amendment Claim. ECF No. 65. The court **DENIES** Zorn's motion without prejudice and consolidates the hearing on Zorn's motion with the trial on the merits. *See* Fed. R. Civ. P. 65(a)(2).

Zorn filed this lawsuit on July 19, 2022, raising one claim for unlawful policy and pattern or practice under the Freedom of Information Act (FOIA) and seeking declaratory and injunctive relief to correct the DEA's unlawful policies and practices. *See* ECF No. 1. Zorn has since amended his complaint four times in the year since filing suit. *See* ECF Nos. 7, 21, 61, 82. As Zorn amended his complaint, he added and subtracted various claims and various requests for declaratory and injunctive relief. *See* ECF Nos. 1, 7, 21, 61, 82. In January 2023, Zorn added a First Amendment claim in the second amended complaint. *See* ECF No. 21. Six months later, a month after filing the third amended complaint, Zorn filed the pending motion for preliminary injunction on the First Amendment claim. *See* ECF No. 65. The parties have recently filed additional briefs on Defendants' motion to dismiss the fourth amended complaint. *See, e.g.,* ECF Nos. 83, 89–90. That motion is under advisement. At the time of filing the motion for preliminary

injunction, Zorn had "an outstanding FOIA request" for the matter addressed in the pending motion. *See* ECF No. 65 at 8.

A preliminary injunction is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). "Preliminary injunctions commonly favor the status quo and seek to maintain things in their initial condition so far as possible until after a full hearing permits final relief to be fashioned." *Texas v. United States*, 809 F.3d 134, 187 n.205 (5th Cir. 2015) (quoting *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997)). A "court may advance the trial on the merits and consolidate it with the [preliminary injunction] hearing." Fed. R. Civ. P. 65 (a)(2).

In the motion, Zorn seeks several declarations and injunctions directed at ordering the Drug Enforcement Agency (DEA) to disclose its proceedings and records to the public. *See* ECF No. 65 at 17. Zorn argues that the DEA is violating his First Amendment right to access the records of its proceedings. *Id.* at 8–9. Zorn does not address the other causes of action before the court. *See id.* Nevertheless, the type of relief sought in the preliminary injunction motion overlaps that which Zorn sought in the fourth amended complaint. Because of the similarity of issues and relief sought in the motion for preliminary injunction to those in the live pleading, it appears that holding a preliminary injunction hearing now will cause undue duplication and be a waste of time and resources. In the interest of conserving judicial and party resources and avoiding repetitive presentations of evidence, the preliminary injunction hearing should be consolidated with the trial on the merits. Doing so will ultimately lead to a more expeditious resolution of the entire case and better serve the interests of justice.

The court orders the parties to confer and submit by February 23, 2024, a proposed scheduling order for an expedited trial on the merits.

Signed at Houston, Texas on February 12, 2024.

_____
Peter Bray
United States Magistrate Judge