IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW C. ZORN,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants.* | Civil Action No. 4:22-CV-02396 |

# RESPONSE TO PLAINTIFF'S OBJECTIONS TO MEMORANDUM AND RECOMMENDATION

## INTRODUCTION

Magistrate Judge Bray issued a detailed and well-reasoned Memorandum and Recommendation ("Memorandum") recommending that the Court grant Defendants' motion to dismiss claims three through six in Plaintiff's Fourth Amended Complaint. The Court should adopt that recommendation in full and overrule Plaintiff's objections. As explained in greater detail below, the Magistrate Judge correctly determined that, *inter alia*, Fifth Circuit precedent requires dismissal of Plaintiff's First Amendment claim, Plaintiff's motion for summary judgment is moot based on the dismissal of the claims to which that motion pertained, and Plaintiff lacks standing to pursue claims based on the alleged failure of the Drug Enforcement Administration to appoint a Chief Freedom of Information Act Officer. Plaintiff's objections to those rulings are without merit and should be overruled.

## BACKGROUND

Plaintiff initiated this lawsuit by alleging that DEA has a policy to deem nearly all FOIA requests as falling under the "unusual circumstances" provision of the FOIA, 5 U.S.C. § 552(a)(6)(B)(i-iv). *See generally* Compl., ECF No. 1. Plaintiff has since amended his complaint four times, adding and removing various claims based upon on a variety of legal theories. ECF Nos. 7, 21, 61, 82.

Plaintiff filed the operative complaint—the Fourth Amended and Supplemental Complaint—on October 13, 2023. ECF No. 82. That complaint includes six claims. The first two claims challenge an alleged DEA policy to "apply the [FOIA] 'unusual circumstances' exception any time a component FOIA office does not 'have access' to the records and must go 'outside' the office to gain access to the records." *Id.* ¶ 129; *see also id.* ¶¶ 126–42. Claims three, four, and five allege that DEA is an "agency" for purposes of a FOIA provision requiring agencies

to appoint a Chief FOIA Officer, and that DEA failed to appoint one at the "Assistant Secretary or equivalent" level. *See id.* ¶¶ 143-59. Claim six alleges violations of the First Amendment based on a purported denial of the "right to timely access records from administrative proceedings and notice of the existence of adjudicator proceedings." *Id.* ¶¶ 160–69. Plaintiff alleges that "DEA administrative proceedings are similar to criminal proceedings" and thus are subject to a purported First Amendment right of access requiring "DEA to make adjudicatory records from DEA proceedings timely available or accessible to the public, for example, through an electronic docketing system or any other appropriate means." *Id.*

Defendants moved to dismiss claims three through six on October 27, 2023. ECF No. 83. Plaintiff filed a combined opposition and cross-motion for summary judgment "on whether DEA is an agency under 5 U.S.C. §§ 552(f) and (j)" on November 20, 2023. ECF No. 86. Defendants filed a combined reply in support of the motion to dismiss and opposition to the cross-motion for summary judgment on December 4, 2023. ECF No. 87. Plaintiff filed a combined reply in support of his cross-motion for summary judgment and a surreply in opposition to Defendants' motion to dismiss on December 11, 2023. ECF No. 88. On May 21, 2024, Magistrate Judge Bray issued the Memorandum recommending the Court grant Defendants' motion to dismiss and deny Plaintiff's summary judgment motion. ECF No. 100. Plaintiff filed objections ("Objections") to that Memorandum on June 4, 2024. ECF No. 103.

## LEGAL STANDARD

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or

2

recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the statute neither requires nor precludes review under any standard the Court deems appropriate. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress . . . intended to require a district judge to review a magistrate's report to which no objections are filed.").

## ARGUMENT

### I. The Magistrate Judge Correctly Interpreted Fifth Circuit Authority That Requires Dismissal of Plaintiff's First Amendment Claim

The Magistrate Judge correctly determined that Plaintiff's First Amendment claim should be dismissed under Rule 12(b)(6). Plaintiff's claim asserts a broad First Amendment "right to timely access records from administrative proceedings and notice of the existence of adjudicatory proceedings." 4th Am. Compl., ECF No. 82, at 40. But Fifth Circuit authority forecloses that claim. As the Magistrate Judge correctly found, in *Calder v. IRS*, 890 F.2d 781 (5th Cir. 1989), the Fifth Circuit declined to extend a First Amendment right of access "beyond criminal proceedings to other governmentally held information." Mem. at 19. Indeed, neither the Fifth Circuit nor the Supreme Court has ever found a First Amendment right of access to apply to the types of records at issue here.

