United States District Court
Southern District of Texas
**ENTERED**
August 16, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW C. ZORN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-02396 |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, | § | |
| U.S. DRUG ENFORCEMENT | § | |
| ADMINISTRATION, VANITA GUPTA, | § | |
| MERRICK GARLAND, BOBAK | § | |
| TALEBIAN, AND ANNE MILGRAM, | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the May 21, 2024, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 100). Judge Bray made findings and conclusions and recommended that Defendants' Motion to Dismiss in Part, (Dkt. No. 83), be granted and Plaintiff's Cross-Motion for Summary Judgment on whether the U.S. Drug Enforcement Administration is an Agency under U.S.C. §§ 552(f) and (j), (Dkt. No. 86), be denied.

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On June 4, 2024, Plaintiff filed three objections to Judge Bray's M&R. (Dkt. No. 103). First, Plaintiff objects to Judge Bray's conclusion that the First Amendment's right of access can never apply outside of criminal trials. (*Id.* at 1–5). Second, Plaintiff objects to Judge Bray's denial of Plaintiff's motion for summary judgment as moot. (*Id.* at 5–6). Third, Plaintiff objects to Judge Bray's failure

to address arguments on chief Freedom of Information Act officer standing. (*Id.* at 7–8). On June 18, 2024, Defendants filed a response to Plaintiff's objections. (Dkt. No. 104).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made and reviewed proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court.

It is therefore ordered that: Judge Bray's M&R (Dkt. No. 100) is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(1) Defendant's Motion to Dismiss in Part, (Dkt. No. 83), is **GRANTED**; and

(2) Plaintiff's Cross-Motion for Summary Judgment on whether the U.S. Drug Enforcement Administration is an Agency under U.S.C. §§ 552(f) and (j), (Dkt. No. 86), is **DENIED**.

It is SO ORDERED.

Signed on August 16, 2024.

_____
**D**REW **B. T**IPTON
**UNITED STATES DISTRICT JUDGE**