Plaintiff insists that the Magistrate Judge "misinterpret[ed]" *Calder* and that the holding in *Calder* should be limited to claims for access to the specific types of records at issue in that case—IRS investigatory records. Obj. at 2. But the Magistrate Judge was correct to conclude that "statements in *Calder* indicate that the Fifth Circuit's opinion is broader than that." Mem. at 20. The question in *Calder* was whether "the first amendment creates a right of access to records in the hands of an administrative agency which have historically been available for public perusal." *Calder*, 890 F.2d at 783. The plaintiff in *Calder* urged the Fifth Circuit "to conclude that the

3

reasoning behind [*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) and its progeny[1]] mandates the conclusion that the right of access is not limited to criminal proceedings, but extends to other governmentally held information." *Id.*

The Fifth Circuit declined to do so. *Id.* In so ruling, it discussed the reasoning in *Richmond Newspapers* that was specific to criminal proceedings and noted that it is "questionable whether these reasons apply in other contexts." *Id.* It quoted a later concurrence by Justice O'Connor interpreting *Richmond Newspapers* to carry no "implications outside the context of criminal trials." *Id.* (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 611 (1982) (O'Connor, J., concurring)), and it explained that "no Supreme Court case has applied" the analysis from *Richmond Newspapers* "to areas other than criminal proceedings." *Id.*

The Fifth Circuit also emphasized the Supreme Court's longstanding view that there "is no constitutional right to have access to particular government information, or to require openness from the bureaucracy[.]" *Id.* at 784 (quoting *Houchins v. KQED, Inc.*, 438 U.S. 1, 14 (1978)). Rather, the "determination of who should have access to particular government held information and what constitutes a legitimate use of such information is 'clearly a legislative task which the Constitution has left to the political processes.'" *Id.*

Accordingly, the Magistrate Judge correctly interpreted *Calder* as holding that the First Amendment right of access described in *Richmond Newspapers* is limited to the context of criminal proceedings, and does not entitle Plaintiff to the records he seeks here. *See also Gaubert v. Denton*, 1999 U.S. Dist. LEXIS 8207, at *18 (E.D. La. May 28, 1999) ("The Fifth Circuit Court of Appeals has declined to extend the *Richmond* analysis to a civil context.") (citing *Calder*).

---

[1] In *Richmond Newspapers*, the Supreme Court held that "[a]bsent an overriding interest articulated in findings, the trial of a criminal case must be open to the public." 448 U.S. at 581.

4

None of Plaintiff's remaining arguments shows any error in the Magistrate Judge's careful analysis. For instance, Plaintiff discusses "observations about how the First Amendment protects commenting on government affairs and operations," and references what he considers to be the "cancerous growth of the administrative state[.]" Obj. at 3. The observations Plaintiff references, however, do not create a constitutional right to access the records he seeks. On the contrary, the Supreme Court has specifically held that "neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins*, 438 U.S. at 15.

Plaintiff also argues that the First Amendment's text does not provide "grounds for distinguishing criminal from other governmental proceedings." Obj. at 3. But that textual argument is a particularly weak basis on which to claim a right to access government records, given that the relevant portion of the amendment's text refers only to the "freedom of speech" and "of the press." Nothing in the text of the First Amendment supports Plaintiff's asserted right to access DEA records. *See Zemel v. Rusk*, 381 U.S. 1, 17 (1965) ("[T]he right to speak and publish does not carry with it the unrestrained right to gather information.").

Next, Plaintiff cites various decisions from outside the Fifth Circuit. *See, e.g.*, Obj. at 1 ("since *Calder*, other circuits have arrived at different conclusions specifically as to records in administrative proceedings"); *id.* at 3-4 (citing several out-of-circuit decisions). But, of course, Fifth Circuit authority controls here. Indeed, Plaintiff cites only one decision from within the Fifth Circuit as supposedly supporting his argument. That decision, however, did not discuss *Calder* at all and did not involve any claim for access to records held by an administrative agency. *See Doe v. Santa Fe Indep. Sch. Dist.*, 933 F. Supp. 647, 650 (S.D. Tex. 1996). Instead, the court in *Doe* found a First Amendment "right of the public to attend civil trials[.]" *Id.* at 650.

5

Accordingly, the Magistrate Judge properly recommended dismissal of Plaintiff's First Amendment claim.

## II. The Magistrate Judge Correctly Recommended Denial of Plaintiff's Motion for Summary Judgment

Claims three, four, and five in Plaintiff's Fourth Amended Complaint allege that the DEA does not have a properly appointed Chief FOIA Officer. *See* 4th Am. Compl., ECF No. 82, ¶¶ 143-59. The Magistrate Judge recommended dismissal of those claims because Plaintiff lacks standing to bring them. Mem. at 14. He therefore recommended denial as moot of Plaintiff's motion for summary judgment on one aspect of those claims—namely, whether the DEA is an agency under 5 U.S.C. §§ 552(f) and (j). Plaintiff objects to that recommendation.

The Magistrate Judge's ruling is correct. The question of whether DEA is an agency for purposes of 5 U.S.C. §§ 552(f) and (j) relates to Plaintiff's claims regarding the alleged improper lack of a Chief FOIA Officer at DEA. Plaintiff's own briefing on that question makes that clear. *See* ECF No. 86, at 27-35 (arguing that DEA is an "agency" in section of brief addressing "Chief FOIA Officer Claims"). Specifically, Plaintiff argued that DEA is an "agency" under 5 U.S.C. §§ 552(f) and (j) and is therefore required to appoint a Chief FOIA Officer. *See* ECF No. 86, at 27-35. When the Magistrate Judge determined that claims three, four, and five should be dismissed for lack of standing, that necessarily rendered moot Plaintiff's summary judgment motion on the question of whether DEA is an "agency."

Nevertheless, Plaintiff maintains that the question of whether DEA is an "agency" under the FOIA is not moot because it relates to whether DEA is a proper defendant for purposes of claims one and two. Obj. at 6. But Plaintiff never sought summary judgment on claims one and two. As noted, his briefing of the "agency" issue relates only to claims three, four, and five. *See* ECF No. 86, at 27-35. To be sure, Plaintiff briefly mentioned claim one in his reply brief, but that

6

was only to argue that a ruling on whether DEA is an "agency" would determine whether claim one should "be dismissed for lack of jurisdiction." ECF No. 88, at 1. Defendants, however, had not moved to dismiss claim one, so that issue was not before the Court.

Accordingly, the Magistrate Judge properly recommended denial of Plaintiff's summary judgment motion.

### III. The Magistrate Judge Correctly Found that Plaintiff Lacks Standing to Bring Claims Three, Four, and Five

One of Plaintiff's theories of standing for claims three, four, and five is that he has suffered an alleged informational injury. ECF No. 86, at 14-16. The source of that alleged informational injury is that Plaintiff submitted FOIA requests for, *inter alia*, "[e]mails between DEA's Chief FOIA Officer and Administrator Anne Milgram recommending any adjustments to agency practices, policies, personnel or funding to improve FOIA functioning from January 1, 2023 to August 15, 2023" and DEA responded that no such records exist. Obj. at 7. The Magistrate Judge correctly found that Plaintiff's alleged informational injury did not support standing, stating in part:

> Zorn's alleged injury is the denial and delay of responses to his FOIA requests, but his requested relief is to declare that the DOJ and DEA have violated the statute that requires agencies to designate a Chief FOIA Officer. Zorn's requested relief is not *likely* to redress the denials or delays of his FOIA requests or to redress the alleged flaws in DEA's FOIA review process about which Zorn complains.

Mem. at 13-14 (emphasis in original).

That ruling is correct. Informational injury may be shown under FOIA "where an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (citation omitted). Here, Plaintiff does not contend that DEA has withheld any agency records—the requested records do not exist. Instead, Plaintiff essentially argues that the Court should order DEA to appoint a Chief FOIA Officer so that DEA might create *new*

7

records that would be responsive to Plaintiff's future FOIA requests. 4th Am. Compl. ¶ 149 (claiming that his requested records "would exist" if DEA had a Chief FOIA Officer). But FOIA "imposes no duty on an agency to create records." *Rutila v. U.S. Dep't of Transportation*, 72 F.4th 692, 697 (5th Cir. 2023) (quoting *Forsham v. Harris*, 445 U.S. 169, 186 (1980)). In other words, FOIA determinations create concrete informational injury where an agency improperly failed to provide records it was obligated to release under FOIA; it does not establish standing to demand an agency appoint a certain official so that that official may generate releasable records.

Plaintiff takes issue with the Magistrate Judge's statement that "[i]t is mere speculation that any of the documents Zorn requested would have existed if the DEA had a properly designated Chief FOIA Officer." Obj. at 7 (quoting Mem. at 12). According to Plaintiff, responsive records would have existed had a Chief FOIA Officer been appointed because Plaintiff believes the FOIA requires a Chief FOIA Officer to create and maintain certain responsive records. *Id.* Plaintiff's argument does not change the fact that responsive records do not currently exist. Nor does it change the fact that Plaintiff's requested remedy—an order requiring DEA to appoint a Chief FOIA Officer—would not result in the release of those non-existent records.

Finally, Plaintiff is incorrect in claiming that the Magistrate Judge failed to address his "structural standing" and "balkanization" theories. Obj. at 8. Both of those theories are based on the assumptions that Plaintiff is harmed by DEA's FOIA policies, and that DEA would have different FOIA policies if a Chief FOIA Officer was in place. *See* ECF No. 86, at 8 (discussing structural standing theory and arguing that "[w]ith a proper FOIA sheriff in place responsible for implementing FOIA at the agency, as the statute requires, these violations would be less likely to occur") and 17 (discussing balkanization theory and arguing: "[t]his indefensible balkanization situation starts at the top: DEA has no Chief FOIA Officer"). The Magistrate Judge discussed

8

those arguments at length, *see* Mem. at 9-12, and correctly concluded that "Zorn fails to plead sufficient facts to show that causal connection between the DEA's failure to designate a Chief FOIA Officer and the establishment of the policies and procedures to which Zorn objects, much less to his resulting injury," *id.* at 10. Plaintiff also complains that the Memorandum does not discuss each and every case cited in Plaintiff's briefs. Obj. at 8. But there is no requirement that a court do that, particularly where, as here, the decision addresses the substance of the parties' arguments and the key authority on which the parties relied. *See* Mem. at 10-13 (discussing at length Fifth Circuit decisions relied on by Plaintiff).[2]

Accordingly, the Magistrate Judge correctly found that Plaintiff lacks standing to bring claims three, four, and five.

## CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiff's objections to the Memorandum and adopt the recommendations in that Memorandum in full.

DATED: June 18, 2024

Respectfully Submitted,

ALAMDAR HAMDANI
United States Attorney

*s/Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002

---

[2] One of the decisions on which Plaintiff relied to support his structural standing theory— *Alliance for Hippocratic Medicine v. FDA*, 78 F. 4th 210 (5th Cir. 2023)—was recently reversed by the Supreme Court. *See* ECF No. 86, at 9-10; *see also FDA v. Alliance for Hippocratic Medicine*, No. 23-235, 2024 U.S. LEXIS 2604 (Jun. 13, 2024).

                    Tel: (713) 567-9532
                    Fax: (713) 718-3303
                    jimmy.rodriguez2@usdoj.gov

                    BRIAN M. BOYNTON
                    Principal Deputy Assistant Attorney General

                    ELIZABETH J. SHAPIRO
                    Deputy Branch Director

                    *s/Joshua Kolsky*
                    Joshua M. Kolsky
                    Senior Trial Counsel
                    Civil Division, Federal Programs Branch
                    U.S. Department of Justice
                    Texas Bar No. 24092989
                    1100 L Street, NW
                    Washington, DC 20005
                    Tel: (202) 305-7664
                    joshua.kolsky@usdoj.gov

                    ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

     I certify that on June 18, 2024, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

                    *s/ Joshua Kolsky*
                    Joshua Kolsky
                    Senior Trial Counsel

## CERTIFICATE OF WORD COUNT

     I certify that the foregoing document has 2,798 words in Garamond 12-point font, excluding the caption, signature block, this certificate, and certificate of service.